1  Ali Parvaneh, Esq. (SBN 218320)
2  aparvaneh@madisonlawapc.com
   James Sifers, Esq. (SBN 259105)
3  jsifers@madisonlawapc.com
   Dixon Gardner, Esq. (SBN 213119)
4  dgardner@madisonlawapc.com
5  **MADISON LAW, APC**
   17702 Mitchell North
6  Irvine, California 92614
7  Telephone: (949) 756-9050
   Facsimile: (949) 756-9060
8
9
   Attorneys for Plaintiffs Diana Akkawi, Yasmin Akkawi, Katelyn J. Button, Eric Stell,
10  Steve W. Fox, and Edmond Tarverdian

11          **UNITED STATES DISTRICT COURT**

12          **EASTERN DISTRICT OF CALIFORNIA**

13  DIANA AKKAWI, an individual;          Case No.:
    YASMIN AKKAWI, an individual;        Assigned for all Purposes:
14  KATELYN J. BUTTON, an individual;
15  ERIC STELL, an individual; STEVE W.  **COMPLAINT FOR:**
    FOX, an individual; EDMOND           1. **VIOLATIONS OF DRIVER'S**
16  TARVERDIAN, an individual;              **PRIVACY PROTECTION ACT (18**
                                            **U.S.C. § 2721 *et seq.*)**
17                                        2. **VIOLATIONS OF *CAL. VEH. CODE***
                                            **§ 1808 *et seq.***
18              Plaintiffs,              3. **CONVERSION**
                                         4. **TRESPASS TO PERSONAL**
19  v.                                      **PROPERTY**
                                         5. **INTRUSION INTO PRIVATE**
20                                          **AFFAIRS**
    KASRA SADR, an individual; CAR LAW   6. **NEGLIGENCE**
21  FIRM, a business entity form unknown;  7. **CIVIL CONSPIRACY**
    THE SADR LAW FIRM, a professional    8. **UNJUST ENRICHMENT**
22  law corporation; NATIONWIDE VIN       9. **VIOLATIONS OF FALSE**
    MARKETING, a business entity form        **ADVERTISING LAW (*CAL. BUS. &***
23  unknown; CALIFORNIA DEPARTMENT           ***PROF. CODE* § 17500 *et seq.*)**
24  OF MOTOR VEHICLES, an Agency of       10.**VIOLATIONS OF UNFAIR**
    the State of California; and DOES 1      **COMPETITION LAW (*CAL. BUS. &***
25  through 20, inclusive,                   ***PROF. CODE* § 17200 *et seq.*)**
                                         11.**VIOLATION OF FEDERAL RIGHT**
26                                          **TO PRIVACY**
27              Defendants.             12.**DECLARATORY RELIEF**

28                                        **DEMAND FOR JURY TRIAL**

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

Plaintiffs Diana Akkawi ("Plaintiff Diana"); Yasmin Akkawi ("Plaintiff Yasmin"); Katelyn J. Button ("Plaintiff Button"); Eric Stell ("Plaintiff Stell"); Steve W. Fox ("Plaintiff Fox"); and Edmond Tarverdian ("Plaintiff Tarverdian") hereby submit their Complaint against Defendant Kasra Sadr ("Defendant Sadr"), the Car Law Firm ("Defendant CLF"), The Sadr Law Firm ("Defendant SLF"), Nationwide VIN Marketing ("Defendant VIN"), California Department of Motor Vehicles, an agency of the State of California ("DMV"); and Defendant Does 1 to 20.  Defendant Sadr, Defendant CLF, Defendant SLF, Defendant VIN, and Defendant Does 1 to 20 are referred to collectively as the "Defendants."  The DMV is not included in the definition of "Defendants" since it is only subjected to one cause of action, the Twelfth Cause of Action for Declaratory Relief, and is expected to be a passive litigant.  Plaintiff Diana, Plaintiff Yasmin, Plaintiff Stell, Plaintiff Button, Plaintiff Fox, and Plaintiff Tarverdian are collectively referred to as the "Plaintiffs."

Plaintiffs allege:

## I.   **INTRODUCTION**

This Action arises from Defendants' conspiracy to acquire Plaintiffs' personal and private records from the DMV.  These records contained Plaintiffs' personal information, and which Defendants knowingly obtained, either directly or indirectly working in concert with Does 11 – 20, without Plaintiffs' consent for the purpose of sending Plaintiffs letters to solicit representation for litigation against the sellers of the vehicles that Plaintiffs purchased.  In these letters, Defendants made unproven allegations that the sellers of these vehicles may have committed fraud on Plaintiffs by selling them a vehicle, which may have frame, unibody, structural, or major damage without disclosing this fact.  After using this information to solicit legal representation, Defendants transferred Plaintiffs' personal information to Defendant VIN to sell it to the public online as direct marketing data.  These actions by the Defendants violate the Driver's Privacy Protection Act ("DPPA") at 18 U.S.C. § 2721 *et seq.* and *Cal Veh. Code* § 1808

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

*et seq.* (which requires compliance with the DPPA to disclose DMV information).

The U.S. Congress enacted the DPPA based on concerns about individual states and their agencies selling personal information of drivers registered with these states and their agencies to businesses that used this information to engage in direct marketing and solicitation.  To prevent these practices, the DPPA restricts the ability of states and their agencies to disclose the personal information of a driver without his or her consent. (*Maracich v. Spears* (2013) 570 U.S. 48, 51-58, 66-67.)

For the past several years, Defendants, either directly or indirectly working in concert with Does 11 – 20, acquired from the DMV Plaintiffs' personal information and information about the vehicles they purchased for the purpose of sending letters to solicit Plaintiffs to hire Defendants (except for Defendant VIN) to sue the sellers of these vehicles for not disclosing supposed frame, unibody, structural, or major damage to these vehicles, if such damage existed at the time of purchase.  After soliciting Plaintiffs, Defendants transferred Plaintiff's personal information to Defendant VIN to sell it to the public online.

When Defendants acquired Plaintiffs' personal information, Defendants had not obtained written consent from Plaintiffs and had no permissible purpose under the DPPA to obtain, use, or disclose this personal information.  Marketing and soliciting by an attorney of such personal information is not a permissible purpose under the DPPA according to *Maracich*.  Since Plaintiffs lived in or around the Sacramento and San Diego areas when they received letters from Defendants, it appears that the Defendants knew (or should have known as attorneys or law firms) that their actions to acquire Plaintiffs' personal information violated the DPPA.

When Plaintiffs receive these letters from Defendants, Plaintiffs had no (and never had any) connection with Defendants and were not seeking the services of an attorney to pursue litigation against any vehicle sellers.  Defendants acquired, either directly or indirectly working in concert with Does 11 – 20,  the personal information of drivers registered with the DMV (including Plaintiffs) for the illegal purpose of marketing and

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

soliciting clients for legal representation and then to sell it online to direct marketers and the public.  These actions by Defendants violate the DPPA; *Cal. Veh. Code* §§ 1808.21 and 1808.22; and are an illegal use of Plaintiffs' personal property: their Personal Information (as defined herein).

This lawsuit seeks (1) an injunction protecting the public which would prevent Defendants, and anyone acting in concert with them, including Does 11-20, from acquiring and using personal information of Plaintiffs and any other drivers registered with the DMV without their written consent in the future and (2) to obtain damages and relief as permitted by the causes of action alleged herein.

## II.    THE PARTIES

1.    Plaintiff Diana is an individual who resides in the City of Manteca, County of San Joaquin, California.  At all times material to this lawsuit, Plaintiff Diana had a motor vehicle registered and titled with the DMV and held a California's driver's license.

2.    Plaintiff Yasmin is an individual who resides in the City of Manteca, County of San Joaquin, California.  At all times material to this lawsuit, Plaintiff Yasmin had a motor vehicle registered and titled with the DMV and held a California's driver's license.

3.    Plaintiff Button is an individual that resided in the County of San Diego, California.  She currently resides in Pahrump, Nevada.  At all times material to this lawsuit, Plaintiff Button resided in the County of San Diego, California and had a motor vehicle registered and titled with the DMV and held a California's driver's license.

4.    Plaintiff Stell is an individual who resides in the City and County of San Diego, California.  At all times alleged in the Complaint, Plaintiff Stell resided in the County of San Diego, California.  At all times material to this lawsuit, Plaintiff Stell had a motor vehicle registered and titled with the DMV and held a California's driver's license.

5.    Plaintiff Fox is an individual that resides in the City of Chula Vista, California, County of San Diego.  At all times material to this lawsuit, Plaintiff Fox had a

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

motor vehicle registered and titled with the DMV and held a California's driver's license.

6.      Plaintiff Tarverdian is an individual that resides in the City of Glendale, California, County of Los Angeles.  At all times material to this lawsuit, Plaintiff Tarverdian had a motor vehicle registered and titled with the DMV and held a California's driver's license.

7.      Defendant Sadr is an individual and a lawyer licensed with the State of Bar of California since December 1, 1996, with Bar Number 183765.  At the calbar.org website as of March 12, 2020, Defendant Sadr lists his contact information as: "The Sadr Law Firm, APLC, 1455 Frazee Rd Ste 500, San Diego, California 92108-4350" with "Phone Number: (877) 577-7237," "Fax Number: (877) 747-3297," and "Email: k.sadr@carlawfirm.com."

8.      Defendant CLF is a business entity form unknown with a business address of 1455 Frazee Rd Ste 500, San Diego, California 92108-4350 with a phone number of (877) 577-7237, a fax number: (877) 747-3297, website of www.carlawfirm.com, and email of "admin@carlawfirm.com."  The letters sent by the Defendants to each of Plaintiffs states "Car Law Firm, an Association of Independent Law Firms and Attorneys."  The website of Defendant CLF states it is a professional corporation listed as "Car Law Firm, APLC."  The website states Defendant CLF has a toll-free number of (877) 577-7237 and has offices in Los Angeles, San Francisco, San Diego, and Dallas.  The website states the mailing address of its Dallas' office is 325 N. St. Paul Street, Suite 3100, Dallas, Texas 75201.

9.      Defendant SLF is a California professional corporation with a business address of 1455 Frazee Rd Ste 500, San Diego, California 92108 with a phone number of (619) 233-8460, a fax number: (877) 747-3297, and website of www.sadrlaw.com.  The website of Defendant SLF does not have an email address for it.

10.     Defendant VIN is a business entity form unknown.  Defendant VIN has a website at www.nationwidevinmarketing.com, which states Defendant VIN's email is nationawidevinmarketing@gmail.com and to contact "David at 858-525-3350 for more

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

1   information" on purchasing vehicle identification numbers and registered vehicle owners'

2   names and addresses from public records.  The telephone area code "858" services the

3   City of San Diego and the north San Diego County cities of Poway, La Jolla, Del Mar,

4   and Solana Beach.

5       11.   The DMV is a California governmental agency operating in the State of

6   California and responsible for maintaining the records Defendants' accessed as alleged

7   herein.

8

9   ## III.   SUBJECT MATTER JURISDICTION

10      12.   Under 28 U.S.C. § 1331, this Court has subject matter jurisdiction over

11  Plaintiffs' Cause of Action Number 1 for Defendants' violation of the DPPA under 18

12  U.S.C. § 2724(a); Cause of Action Number 11 for the Defendants' violation of the

13  Plaintiffs' Federal Right to Privacy under the *U.S. Const.* and federal common law; and

14  Cause of Action 12 for Declaratory Relief under 28 U.S.C. § 2201.

15      13.   This Court has supplemental jurisdiction over Plaintiff's claims (i.e. Causes

16  of Action Numbers 2 to 10) arising under the laws of the State of California (i.e. except

17  for the DPPA, Federal Right of Privacy, and Declaratory Relief claims, the claims in this

18  Complaint are based on California law) under 28 U.S.C. § 1367(a) because these

19  California-law claims are so related to Plaintiff's claims under the DPPA, Federal Right

20  of Privacy, and Declaratory Relief the California claims that these claims form part of the

21  same case or controversy and derive from a common nucleus of operative fact: the same

22  facts that Defendants used Plaintiffs' personal information in violation of the DPPA and

23  California law as alleged herein are the basis for the California law claims (i.e. Causes of

24  Action Numbers 2 to 10).

25

26  ## IV.   PERSONAL JURISDICTION

27      14.   Defendants have minimum contacts with California, and in particular

28   the County of San Joaquin, by doing business here. (See Exhibits "4," "6," "7," and "9.")

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

Defendants conducted (and conduct) business in San Joaquin County by sending letters to solicit business from Plaintiff Diana and Plaintiff Yasmin, who reside in San Joaquin County (see their addresses at Exhibits "6," "7," and "9") and by Defendant VIN directing its website to residents of San Joaquin County to purchase the information of vehicle owners (including the personal information of Plaintiff Diana and Plaintiff Yasmin). (See Exhibit "4.")  As a result, it is permissible that this Court exercise personal jurisdiction (under both general jurisdiction and specific jurisdiction) over the Defendants in this lawsuit in the Eastern District of California.  Specifically, Defendants and their agents have purposefully availed themselves of the privilege of conducting business and other activities in this Court's forum to subject the Defendants to the personal jurisdiction of this Court as required by *Omeluk v. Langsten Slip & Batbyggeri A.S* (9th Cir. 1995) 52 F.3d 267, 270.

## V.   VENUE

15.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(2) and (g) because a substantial part of the events giving rise to Plaintiff's claims occurred in the Eastern District of California.  Defendants conducted (and conduct) business in San Joaquin County by sending letters to solicit business from the Plaintiff Diana and Plaintiff Yasmin, who reside in San Joaquin County (see their addresses at Exhibits "6," "7," and "9") and by Defendant VIN directing its website to residents of San Joaquin County to purchase the information of vehicle owners (including the personal information of Plaintiffs Diana and Yasmin). (See Exhibit "4.")

## VI.   FACTS COMMON TO ALL CLAIMS
### DPPA Prohibits Disclosing A Driver's Personal Information In DMV Records

16.    Congress passed the DPPA in response to concerns by individuals over the states' motor vehicle departments practice of selling their personal information to businesses to exploit as marketing lists, especially in direct marketing and soliciting

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

businesses.  Before the DPPA, third parties routinely purchased the personal information of a state's motor vehicle data base to access driver's personal information and resold it to these businesses.  Congress passed the DPPA to prevent a state from disclosing a driver's personal information without the driver's consent. (*Maracich* at 56-58, 66-67.) California passed a similar law modeled after the DPPA in *Cal. Veh. Code* § 1808.21, which prevents the disclosure of a driver's personal information unless permitted by the DPPA.  Both statutes provide for civil penalties for their violations.  DPPA Section 2724(a) states that a "person who knowingly obtains, discloses or uses personal information, from a motor vehicle record for a purpose not permitted … shall be liable to the individual to whom the information pertains…"

17.     To obtain a driver's license or to register a motor vehicle with the DMV, an individual must disclose his or her personal information, such as name, address, phone number, birth date, social security number, medical information, and vehicle descriptions and photographs.  The DMV motor vehicle records include motor vehicle operator's permits, motor vehicle titles, motor vehicle registrations, or identification cards issued by the DMV.  Drivers and vehicle owners are required to supply such personal information when they obtain permits, licenses, titles, and registrations.  Thus, drivers entrust this information to the DMV who is obligated to protect it absent a third party's legitimate need for the same.

18.     The DPPA at Section 2725(3) defines "Personal Information" as "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status."

19.     The DPPA at Section 2725(1) defines a "motor vehicle record" as "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle, registration, or identification card issued by a department of motor vehicles."

20.     The DPPA Section 2721(b) states the permissible uses (i.e. exemptions to

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 … Fax (949) 756-9060

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

nondisclosure) of a driver's Personal Information.  One of the exemptions for disclosure of Personal Information of a driver is DPPA Section 2721(b)(4):  "For use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court."

21.     *Maracich* holds that the DPPA Section 2721(b)(4) exemption does not permit the disclosure of a driver's Personal Information for communications by an attorney to a potential client wherein their predominant purpose is to solicit legal services.  There is no other provision of the DPPA that permits the acquisition and disclosure or use of a driver's Personal Information for marketing or solicitation purposes, including the marketing or solicitation or advertising of legal services.

**Defendants Systematically Acquired Personal Information Of Vehicle Owners Registered With The DMV To Solicit Potential Clients (i.e. Plaintiffs) And Sell This Information To The Public**

22.     Defendant Sadr is a lawyer admitted to practice law in the State of California.  He is connected and works for two law firms:  Defendant CLF and Defendant SLF.  The website for Defendant CLF states "Did a car dealer sell you a prior wreck? They happen, often unknown."  Further, this website states Defendant CLF "is an association between independent law firms and attorneys all across California and Texas and focuses solely on dealer fraudulent activities." (See Exhibit "1" for a copy of Defendant CLF's website as of February 28, 2020.)  One of the independent attorneys working for and/or with Defendant CLF is Defendant Sadr; and one of the independent law firms working for and/or with Defendant CLF is Defendant SLF.  Defendant Sadr uses an email k.sadr@carlawfirm.com and lists on his California Bar information that he works for Defendant SLF. (See Exhibit "2" for a copy of Defendant Sadr's information as of March 25, 2020 at http://members.calbar.ca.gov/fal/Licensee/Detail/183765.)  Defendant Sadr, Defendant CLF, and Defendant SLF all share the same address in the

City of San Diego and the same fax number. (See Exhibit "3" for a copy of the website of Defendant SLF as of March 12, 2020.)

23.     Plaintiffs are informed, believe, and thereon allege that Defendant VIN is the depository of the Personal Information on vehicle owners (such as Plaintiffs) that Defendant Sadr routinely obtains as a requestor from the DMV or indirectly from third parties working in concert with Defendant Sadr (Does 11-20).  Defendant VIN's website states it is the "nations only targeted Marketing List to vehicle owners" and it has the "largest public database to associate any VIN (Vehicle Identification Number) to your desired criteria" to market to owners of "specific vehicles."  The website has three products of VINs.  The first product is the exclusive right to market to a certain VIN.  The second product is to market to a registered owner name from public records.  The third product is an address associated with a name from public records.  The pricing is $50 per VIN and lower for volume discounts.  Finally, Defendant VIN provides a San Diego County area code of 858 to request potential customers call to speak with David to negotiate terms for each VIN. (See Exhibit "4" for Defendant VIN's website as of March 12, 2020.)

24.     To obtain Plaintiffs' Personal Information (such as their names, addresses, and vehicle owned), Plaintiffs are informed, believe, and thereon allege that Defendant Sadr, or third parties acting in concert with him (Does 11-20), used the login from a California-licensed vehicle dealer to access private, third party closed auction websites such as Manheim and Adesa, to gather data on, among others, Plaintiffs' vehicles at around the time they were sold at auction with announced frame damage, structural damage, unibody damage, frame alteration, unibody alteration, and/or structural alteration.  Plaintiffs are informed, believe, and thereon allege that Defendant Sadr obtained a license for a vehicle registration service in or about 2015 to access the DMV database to obtain this same and/or similar information about vehicle owners (including the Plaintiffs).  Plaintiff are informed, believe, and thereon allege that Defendant Sadr also uses third parties who have access to the DMV's records via claims of exemptions

noted in *Cal. Veh. Code* §§ 1808.22 and 1808.23 (Does 11-20).  From these access methods, Defendant Sadr obtained the VIN for each such vehicle.  Defendant Sadr, or third parties acting in concert with him, then found an active lawsuit involving the seller of such a vehicle and falsely wrote the lawsuit's case number on the Attorney's Information Request on DMV Form 1161E ("Attorney's Information Request") as the case for which he was making the information request for the vehicle owner's Personal Information (i.e. the name and mailing address of the owner) to supposedly investigate this lawsuit.   Defendant Sadr then submitted the Attorney's Information Request with the false lawsuit information to the DMV and falsely stated the purpose of his request was to "Seeking witnesses to a pattern and practice of fraud, misrepresentation, and statutory violations (Unfair Practices Act, CLRA, etc.) related to the retail sale of automobiles by a licensed CA dealer."

25.    Plaintiffs are informed, believe, and based thereon allege that in addition to directly seeking personal information from the DMV via the methods described herein, Defendant Sadr also utilizes authorized requestors to improperly request personal information for VINs Defendants have gathered.  These third parties (Does 11-20) then transfer the personal information to Defendants.

26.    After Defendant Sadr received the completed Attorney's Information Request, he prepared marketing and solicitation letters and sent them to Plaintiffs (as owners of these vehicles) on behalf of himself, Defendant CLF, and Defendant SLF.  Each letter states "this letter is written to you as a specific advertisement and solicitation for your business." (See Exhibits "5-7", "9-11", "16-17.")

27.    The foregoing process performed by Defendant Sadr to obtain Plaintiffs' Personal Information and to solicit them for business is a violation of the DPPA and *Cal. Veh. Code* § 1808.22 because each of the Attorney's Information Requests that Defendant Sadr submitted to the DMV for each of the vehicles owned by Plaintiffs does not pertain to the any existing lawsuit involving any of Plaintiffs and their vehicles, but is solely done for the purposes of a solicitation campaign for new clients.

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

28.     Plaintiffs requested and have obtained 308 Attorney's Information Requests sent by Defendant Sadr to the DMV in the last few years.  In these 308 requests, Defendant Sadr alleged falsely that each of the VINS in each request were involved in a lawsuit and he needed the Personal Information of the vehicle owner to investigate causes of action for this lawsuit.  As a result, almost all of 308 of these requests by Defendant Sadr are violations of the DPPA.  These are only the direct requests.  Plaintiffs are informed, believe, and based thereon allege that many more indirect requests have been made through Does 11-20 which have been obtained for the same improper purpose.

29.     The facts are Defendant Sadr submitted Attorney's Information Requests for 171 vehicles (and the Personal Information of their owners) for a lawsuit entitled *Freddie Murillo v. Paul Blanco's Good Car Company et al.* in the Sacramento County Superior Court for Case Number 34-2016-00189184 (filed on or about January 15, 2016) when this lawsuit only involved one car: a used 2011 Honda Accord with VIN 1HGCP2F32BA02776. (See Exhibit 12 for the complaint filed in the *Murillo* lawsuit. See Exhibit 13 for a sample of five Attorney's Information Requests from the 171 requests sent by Defendant Sadr to the DMV.  None of the 171 requests are for the 2011 Honda Accord in the *Murillo* lawsuit.)

30.     In the lawsuit *Terrazas v. First Choice Auto Center Inc.* filed on or about November 9, 2016 in the Orange County Superior Court, Defendant Sadr submitted 77 separate Attorney's Information Requests for the Personal Information of these vehicle owners when this lawsuit only involved a breach of a settlement agreement over one vehicle: a used 2007 Nissan Altima 4C with VIN 1N4AL21E17N419205. (See Exhibit 14 for the complaint filed in the *Terrazas* lawsuit.  See Exhibit 15 for a sample of five Attorney's Information Requests from the 77 requests sent by Defendant Sadr to the DMV.  None of these requests are for the 2007 Nissan Altima 4C in the *Terrazas* lawsuit.)

31.     In summary, Defendant Sadr submitted 248 separate Attorney's Information Requests to the DMV for their owners' Personal Information when only two vehicles

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

were at issue in the *Murillo* and *Terrazas* lawsuits. Defendant Sadr used seven other lawsuits (other than the *Murillo* and *Terrazas* lawsuits) to make 60 Attorney's Information Requests for the Personal Information for these 60 vehicle owners from the DMV. In other, words, Defendant Sadr falsely used each of these seven lawsuits as cover to obtain this information from the DMV in an average of over 8 requests per lawsuit.

32. Defendant Sadr, Defendant CLF, and Defendant SLF sent Plaintiff Stell and Plaintiff Button a letter dated October 2018, to solicit them as potential clients for a lawsuit about alleged structural damage to their 2013 Hyundai Accent with VIN KMHCT5AE3DU106612. The face of the envelope that contained this letter is marked in red bold type "Re: Frame Damage to Your 2013 HYUNDAI ACCENT" and "AUCTION ANNOUNCED FRAME/UNIBODY DAMAGE" in English and Spanish. (Exhibit "5.")

33. Defendant Sadr, Defendant CLF, and Defendant SLF sent Plaintiff Yasmin a letter dated November 2019, to solicit her as a potential client for a lawsuit about alleged structural damage to her 2017 KIA Sorrento with VIN 5XYOGDA52HG201786. Plaintiffs are informed and believe and thereon allege that the face of the envelope that contained this letter is marked in red bold type "Re: Frame Damage to Your 2017 KIA SORRENTO" and "AUCTION ANNOUNCED FRAME/UNIBODY DAMAGE" in English and Spanish. (Exhibit "6.")

34. Defendant Sadr, Defendant CLF, and Defendant SLF sent Plaintiff Diana a letter dated December 2019, to solicit her as a potential client for a lawsuit about alleged frame damage to her 2015 Chevrolet Trax with VIN 3GNCJNSB3FL235663. Plaintiffs are informed and believe and thereon allege that the face of the envelope that contained this letter is marked in red bold type "Re: Frame Damage to Your 2015 CHEVROLET TRAX" and "AUCTION ANNOUNCED FRAME/UNIBODY DAMAGE" in English and Spanish. (Exhibit "7.")

35. On or about March 16, 2020, Defendant CLF sent a letter (signed by Defendant Sadr) to Plaintiff Button to state that Defendant Sadr and Defendant CLF only

obtained Plaintiff Button's name, address, and vehicle information that she identified in her letter.  It stated Defendant Sadr and Defendant CLF purchased her information in a marketing list without identifying who was the list's seller.  The letter ended by stating that Plaintiff Button would not receive any more solicitation letters from Defendant Sadr (and his law firm Defendant SLF) and Defendant CLF unless she ended up on another marketing list that they purchased. (Exhibit "8.")

36.     On or about March 18, 2020, Defendant Sadr, Defendant CLF, and Defendant SLF sent another letter to Plaintiff Diana (see Exhibit "9") that was identical to the letter that these defendants sent Plaintiff Diana in October of 2019. (See Exhibit "7.")  The face of the envelope that contained this letter (at Exhibit "9") is marked in red bold type "Re: Frame Damage to Your 2015 CHEVROLET TRAX" and "AUCTION ANNOUNCED FRAME/UNIBODY/MAJOR DAMAGE" in English and Spanish.

37.     On or about April 19, 2020, Defendant Sadr, Defendant CLF, and Defendant SLF sent another letter to Plaintiff Yasmine (see Exhibit "10") that was identical to the letter that these defendants sent Plaintiff Yasmine in November of 2019. (See Exhibit "6.")  The face of the envelope that contained his letter at Exhibit "10" is marked in red bold type "Re: Frame Damage to Your 2015 KIA SORRENTO" AND "AUCTION ANNOUNCED FRAME/UNIBODY/MAJOR DAMAGE" in English and Spanish.

38.     Defendant Sadr, Defendant CLF, and Defendant SLF sent Plaintiff Fox a letter dated in May 2019, to solicit him as a potential client for a lawsuit about alleged frame damage to his 2007 Toyota Camry 4C with VIN JTNBB46K973030041.  The face of the envelope that contained this letter is marked in red bold type "Re: Frame Damage to Your 2015 CHEVROLET TRAX" and "AUCTION ANNOUNCED FRAME/UNIBODY/MAJOR DAMAGE" in English and Spanish. (See Exhibit "11.")

39.     Defendant Sadr, Defendant CLF, and Defendant SLF sent Plaintiff Tarverdian a letter dated in December 2019, to solicit him as a potential client for a lawsuit about alleged frame damage to his 2014 Volkswagen Jetta 4C with VIN 3VW2K7AJXEM302528.  Plaintiffs are informed and believe and thereon allege that the

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

face of the envelope that contained this letter is marked in red bold type "Re: Frame Damage to Your 2014 VOLKSWAGEN JETTA 4C" and "AUCTION ANNOUNCED FRAME/UNIBODY DAMAGE" in English and Spanish. (Exhibit "16.")

40.     On or about March 19, 2020, Defendant Sadr, Defendant CLF, and Defendant SLF sent another letter to Plaintiff Tarverdian (see Exhibit "17") that was identical to the letter that these defendants sent Plaintiff Tarverdian in December 2019. (See Exhibit "16.")  Plaintiffs are informed and believe and thereon allege the face of the envelope that contained his letter at Exhibit "17" is marked in red bold type "Re: Frame Damage to Your 2015 KIA SORRENTO" AND "AUCTION ANNOUNCED FRAME/UNIBODY/MAJOR DAMAGE" in English and Spanish.

41.     Each of these letters (Exhibits "5-7," "9-11," and "16-17" ) to Plaintiffs contain false statements (or statements under which these Defendants had no reasonable basis to make) made by Defendant Sadr, Defendant CLF, and Defendant SLF, such as: (a) the vehicle has frame, unibody, structural, or major damage  that was not disclosed to them by the seller; (b) the vehicle may be unsafe to drive and/or operate because of this damage; (c) the vehicle may be worth less than its purchase price paid (without Defendants knowing what price was paid); (d) there would be no cost to any of Plaintiffs as prospective clients to sue the seller of their vehicle to them even though they would be at risk for paying the seller's legal fees and costs as the prevailing party in any unsuccessful lawsuit under a contract and/or statute; and (f) Plaintiffs as prospective clients would be entitled to damages or a refund from their vehicle seller.  Each of the envelopes that contain these letters falsely state, on their face in bold red type: "Re: Frame Damage to Your 2015 CHEVROLET TRAX" and "AUCTION ANNOUNCED FRAME/UNIBODY/[MAJOR] DAMAGE" in English and Spanish when Defendants had no basis to make such allegations.  These envelopes contain this type to induce fear into each of the Plaintiffs that their vehicle at issue was damaged even though Defendants did not know this when the envelopes were stamped with this statement.

42.     Each of these letters (Exhibits "5-7," "9-11," and "16-17") made these

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

foregoing misrepresentations to Plaintiffs when the Defendants did not know: (a) what was disclosed by the seller of each vehicle at issue to each of the Plaintiffs at the time when Plaintiffs purchased their vehicle; (b) the extent of any frame, unibody, structural, or major damage to any vehicle owned by Plaintiffs; (c) whether this damage made the vehicle unsafe to drive and/or operate; (d) whether any of Plaintiffs' vehicles were worth less than their purchase price; (e) whether there would be any costs and risks to any of the Plaintiffs as prospective clients to sue the seller of their vehicle, such as Plaintiffs would be at risk for paying the seller's legal fees and costs as the prevailing party in any unsuccessful lawsuit under a contract and/or statute; and (f) whether Plaintiffs as prospective clients would be entitled to damages or a refund from their vehicle seller. Further, the envelopes Defendants sent to Plaintiffs with these letters falsely stated in bold red type "Re: Frame Damage to Your 2015 CHEVROLET TRAX" and "AUCTION ANNOUNCED FRAME/UNIBODY/[MAJOR] DAMAGE" in English and Spanish when Defendants had no basis to make such allegations.  These envelopes contain this type to induce fear into each of the Plaintiffs that their vehicle at issue was damaged even though Defendants did not know this when the envelopes were stamped with this statement.

43.     Defendant Sadr has been practicing law since December 1, 1996.  Defendant SLF was formed in 2009.  Plaintiffs are informed, believe, and thereon allege that Defendant CLF was created before 2013.  The *Maracich* decision by the U.S. Supreme Court was issued on or about June 17, 2013.  Defendant Sadr, Defendant CLF, and Defendant SLF (as experienced attorneys or law firms in vehicle damage cases) knew or were reckless in not knowing the letters they sent to Plaintiffs to solicit business were prohibited (i.e. not permissible use of Plaintiffs' Personal Information) by the DPPA under *Maracich* and *Cal. Veh. Code* §§ 1808.21 and 1808.22.

44.     Plaintiffs are informed, believe, and based thereon allege that Defendants have undertaken a business model by which they have profited and sought to profit from the use of the information obtained from the DMV through their improper collection and

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

use of California consumer's private contact information.  This business model has a negative impact on California's right to privacy protections in that it undermines both state and federal law as it relates to the safeguarding of DMV records.  To carry out this business model, each of the Defendants agree to violate knowingly the DPPA under *Maracich* and *Cal. Veh. Code* §§ 1808.21 and 1808.22 in a conspiracy to acquire the Personal Information of Plaintiffs (and other persons with records kept by the DMV) first for the purpose of soliciting legal services (by Defendant Sadr, Defendant CLF, and Defendant SLF) and then to sell this information (by Defendant VIN) for the purpose of direct marketing.

45.     Plaintiffs are informed, believe, and based thereon allege that Defendants have wrongfully profited from the use of their illegally obtained confidential information on Plaintiffs and other California consumers from the DMV.

### First Cause Of Action
### Violation of the Driver's Privacy Protection Act 18 U.S.C. § 2721 et seq.
(By Plaintiffs against all Defendants excluding the DMV)

46.     Plaintiffs repeat and incorporate by this reference each and every allegation set forth in Paragraphs 1 to 45 above.

47.     The DPPA at 18 U.S.C. § 2722 makes it "unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under [DPPA] Section 2721(b)."  DPPA Section 2725(3) defines what is "personal information" (which is defined in this Complaint as "Personal Information").

48.     The DPPA at 18 U.S.C. § 2724(a) states that a "person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, or a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains."  DPPA Section 2725(a) defines what is a "motor vehicle record."

49.     Defendants, either directly or indirectly through Does 11-20, illegally

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

obtained Plaintiffs' Personal Information from the DMV in violation of the DPPA for the express purposes of (1) using and disclosing Plaintiffs' Personal Information to prepare and send the letters at Exhibits "5-7," "9-11," and "16-17" to solicit Plaintiffs as potential clients for legal representation; and (2) selling this information to the public for direct marketing.  The marketing of legal services by Defendant Sadr, Defendant CLF, and Defendant SLF is not a permitted use of Plaintiffs' Personal Information under the DPPA at 18 U.S.C. § 2721(b).  These Defendants have no permissible purpose under the DPPA (18 U.S.C. § 2722(a) or 2721(b)) to obtain Plaintiffs' Personal Information from the DMV and to use it for marketing legal services to Plaintiffs and then selling this information to direct marketers.  Defendant Sadr, Defendant CLF, and Defendant SLF admitted in their letter to Plaintiff Button at Exhibit "8" that these defendants regularly buy marketing lists derived from motor vehicle records (that are protected by the DPPA from disclosure) as part of their ongoing solicitation of potential clients for their law firms, which is prohibited under the DPPA according to *Maracich*.  Defendant Sadr, Defendant CLF, and Defendant SLF falsely stated in this letter that these defendants used Ms. Button's personal information for a "one-time use".  The facts are that Exhibits "6" and "9" establish that Defendant Sadr, Defendant CLF, and Defendant SLF sent Plaintiff Diana two solicitation letters; and Exhibits "7" and "10" establish that these defendants sent Plaintiff Yasmine two solicitation letters.  In short, these defendants used the personal information of Plaintiffs Diana and Yasmine twice to solicit legal business from them.

50.    After Defendant Sadr, Defendant CLF, and Defendant SLF used Plaintiffs' Personal Information as described above, they provided this information to Defendant VIN to keep in its database to sell to prospective direct marketers that sought to use this information to market services/products to Plaintiffs, just as Defendant VIN described in its website. (See Exhibit "4.")  This business of Defendant VIN also violates DPPA. (18 U.S.C. §§ 2722 and 2724(a).)

51.    Defendants, either directly or indirectly through Does 11-20, knowingly

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

obtained Plaintiffs' Personal Information from the DMV (and other marketing list vendors) in violation of the DPPA and knew they had no permissible use of this information under the DPPA.  Further, Defendants knew that Plaintiffs had never authorized the Defendants to disclose any of their Personal Information at issue.  In fact, Defendants have knowingly acted in an agreement as part of a conspiracy to violate the DPPA to conduct prohibited business: the use, purchase, and sale of Plaintiffs' Personal Information for marketing and solicitation of legal services and to direct marketers.  The DPPA was enacted to prevent this disclosure of Plaintiffs' Personal Information as described herein.

52.     To prevent Defendants from violating the DPPA as alleged herein, Plaintiffs request the Court to enter preliminary and permanent injunctive relief to prevent the Defendants from doing so in the future and to have Defendants identify under oath all manners of how they used the Plaintiffs' Personal Information submitted to the DMV since Plaintiffs do not have an adequate remedy at law.  For Defendants' past violations of the DPPA, Plaintiffs will request actual and statutory damages under the DPPA of not less than $2,500 for each violation of the DPPA by Defendants; and request punitive damages for Defendants' willful violations of the DPPA; and will seek an award of reasonable attorney's fees and costs under the DPPA and other applicable authority, including *Cal. Code Civ. Proc.* § 1021.5.

**Second Cause Of Action**

**Violations of Vehicle Code § 1808 *et seq.***

(By Plaintiffs against all Defendants excluding the DMV)

53.     Plaintiffs repeat and incorporate by this reference each and every allegation set forth in Paragraphs 1 to 52 above.

54.     California passed *Cal. Veh. Code* § 1808 *et seq.* to prevent third parties from accessing the personal information of drivers and vehicle owners kept by the DMV. *Cal. Veh. Code* § 1808(e) states: "The department [i.e. the DMV] shall not make

available or disclose personal information about a person unless the disclosure is in compliance with the Driver's Privacy Protection Act of 1994 (18 U.S.C. Sec. 2721 et seq.)."

55.    *Cal. Veh. Code* § 1808.21(a) states: "Any residence address in any record of the department is confidential and shall not be disclosed to any person, except a court, law enforcement agency, or other government agency, or as authorized in Section 1808.22 or 1808.23."

56.    *Cal. Veh. Code* § 1808.21(d) states that:

Section 1808.21 does not apply to an attorney if the attorney states, under penalty of perjury, that the motor vehicle or vessel registered owner or driver residential address information is necessary in order to represent his or her client in a criminal or civil action that directly involves the use of the motor vehicle or vessel that is pending, is to be filed, or is being investigated.   Information requested pursuant to this subdivision is subject to all of the following:

(1)  The attorney shall state that the criminal or civil action that is pending, is to be filed, or is being investigated relates directly to the use of that motor vehicle or vessel.

(2)  The case number, if any, or the names of expected parties to the extent they are known to the attorney requesting the information, shall be listed on the request.

(3)  A residence address obtained from the department shall not be used for any purpose other than in furtherance of the case cited or action to be filed or that is being investigated.

(4)  If an action is not filed within a reasonable time, the residence address information shall be destroyed.

(5)  An attorney shall not request residential address information pursuant to this subdivision in order to sell the information to a person.

(6)  Within 10 days of receipt of a request, the department shall notify

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

1    every individual whose residence address has been requested pursuant to this

2    subdivision.

3        57.    *Cal. Veh. Code* § 1808.21(a) prohibits the disclosure of the residence

4    address of any record kept by the DMV unless an exception exists to do so.  As alleged

5    herein, the dominant purpose of Defendant Sadr, Defendant CLF, and Defendant SLF,

6    either directly or indirectly through Does 11-20, in accessing Plaintiffs' Personal

7    Information (i.e. their name, address, and ownership of vehicle) from the DMV (and/or

8    third party vendors with this information about Plaintiffs) was to solicit clients with

9    whom they did not have a prior relationship with for legal representations and then to sell

10   this information to direct marketers through Defendant VIN.  These are not valid

11   exceptions for these Defendants as lawyers, law firms, or marketers to access Plaintiffs'

12   Personal Information under *Cal. Veh. Code* §§ 1808.21 and 1808.22(d) and the DPPA.

13   Further, when Defendants (in particular Defendant Sadr) requested Plaintiffs' Personal

14   Information from the DMV (and/or purchased this information from third party vendors

15   including Does 11-20) to enable them to write the letters to Plaintiffs at Exhibits "5-7,"

16   "9-11," and "16-17," Defendants did not have any grounds under *Cal. Veh. Code* §

17   1808.22(d) to request Plaintiffs' Personal Information from the DMV because: (a) none

18   of Plaintiffs were involved in any litigation and had no plans to engage in litigation over

19   the purchase and/or use of their vehicle; and (b) none of Plaintiffs had expressly

20   consented to the DMV to disclose their Personal Information to the Defendants.  *Cal.*

21   *Veh. Code* §§ 1808.21(a) and 1808.22(d)(5) prevented Defendant Sadr, Defendant CLF,

22   and Defendant SLF from providing and/or selling Plaintiffs' Personal Information to

23   Defendant VIN for resale to the public.  *Cal. Veh. Code* §§ 1808.21(a) and 1808.22(d)(5)

24   prevented Defendant VIN from obtaining Plaintiffs' vehicles' VINs from Defendant

25   Sadr, Defendant CLF, and Defendant SLF and prevented Defendant VIN from selling,

26   transacting, or otherwise disclosing these VINs to the public.

27       58.    Plaintiffs have no adequate remedy at law for the Defendants' violations of

28   *Cal. Veh. Code* §§ 1808.21(a) and 1808.22(d)(5) and request injunctive relief against the

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

1    Defendants, and anyone acting in concert with them including Does 11-20, to prevent

2    them from violating these statutes in the future.  Plaintiffs request their attorneys' fees

3    and costs for bringing this cause of action to enforce these *Vehicle Code* statutes against

4    the Defendants under *Cal. Code Civ. Proc.* §§ 1021 and 1021.5.

5

6                          **Third Cause Of Action**

7                                **Conversion**

8                   (By Plaintiffs against all Defendants excluding the DMV)

9         59.    Plaintiffs repeat and incorporate by this reference each and every

10   allegation set forth in Paragraphs 1 to 58 above.

11        60.    Plaintiffs are the owners of their Personal Information – which is Plaintiffs'

12   personal property -- that they submitted to the DMV and have a reasonable expectation

13   that the DMV keeps their information confidential from the public, especially when the

14   DPPA and the *Cal. Veh. Code* § 1808 *et seq.* both state this information is to be private

15   and confidential from the public.  When Defendants' obtained Plaintiffs' Personal

16   Information (whether Defendants obtained the information from the DMV directly or

17   through a third party vendor as alleged by Defendant Sadr at Exhibit "8" including Does

18   11-20), Defendants illegally interfered with Plaintiffs' rights in their personal property,

19   which is to have the DMV keep this property confidential and private and not to be used

20   for any purposes other than for complying with DMV information requirements and

21   permitted used under the DPPA and *Cal. Veh. Code* § 1808 *et seq.*

22        61.    Defendants intentionally and unlawfully exercised dominion over Plaintiffs'

23   personal property by obtaining Plaintiffs' Personal Information from the DMV or from

24   third parties such as Does 11-20 (who had obtained this information illegally from the

25   DMV), and by using this information to solicit business from Plaintiffs and to sell to the

26   public as direct marketing lists.

27        62.    Defendants engaged in their intentional unlawful dominion over Plaintiffs'

28   personal property without Plaintiffs' consent.  Defendants' conduct directly and

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

proximately caused Plaintiffs to suffer damages to their property, including but not limited to loss of privacy to Plaintiffs' Personal Information and the loss of Plaintiffs' control over this information, which is now in the marketplace and is used by third parties to contact Plaintiffs without their consent. The amount of these damages shall be proved at trial. Defendants' wrongful conduct should be enjoined with an order that Defendants refrain from committing further acts of converting Plaintiffs' personal property because Plaintiffs do not have an adequate remedy at law to stop the Defendants from using their Personal Information.

63.    Defendants' interference with Plaintiffs' personal property did not occur as a mere oversight, innocent lapse of judgment, or basic negligence. Defendants' conduct was intentional and with willful knowledge of the consequences. Defendants demonstrated their reckless disregard for the injury and damages that their conduct would have – and has – caused. Defendants demonstrated complete disrespect for the harm caused to Plaintiff. The fact that Defendants had the knowledge and recklessly disregarded Plaintiff's rights entitles Plaintiff to punitive and exemplary damages in an amount to be proven at the time of the trial.

### Fourth Cause Of Action
### Trespass to Personal Property

(By Plaintiffs against all Defendants excluding the DMV)

64.    Plaintiffs repeat and incorporate by this reference each and every allegation set forth in Paragraphs 1 to 63 above.

65.    Plaintiffs are the owners of their Personal Information – Plaintiffs' personal property -- that they submitted to the DMV and have an expectation that the DMV keeps their information confidential from the public. Defendants' access to Plaintiffs' Personal Information whether the Defendants obtained this information from the DMV directly or through a third party vendors (Does 11-20) as alleged by Defendant Sadr at Exhibit "8," Defendants interfered with Plaintiffs' rights in Plaintiffs' personal property: to keep this

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

property confidential and not be used for any purposes other than for complying with DMV information requirements.

66.     Defendants intentionally and unlawfully exercised dominion over Plaintiffs' personal property by obtaining Plaintiffs' Personal Information from the DMV, either directly or from third parties (Does 11-20), and by taking this information and using it to solicit business from Plaintiffs and to sell their Personal Information to others to market directly to Plaintiffs.  Defendants' conduct, if widely replicated by other third parties, would impair Plaintiffs' rights in their Personal Information, such that there would be no privacy at all in Plaintiffs' Personal Information submitted to the DMV.

67.     Defendants engaged in their intentional unlawful dominion over Plaintiffs' personal property without Plaintiffs' consent.  Defendants' conduct directly and proximately caused Plaintiffs to suffer damages to their property, including but not limited to loss of privacy to Plaintiffs' Personal Information and the loss of Plaintiffs' control over this information, which is now in the marketplace and is used by third parties to contact Plaintiffs without their consent.  The amount of these damages shall be proved at trial.  Defendants' wrongful conduct should be enjoined with an order that Defendants refrain from committing further acts of converting Plaintiffs' personal property because Plaintiffs do not have an adequate remedy at law to stop the Defendants from using their Personal Information.

68.     Defendants engaged in their intentional unlawful dominion over Plaintiffs' personal property without Plaintiffs' consent.  Defendants' conduct directly and proximately caused Plaintiffs to suffer damages to their property, including but not limited to loss of privacy to Plaintiffs' Personal Information and the loss of Plaintiffs' control over this information, which is now in the marketplace and is used by third parties without Plaintiffs' consent.  The amount of these damages shall be proved at trial. Defendants' wrongful conduct should be enjoined with an order that Defendants refrain from committing further acts of converting Plaintiffs' personal property.

///

### **Fifth Cause Of Action**
### **Intrusion Into Private Affairs**

(By Plaintiffs against all Defendants excluding the DMV)

69.     Plaintiffs repeat and incorporate by this reference each and every allegation set forth in Paragraphs 1 to 68 above.

70.     Under the circumstances, Plaintiffs had a legally protected privacy right and a reasonable expectation that their Personal Information (which they own as their personal property) provided to the DMV would remain private and not be disclosed to third parties that had no right to access this information under the DPPA; *Cal. Veh. Code* § 1808 *et seq*; and, *Hill v. Nat'l Collegiate Athletic Assn.* (1994) 7 Cal. 4th 1, 39-40 (right to privacy violation under *Cal. Const.* art. I, § 1 requires a plaintiff to allege (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; (3) defendant's conduct constitutes a serious privacy invasion; and (4) defendant has no countervailing interest to justify invading a plaintiff's privacy).

71.     Defendant Sadr, Defendant CLF, and Defendant SLF, either directly or indirectly through the use of Does 11-20, intentionally intruded on Plaintiffs' Personal Information with the DMV by obtaining it directly from the DMV or from third parties (such as purchasing this information from marketing lists from Does 11-20) and then using it to solicit legal business from Plaintiffs and then transferring their Personal Information to Defendant VIN to sell this information to businesses interested in marketing to Plaintiffs.  These Defendants (three out of the four Defendants in this Complaint are attorneys and law firms) engaged in this conduct with full understanding of the DPPA and *Cal. Veh. Code* § 1808 *et seq.* when they intentionally violated these laws when acquiring Plaintiffs' Personal Information, using it to solicit business from Plaintiffs and then to sell it to the public through Defendant VIN.  Defendant VIN intentionally intruded on Plaintiff's Personal Information by selling it to the public for the

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

purpose of direct marketing data as part of the conspiracy with the other Defendants to intentionally and knowingly violating Plaintiffs' right to privacy in the Personal Information under the DPPA, *Cal. Veh. Code* § 1808 *et seq.*, and the *Cal. Const.* art. I, § 1.

72.     Defendants' obtaining, disclosing, using, and selling Plaintiffs' Personal Information as alleged herein is a serious invasion of Plaintiffs' privacy interest in their Personal Information; and this invasion is (and would be) highly offensive and objectionable to a reasonable person since such persons provide their Personal Information to the DMV with the reasonable expectation that this information is not be accessed by the public and third parties without a right to do so under the DPPA and the *Cal. Veh. Code* § 1808 *et seq.*  As alleged herein, none of the Defendants had a right to access Plaintiffs' Personal Information under any law and did so in violation of these laws (i.e. the DPPA, *Cal. Veh. Code* § 1808 *et seq.*, and the *Cal. Const.* art. I, § 1) for the purpose of commercial gain by soliciting business from Plaintiffs and selling their information to the public without their consent do so.  Defendants do not have a countervailing interest to justify their acquiring, disclosing, and using the Plaintiffs' Personal Information to violate Plaintiffs' privacy rights in this information. (*Hill* at 39-40.)

73.     Defendants' use of Plaintiffs' Personal Information to solicit business from Plaintiffs and to sell their Personal Information without their consent to third parties for further solicitation of Plaintiffs in violation of the the DPPA, *Cal. Veh. Code* § 1808 *et seq.*, and the *Cal. Const.* art. I, § 1 was (and is) a substantial factor in directly and proximately causing Plaintiffs harm: the loss of the privacy in their Personal Information and their control of their Personal Information in the hands of the Defendants and other third parties.

74.     Defendants' interference with the privacy of Plaintiffs in their Personal Information did not occur as a mere oversight, innocent lapse of judgment, or basic negligence.  Defendants' conduct was intentional and with willful knowledge of the

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

consequences.  Defendants demonstrated their reckless disregard for the injury and damages that their conduct would have – and has – caused.  Defendants demonstrated complete disrespect for the harm caused to Plaintiff.  The fact that Defendants had the knowledge and recklessly disregarded Plaintiff's rights entitles Plaintiff to punitive and exemplary damages in an amount to be proven at the time of the trial.

## Sixth Cause Of Action

### Negligence

(By Plaintiffs against all Defendants excluding the DMV)

75.     Plaintiffs repeat and incorporate by this reference each and every allegation set forth in Paragraphs 1 to 74 above.

76.     As an attorney and as law firms employing attorneys, Defendant Sadr, Defendant CLF, and Defendant SLF owed Plaintiffs a duty of care under *Cal. Bus. & Prof. Code* § 6068(a) to support the laws of the United States and California.  These laws include the DPPA and *Cal. Veh. Code* § 1808 *et seq.* that required (and require) these defendants to keep Plaintiffs' Personal Information submitted to the DMV confidential and private and to not obtain this information unless permitted by these laws.  In direct violation of these laws, these defendants solicited business from Plaintiffs and then provided this information to Defendant VIN to sell it to the public in violation of the DPPA and *Cal. Veh. Code* §§ 1808 *et seq.* (See Exhibits "5-7," "9-11," and "16-17.")

77.     Defendant VIN owed a duty of care to Plaintiffs under the DPPA and *Cal. Veh. Code* § 1808 *et seq.* that required (and require) Defendant VIN to keep Plaintiffs' Personal Information submitted to the DMV confidential and private and to not obtain, use, and/or sell this information unless permitted by these laws.  Defendant VIN obtained Plaintiffs' Personal Information from Defendant Sadr, Defendant CLF, and Defendant SLF after they illegally obtained this information from the DMV (or third parties, Does 11-20, who illegally obtained this information from the DMV) as alleged herein.  After obtaining this information, Defendant VIN advertised to sell this

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

information to the public in violation of the DPPA and *Cal. Veh. Code* §§ 1808 *et seq.*

78.     Defendant Sadr, Defendant CLF, and Defendant SLF failed to act as a reasonable attorney and/or as a law firm of attorneys (a) by acquiring Plaintiffs' Personal Information and by acquiring the accident information about each of their vehicles to send each of Plaintiffs a letter to solicit business from them as set forth at Exhibits "5-7," "9-11," and "16-17" in violation of the DPPA and *Cal. Veh. Code* §§ 1808 *et seq.*, which required these defendants to keep such information private and confidential; and (b) by providing Plaintiffs' Personal Information to Defendant VIN to market and sell this information to the public for direct marketing lists in violation of the DPPA and *Cal. Veh. Code* §§ 1808 *et seq.* As a result, each of these defendants breached their legal duty of care to Plaintiffs as set forth above.

79.     Defendant VIN failed to act as a reasonable person would under the circumstances by acquiring Plaintiffs' Personal Information from the other defendants to market and sell Plaintiff's Personal Information to the public (see Exhibit "4" for a copy of Defendant VIN's website) in violation of the DPPA and *Cal. Veh. Code* §§ 1808 *et seq.* As a result, Defendant VIN breached its legal duty of care to Plaintiffs as set forth above.

80.     As a direct and proximate result of the acts and conduct of Defendants as described herein, Defendants' acts and conduct harmed and damaged each of Plaintiffs by illegally acquiring their Personal Information from the DMV (or from someone who did, Does 11-20) and by disclosing this information to the public and using this information for purposes prohibited by and in violation of the DPPA and *Cal. Veh. Code* §§ 1808 *et seq.* as described herein.  Such damages will be proven at trial.

81.     Defendants' acts and conduct to obtain Plaintiffs' Personal Information did not occur as a mere oversight, innocent lapse of judgment, or basic negligence. Defendants' conduct was intentional and with willful knowledge of the consequences. Defendants demonstrated their reckless disregard for the injury and damages that their conduct would have – and has – caused.  Defendants demonstrated complete disrespect

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

for the harm caused to Plaintiffs.  The fact that Defendants had the knowledge and recklessly disregarded Plaintiffs' rights entitles Plaintiffs to punitive and exemplary damages in an amount to be proven at the time of the trial.

**Seventh Cause Of Action**

**Civil Conspiracy**

(By Plaintiffs against all Defendants excluding the DMV)

82.     Plaintiffs repeat and incorporate by this reference each and every allegation set forth in Paragraphs 1 to 81 above.

83.     To target and solicit business from potential plaintiffs that purchased vehicles with frame, unibody, structural, or major damage in California, Defendants entered into an agreement (i.e. a conspiracy) on or before four years before this Complaint is filed to undertake a business model in which they have profited and sought (and still seek) to profit from Defendants' knowing and planned illegal acquisition and use of confidential information from the DMV (i.e. Plaintiffs' Personal Information at the DMV) in violation of the DPPA under *Maracich* and *Cal. Veh. Code* §§ 1808.21, and 1808.22.  As part of this agreement, conspiracy, and business model, Defendants agreed to violate knowingly the DPPA under *Maracich* and *Cal. Veh. Code* §§ 1808.21, and 1808.22 (and the laws applicable to the Complaint's Causes of Action 2 through 6) to acquire the Personal Information of Plaintiffs (and other persons with records kept by the DMV) and their personal information, first, for the purpose of soliciting legal services (by Defendant Sadr, Defendant CLF, and Defendant SLF) based on supposedly announced at auction frame damage, unibody damage, structural damage, major damage, frame alteration, unibody alteration, and/or structural alteration to their vehicles and, second, for Defendant VIN to sell this information as direct marketing data to the public.

84.     To begin the flow of illegal information obtained from the DMV to effect this conspiracy, agreement, and business model, To obtain Plaintiffs' Personal Information (such as their names, addresses, and vehicle owned), Plaintiffs are informed,

believe, and thereon allege that Defendant Sadr, or third parties acting in concert with him (Does 11-20), used the login from a California-licensed vehicle dealer to access private, third party closed auction websites such as Manheim and Adesa, to gather data on, among others, Plaintiffs' vehicles at around the time they were sold at auction with announced frame damage, structural damage, unibody damage, frame alteration, unibody alteration, and/or structural alteration.  Plaintiffs are informed, believe, and thereon allege that Defendant Sadr obtained a license for a vehicle registration service in or about 2015 to access the DMV database to obtain this same and/or similar information about vehicle owners (including the Plaintiffs).  Plaintiff are informed, believe, and thereon allege that Defendant Sadr also uses third parties who have access to the DMV's records via claims of exemptions noted in *Cal. Veh. Code* §§ 1808.22 and 1808.23 (Does 11-20).  From these access methods, Defendant Sadr obtained the VIN for each such vehicle. Defendant Sadr, or third parties acting in concert with him, then found an active lawsuit involving the seller of such a vehicle and falsely wrote the lawsuit's case number on the Attorney's Information Request on DMV Form 1161E ("Attorney's Information Request") as the case for which he was making the information request for the vehicle owner's Personal Information (i.e. the name and mailing address of the owner) to supposedly investigate this lawsuit.   Defendant Sadr then submitted the Attorney's Information Request with the false lawsuit information to the DMV and falsely stated the purpose of his request was to "Seeking witnesses to a pattern and practice of fraud, misrepresentation, and statutory violations (Unfair Practices Act, CLRA, etc.) related to the retail sale of automobiles by a licensed CA dealer." (See Exhibits "12-15.")

85.     Plaintiffs are informed, believe, and based thereon allege that in addition to directly seeking personal information from the DMV via the methods described herein, Defendant Sadr also utilizes authorized requestors to improperly request personal information for VINs Defendants have gathered.  These third parties (Does 11-20) then transfer the personal information to Defendants.

86.     Upon receipt of Defendant Sadr's Attorney's Information Request for each

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

1   of Plaintiffs' vehicles sold with an announcement related to its structure at auction, the
2   DMV filled in the name of the owner of the vehicle and sent the completed Attorney's
3   Information Request to Defendant Sadr.

4       87.   After Defendant Sadr received the completed Attorney's Information
5   Request, he prepared marketing and solicitation letters and sent them to Plaintiffs (as
6   owners of these vehicles) on behalf of himself, Defendant CLF, and Defendant SLF (the
7   latter two are both law firms for which Defendant Sadr works).  Each letter states "this
8   letter is written to you as a specific advertisement and solicitation for your business."
9   (See Exhibits "5-7," "9-11," and "16-17.")  These letters violate the DPPA under
10  *Maracich* and *Cal. Veh. Code* §§ 1808.21 and 1808.22.

11      88.   The foregoing process performed by Defendant Sadr to obtain Plaintiffs'
12  Personal Information and to solicit them for business is a violation of the DPPA and *Cal.*
13  *Veh. Code* § 1808.22 because each of the Attorney's Information Requests that
14  Defendant Sadr submitted to the DMV for each of the vehicles owned by Plaintiffs does
15  not pertain to the any existing lawsuit and use involving any of Plaintiffs and their
16  vehicles. (See Exhibits "12-15.")

17      89.   Plaintiffs are informed, believe, and thereon allege that Defendant VIN is
18  the depository of the Personal Information on vehicle owners (such as Plaintiffs) that
19  Defendant Sadr routinely obtains as a requestor from the DMV and from sellers at
20  auction of vehicles with announced frame damage, structural damage, unibody damage,
21  frame alteration, unibody alteration, and/or structural alteration and gives his information
22  to Defendant VIN to sell to the public on Defendant VIN's website. (See Exhibit "4.")

23      90.   The formation and operation of this conspiracy, agreement, and business
24  model has damaged Plaintiffs by invading, intruding, and otherwise violating their
25  privacy and confidentiality in their Personal Information submitted to the DMV as
26  alleged herein for the torts of conversion, trespass to personal property, intrusion into
27  private affairs, and negligence.  These torts were committed while the Defendants were
28  and are engaged in their common design in their conspiracy, agreement, and business

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

model to directly and proximately cause Plaintiffs to suffer damages, which include but are not limited to loss of privacy to Plaintiffs' Personal Information and the loss of Plaintiffs' control over this information, which is now in the marketplace and is used by third parties without Plaintiffs' consent to solicit Plaintiffs.  The amount of these damages shall be proved at trial.

## Eighth Cause Of Action

## Unjust Enrichment

(By Plaintiffs against all Defendants excluding the DMV)

91.    Plaintiffs incorporate by reference Paragraphs 1 through 90 in this Cause of Action, as though fully set forth herein.

92.    Plaintiffs conferred a benefit upon Defendants when they illegally obtained Plaintiffs' confidential personal property (i.e. Plaintiffs' Personal Information) from the DMV to engaged in their agreement, conspiracy, and business model to directly solicit Plaintiffs as potential clients and then to provide this information to sell to the public through Defendant VIN for direct marketing purposes.

93.    Defendants unlawfully benefitted from the acquisition, use, and sale of Plaintiffs' Personal Information to Plaintiffs as potential clients and then to the public and other direct marketers.  As a result of the Defendants' illegal acts and conduct relating to Plaintiffs' Personal Information as alleged herein, the Defendants were unjustly enriched at Plaintiffs' expense.

## Ninth Cause Of Action

## Violations Of False Advertising Law

## (*Cal. Bus. & Prof. Code* § 17500 *et seq.*)

(By Plaintiffs against all Defendants excluding the DMV)

94.    Plaintiffs repeat and incorporate by this reference each and every allegation set forth in Paragraphs 1 to 93 above.

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . Fax (949) 756-9060

95.     *Cal. Bus. & Prof. Code* § 17500 *et seq.*, prohibits the public use of untrue or misleading statements.  A statement is false or misleading if members of the public are likely to be deceived.

96.     Defendant Sadr, Defendant CLF, and Defendant SLF falsely advertised in their letters (Exhibits "5–7," "9-11," and "16-17") and/or made statements under which these Defendants had no reasonable basis to make in these letters (which are also false statements) because Defendants did not know the condition of each of Plaintiffs' vehicles and other facts about these vehicles, as follows: (1) the vehicle has frame, unibody, structural, or major damage that was not disclosed to Plaintiffs by the seller of their vehicle; (2) the vehicle may be unsafe to drive and/or operate because of this damage; (3) the vehicle may be worth less than its purchase price paid; (4) there would be no cost to any of Plaintiffs as prospective clients to sue the seller of their vehicle to them even though they would be at risk for paying the seller's legal fees and costs as the prevailing party in any unsuccessful lawsuit under a contract to buy the vehicle at issue and/or statute; and (5) Plaintiffs as prospective clients would be entitled to damages or a refund from their vehicle seller.

97.     Defendant VIN falsely advertised in its website (Exhibit "4") and made statements under which Defendant VIN had no reasonable basis to make in its website (which are also false statements) that Defendant VIN had the right to legally sell and disclose Plaintiffs' Personal Information and the Personal Information of other vehicle owners registered with the DMV to the public.  In fact, Defendant VIN did not have the legal right to sell and disclose this information to the public under the DPPA and *Cal. Veh. Code* § 1808 *et seq.*

98.     Each of these foregoing misstatements is a material fact which influences and deceives Plaintiffs and the public into believing that these misstatements are true when they are all false.

99.     Plaintiffs have been harmed by Defendants' wrongful conduct as alleged above by Plaintiffs' loss of privacy in their Personal Information and the loss of

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

Plaintiffs' control over this information, which is now in the marketplace and is used by third parties without Plaintiffs' consent. The amount of these damages shall be proved at trial. Defendants' wrongful conduct should be enjoined with an order that Defendants refrain from committing further acts of false advertising as alleged herein since Plaintiffs do not have an adequate remedy at law.

100. Under *Cal. Code Civ. Proc.* § 1021.5, Plaintiff is entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

### Tenth Cause Of Action
### Violations Of Unfair Competition Law
(*Cal. Bus. & Prof. Code* § 17200 *et seq.*)
(By Plaintiffs against all Defendants excluding the DMV)

101. Plaintiff incorporates by reference Paragraphs 1 through 100 in this Cause of Action, as though fully set forth herein.

102. *Cal. Bus. & Prof. Code* § 17200 prohibits acts of unfair competition, which includes any unlawful, unfair, or fraudulent business act or practice.

103. As alleged herein, it is the conspiracy, agreement, and business model of Defendants to (a) willfully and knowingly commit fraudulent acts to obtain Plaintiffs' Personal Information (and the Personal Information of other vehicle owners registered at the DMV) illegally from the DMV; (b) use this information illegally to solicit Plaintiffs (and other vehicle owners); (c) make false statements in these letters to solicit Plaintiffs (and other vehicle owners) to litigate without any risks and costs to do so; and (d) sell Plaintiffs' Personal Information (and that of other DMV vehicle owners) illegally to the public. These foregoing acts and conduct of the Defendants violated and violate the DPPA; *Cal. Veh. Code* § 1808 *et seq.*, including Vehicle Code §§ 1808(e), 1808.21(a), and 1808.21; and *Cal. Bus. & Prof. Code* § 17500. As a result, the Defendants engaged in, and are still engaged in, unfair, illegal, and fraudulent business practices prohibited by *Cal. Bus. Prof. Code* § 17200 *et seq.* (aka the "Unfair Competition Law" or "UCL").

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

104.   Since Plaintiffs do not have an adequate remedy at law, Plaintiffs request that the Court enjoin Defendants, and anyone acting in concert with them including Does 11-20, from engaging in any business acts or practices that violate the UCL as proven at trial.

105.   Under *Cal. Code Civ. Proc.* § 1021.5, Plaintiff is entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

## Eleventh Cause Of Action
## Violation Of Federal Right To Privacy
(*U.S. Const.* And Federal Common Law)
(By Plaintiffs against all Defendants Excluding the DMV)

106.   Plaintiffs incorporate by reference Paragraphs 1 through 105 in this Cause of Action, as though fully set forth herein.

107.   Under *Griswold v. Connecticut* (1965) 381 U.S. 479 and *Whalen v. Roe* (1977) U.S. 589, 599, each of the Plaintiffs as an individual has a right to a "zone of privacy" under the Bill of Rights in the *U.S. Const.* ( and its first, third, fourth, fifth, and ninth amendments) to avoid disclosure of personal matters.

108.   Plaintiffs each had a right to a reasonable expectation that their Personal Information (which they own as their personal property) provided to the DMV would remain private and not be disclosed to third parties that had no right to access this information under the DPPA and the U.S. Constitution.

109.   Defendant Sadr, Defendant CLF, Defendant SLF, and Does 11-20, intentionally intruded on Plaintiffs' Personal Information with the DMV by obtaining it directly from the DMV or from third parties (such as purchasing this information from marketing lists) and then using it to solicit legal business from Plaintiffs and then transferring their Personal Information to Defendant VIN to sell this information to businesses interested in marketing to Plaintiffs.  These Defendants (three out of the four Defendants in this Complaint are attorneys and law firms) engaged in this conduct with

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

full understanding of the DPPA and the U.S. Constitution when they intentionally violated these laws when acquiring Plaintiffs' Personal Information, using it to solicit business from Plaintiffs and then to sell it to the public through Defendant VIN.

110.   Defendants' obtaining, disclosing, using, and selling Plaintiffs' Personal Information as alleged herein is a serious invasion of Plaintiffs' privacy interest in their Personal Information and this invasion is (and would be) highly offensive and objectionable to a reasonable person since such persons provide their Personal Information to the DMV with the reasonable expectation that this information is not be accessed by the public and third parties without a right to do so under the DPPA and the U.S. Constitution.  As alleged herein, none of Defendants had a right to access Plaintiffs' Personal Information under any law and did so in violation of these laws for the purpose of commercial gain by soliciting business from Plaintiffs and selling their information to the public without their consent do so.

111.   Defendants' use of Plaintiffs' Personal Information to solicit business from Plaintiffs and to sell their Personal Information without their consent to third parties for further solicitation of Plaintiffs in violation of the DPPA and the U.S. Constitution was (and is) a substantial factor in directly and proximately causing Plaintiffs harm: the loss of the privacy in their Personal Information and their control of their Personal Information in the hands of the Defendants and other third parties.

112.   Defendants' interference with the privacy of Plaintiffs in their Personal Information did not occur as a mere oversight, innocent lapse of judgment, or basic negligence.  Defendants' conduct was intentional and with willful knowledge of the consequences.  Defendants demonstrated their reckless disregard for the injury and damages that their conduct would have – and has – caused.  Defendants demonstrated complete disrespect for the harm caused to Plaintiff.  The fact that Defendants had the knowledge and recklessly disregarded Plaintiff's rights entitles Plaintiff to punitive and exemplary damages in an amount to be proven at the time of the trial.  (*Smith v. Wade* (1983) 461 U.S. 30, 56 (punitive damages for a defendant's conduct motivated by evil

motive or intent or involved reckless or callous indifference to the federally protected rights of others)).

## **Twelfth Cause Of Action**

### **Declaratory Relief**

(28 U.S.C. § 2201(a))

(By Plaintiffs against all Defendants and including the DMV)

113.   Plaintiffs incorporate by reference Paragraphs 1 through 112 in this Cause of Action, as though fully set forth herein.

114.   An actual controversy exists between Plaintiffs and the Defendants since the Plaintiffs contend (on information and belief) that the Defendants intentionally and knowingly and negligently engaged in conduct through a civil conspiracy to acquire from the DMV (which intentionally, or negligently, or inadvertently disclosed the Personal Information to the Defendants) and use in commerce the Plaintiff's Personal Information in violation of the Plaintiffs' personal property rights in their Personal Information and their right of privacy in this information under California and Federal law as alleged in Causes of Action Numbers 1 through 11 above.

115.   As a result, Plaintiffs request a ruling in a judgment from this Court that the Defendants intentionally and knowingly engaged in the wrongful conduct as alleged in the Causes of Action Numbers 1 though 11 of this Complaint to obtain and use the Plaintiffs' Personal Information in violation of Federal and California law.  Plaintiffs request a ruling in a judgment from this Court on the role that the DMV played in disclosing the Plaintiffs' Personal Information to Defendants, whether the DMV aided and abetted the Defendants' conspiracy to acquire and use the Plaintiff's Personal Information or the DMV inadvertently disclosed this information to Defendants.

## **PRAYER**

WHEREFORE:  Plaintiff prays that the Court enter a judgment against Defendants (which term excludes the DMV) jointly and severally and award relief as requested as

follows:

1.    Declare that the Defendants' practice of obtaining Personal Information from the DMV records about Plaintiffs (and any other such persons that provide their Personal Information to the DMV) for the purpose of marketing and soliciting legal services (and any other type of service and/or product) and selling this information to the public violated and violates the DPPA; *Cal. Veh. Code* §§ 1808(e), 1808.21(a), and 1808.22; *Cal. Const.* art. I, § 1; *Griswold* at 481-486, citing *U.S. Const.* amend. I, II, III, IV, V, IX; and *Whalen*.

2.    Enter a preliminary and permanent injunction to prevent and restrain Defendants (and any of their authorized agents and/or anyone acting on their behalf and/or anyone acting in concert with the Defendants) from (a) obtaining Personal Information from the DMV records about Plaintiffs (and any other persons that provide their Personal Information to the DMV) and (b) disclosing and selling this information to the public unless the Defendants have obtained the express written consent of Plaintiffs (and any other persons that provide their Personal Information to the DMV) and/or Defendants have certified under penalty of perjury to the DMV that the information sought is for a permissible purpose recognized by 18 U.S.C. § 2721(b) and *Cal. Veh. Code* §§ 1808(e), 1808.21(a), and 1808.22, and expressly identifying and stating this permissible purpose before the Defendants (and any of their authorized agents and/or anyone acting on their behalf and/or anyone acting in concert with the Defendants) submit a request for this Personal Information to the DMV.  Plaintiffs need this injunctive relief to protect their right to privacy in their Personal Information under the DPPA; *Cal. Veh. Code* §§ 1808(e), 1808.21(a), and 1808.22; *Cal. Const.* art. I, § 1; *Griswold* at 481-486, citing *U.S. Const.* amend. I, II, III, IV, V, IX; and *Whalen*.

3.    Enter a preliminary and permanent injunction preventing and restraining Defendants (and any of their authorized agents and/or anyone acting on their behalf and/or anyone acting in concert with the Defendants) from disclosing and using (i.e. such as marketing) and selling the Personal Information of Plaintiffs (and any other such

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 … Fax (949) 756-9060

persons that provide their Personal Information to the DMV), and requiring Defendants to destroy all Personal Information about Plaintiffs (and any other such persons that provide their Personal Information to the DMV) that Defendants have in their possession, custody, or control.  Plaintiffs need this injunctive relief to protect their right to privacy in their Personal Information under the DPPA; *Cal. Veh. Code* §§ 1808(e), 1808.21(a), and 1808.22; *Cal. Const.* art. I, § 1; *Griswold* at 481-486, citing *U.S. Const.* amend. I, II, III, IV, V, IX; and *Whalen*.

4.     Require Defendants to identify under penalty of perjury all manners how the Personal Information of Plaintiffs (and any other such persons that provide their Personal Information to the DMV) that was disclosed by the DMV to Defendants (and any of their authorized agents and/or anyone acting on their behalf and/or anyone acting in concert with the Defendants) has been used or disclosed or sold and confirming that all such Personal Information be destroyed.

5.     Award monetary damages to Plaintiffs, the exact amount to be determined at trial, in an amount not less than the statutory-provided liquidated damages for each of Plaintiffs of not less than $2,500 for each separate violation of the DPPA at 18 U.S.C. § 2724(b)(1) committed by each of the Defendants, and for disgorgement of any money earned by Defendants from their use of all improperly obtained Personal Information, including all past lawsuits and any and all prior acquisitions of this Personal Information done in violation of the DPPA wherein the Defendants and any of their authorized agents and/or anyone acting on their behalf and/or anyone acting in concert with the Defendants obtained Personal Information in violation of the DPPA.  Such liquidated damages should be at least $37,500 (i.e. 15 separate DPPA violations times $2,500): six DPPA violations for obtaining the Personal Information of the six Plaintiffs from the DMV; six DPPA violations for each letter sent to each of the six Plaintiffs; and three DPPA violations for sending Plaintiff Diana, Plaintiff Yasmine, and Plaintiff Tarverdian the second letter to solicit business.  This complaint requests the Court impose a civil conspiracy liability on each of the Defendants for any liability that any one of the

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

Defendants incurs.

6. Award punitive damages, the exact amount to be determined at trial, for Defendants' willful and reckless disregard of the DPPA and to deter such future violations under 18 U.S.C. § 2724(b)(2) and for any other intentional torts proved against the Defendants by Plaintiffs at trial.

7. Require Defendants to pay pre-judgment interest and post-judgment interest to the extent permitted by Federal and/or California law.

8. Award reasonable attorney's fees and other litigation costs under 18 U.S.C. § 2724(b)(3) and/or order payment of reasonable fees and expenses to Plaintiff's counsel on the basis of the common benefit and/or common fund doctrine out of any money or benefit recovered for persons other than Plaintiffs in this action.

9. Grant any other relief that this Court determines is appropriate under 18 U.S.C. § 2724(4) and grant any other relief to which Plaintiffs are entitled to under Federal Rule of Civil Procedure 54(c).

10. That the Court Order Defendants to pay Plaintiff's damages (defined as including but not limited to actual damages, special damages, consequential damages, statutory damages, liquidated damages, punitive damages, and/or civil penalties, and remedies available to Plaintiffs) and Defendants' profits to the extent provided under Federal and/or California law in an amount to be proven at trial for the causes of action alleged herein;

11. That the Court Order Defendants to pay for prejudgment and post-judgment interest according to proof to the extent permitted by Federal and/or California law;

12. That the Court Order Defendants to pay Plaintiff Damages for Defendants' unjust enrichment in an amount to be proven at trial;

13. For punitive damages in an amount appropriate to punish Defendants, and each of them, and deter others from engaging in similar misconduct as proven at trial to the extent permitted by Federal and/or California law for the causes of action alleged herein;

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

14.     For reasonable attorney's fees and cost of the lawsuit incurred herein, to the extent permitted by Federal and/or California law for each of the Causes of Action alleged herein, including but not limited to *Cal. Civ. Code* § 1021.5;

15.     For a finding by the Court that a civil conspiracy exists among all the Defendants to acquire illegally Plaintiffs' Personal Information from the DMV to use for illegal purposes – such as soliciting legal services to Plaintiffs as potential clients based on unfounded and false allegations (i.e. frame damages has caused their vehicles to be unsafe and lose value) and selling Plaintiffs' Personal Information to direct marketers -- and to impose damages on all of the Defendants for any and all torts committed by any of the Defendants against Plaintiffs as proved at trial for the causes of action alleged herein.

16.     Enter a preliminary and permanent injunction preventing and restraining Defendants (and any of their authorized agents and/or anyone acting on their behalf and/or anyone acting in concert with the Defendants) from engaging in any actions and/or conduct that is unlawful, unfair, and/or fraudulent and referred to in Articles 1 through 15 in this Prayer above, including enjoining any of the Defendants (and any of their authorized agents and/or anyone acting on their behalf and/or anyone acting in concert with the Defendants) from committing any unlawful, unfair, and/or fraudulent business acts or practices that violate *Cal. Bus. & Prof. Code* § 17200 as proven in this lawsuit and from making any untrue and misleading statements in violation of *Cal. Bus. & Prof. Code* § 17500 as proven in this lawsuit.

17.     For restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that Defendants obtained as a result of their unlawful, unfair, and/or fraudulent business acts or practices proven at trial to violate *Cal. Bus. & Prof. Code* § 17200, *et seq.*

18.     For restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that Defendants obtained as a result of their making any untrue and misleading statements to Plaintiffs (and the public) proven at trial to violate *Cal. Bus. & Prof. Code* § 17500, *et seq.*

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . Fax (949) 756-9060

19.     For a civil penalty for each violation of *Cal. Bus. & Prof. Code* §§ 17200 and/or 17500, *et seq.* by Defendants.

20.     For a judgment to declare the legal rights and duties of the respective parties arising out of Plaintiffs' ownership of their Personal Information, the Defendants' conspiracy to acquire and use intentionally and willfully this information in violation of Federal and California law as alleged in Causes of Action Numbers 1 through 11, and the DMV's role in disclosing this information to the Defendants as proven at trial.

21.     For all other and further relief that the court deems proper and just.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for all issues and causes of action of this Complaint to which Plaintiffs have a right to be tried by a jury.

Respectfully submitted this <u>20</u>th day of May 2020, by:

MADISON LAW, APC


By:  <u>/s/ Dixon Gardner</u>
Dixon Gardner
Attorneys for Plaintiffs

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060