Kasra Sadr, SBN 183765
k.sadr@carlawfirm.com
THE SADR LAW FIRM, APLC
1455 Frazee Rd, Suite 500
San Diego, CA 92108
Tel: (877) 577-7237
Fax: (877) 747-3297

Attorney for Defendants The Sadr Law Firm, APLC (dba Car Law Firm), and Nationwide Vin Marketing, Inc. In pro per as to self

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA AKKAWI, an individual; YASMIN AKKAWI, an individual; KATELYN J. BUTTON, an individual; ERIC STELL, an individual; STEVE W. FOX, an individual; EDMOND TARVERDIAN, an individual,<br><br>PLAINTIFFS,<br><br>vs.<br><br>KASRA SADR, an individual; CAR LAW FIRM, a business entity form unknown; THE SADR LAW FIRM, a professional law corporation; NATIONWIDE VIN MARKETING, a business entity form unknown; CALIFORNIA DEPARTMENTS OF MOTOR VEHICLES, an Agency of the State of California; and DOES 1 through 20, inclusive,<br><br>DEFENDANTS. | Case No.: 2:20-cv-01034-MCE-AC<br>Senior Judge Morrison C. England Jr.;<br>Magistrate Judge Allison Clair<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS KASRA SADR AND SADR LAW FIRM, APLC (dba CAR LAW FIRM)'s MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND ANTI-SLAPP**<br><br>Hearing Information<br>Date: August 20, 2020<br>Time: 2:00pm<br>Dept: 7<br><br>Action Filed: May 20, 2020<br>Trial Date: None Set. |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS KASRA SADR AND SADR LAW FIRM, APLC (dba CAR LAW FIRM)'s MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND ANTI-SLAPP

# <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

INTRODUCTION AND SUMMARY OF ARGUMENTS ........................................................ 2

BACKGROUND ................................................................................................ 2

1.  Sadr Law Firm and Other Defendants ........................................................ 2

2.  Prior Matter Attempting to stop Safety/Solicitation Letters .............................. 3

    A.  Prior Lawsuit against Sadr Defendants Firm to stop letters ........................ 3

    B.  Participation of Madison Harbor in The Statewide matter .......................... 4

    C.  Ruling on Anti-Slapp and Courts Analysis ........................................... 4

3.  Current Lawsuit ................................................................................. 4

4.  Plaintiffs "litigation" argument, CLF's litigation vs. solicitation operations, and Plaintiffs home and vehicle information in the general public market ........................... 5

    A.  Sadr Law Firm's litigation department vs. Safety notice/solicitation department ....... 5

    B.  Sadr Law Firm's Safety Notice/ possible solicitation Department ......................... 6

    C.  All Plaintiffs vehicles were on CLF's list of frame damaged cars ......................... 7

    D.  CLF does not access DMV for residential addresses or Vehicle Info ....................... 7

        i.  Plaintiffs' Home and Vehicle info ................................................... 7

        ii.  VIN info not Exclusive to DMV .................................................... 9

5.  Current Lawsuit in retaliation for Many other lawsuits and claims filed by Defendants ... 9

    A.  Plaintiff Stell (and Katlyn Button who bought car jointly with Stell) is associated with Sunny Hills Auto Sales, Inc. ........................................................... 9

    B.  Plaintiffs Diana and Yasmine Akkawi are associated with Akkawi Motors Inc........ 10

    C.  Plaintiff Tarverdian is associated with used car dealers, Car City and Grandview Financial............................................................................... 10

    D.  Plaintiff Fox is associated with used car dealer Epic Motors................................ 11

i

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS KASRA SADR AND SADR LAW FIRM, APLC (dba CAR LAW FIRM)'s MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND ANTI-SLAPP**

LAW ON ANTI SLAPP, SAFETY LETTERS AND RETALIATORY LAWSUITS ............... 11

1.    Safety/solicitation Letters to Consumers are Free Speech ................................................ 12

2.    The underlying Lawsuits are Free Speech ........................................................................ 12

LEGAL ANALYSIS OF EACH CAUSE OF ACTION ........................................................ 13

1.    The First Cause of Action for Violation of the Federal Driver's Privacy Act 18 U.S.C.S. §2721 against all defendants should be dismissed for failure to state a claim ....................... 13

    A.    Defendants use would qualify for  18 U.S.C.S. § 2721(b)(2) .................................... 13

    B.    *Maracich* Holding and Analysis ......................................................................... 14

    C.    CLF use is not predicated on it being an "attorney" or acting as an "officer of the Court 15

2.    The Second Cause of Action for California's Driver's Privacy Act, Vehicle Code §1808 et seq. against all defendants should be dismissed for failure to state a claim ............................ 15

3.    The Third, Fourth, Sixth, Seventh, and Eight eighth causes of action should be Dismissed against all defendants for failure to state a claim ................................................................... 16

4.    The Fifth Cause of Action, Intrusion Into Private Affairs, should be Dismissed against all defendants for failure to state a claim ..................................................................................... 16

5.    The Ninth and Tenth Causes of Action for Violation of False Advertising should be Dismissed against all defendants for failure to state a claim ................................................... 17

6.    The Eleventh cause of action for Violation of Federal Right To Privacy should be Dismissed against all defendants for failure to state a claim ................................................... 17

7.    Additional Pleading requirements by Plaintiffs relating to Nationwide VIN Marketing **Error! Bookmark not defined.**

8.    Defendants Are Entitled to Recover Their Costs and Attorney's Fees. .......................... 17

IN CONCLUSION ............................................................................................................... 18

**Cases**

*Abelardo Magumen v. Epic Motors* ..................................................................................... 13

*Alida Ramon v. [dealer] and Grandveiw Financial Services, Inc.* ....................................... 13

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS KASRA SADR AND SADR LAW FIRM, APLC (dba CAR LAW FIRM)'s MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND ANTI-SLAPP**

| | | |
|---|---|---:|
| 1 | *Alika Stewart v. [dealer] and Grandview Financial Services, Inc.* | 13 |
| 2 | *CM Young v. Akkawi motors, Inc.* | 12 |
| 3 | *Dahlstrom v. Sun-Times Media, LLC*, 777 F.3d 937, 944-945 | 18 |
| 4 | *Dajamonea E. Grigsby v. Sunny Hills Auto Sales, Inc.* | 11 |
| 5 | *Downing v. Globe Direct LLC*, 682 F.3d 18 | 17, 18 |
| 6 | *Dupont Merek Pharmaceutical v. Superior Court* 78 Cal. App. 4th 562 (2000) | 15 |
| 7 | *Elisa Cabrera v. Sunny Hills Auto Sales, Inc.* | 11 |
| 8 | *Flately v. Mauro*, 39 Cal. 4th 299, 312-313 (2006) | 14 |
| 9 | *George L Torres v. Sunny Hills Auto Sales, Inc.* | 12 |
| 10 | *Globetrotter Software, Inc. v. Elan Computer Group. Inc.* 63 F. Supp. 2d 1127, 1130 (N.D. Cal. 1999) | 14 |
| 12 | *Ignacio Burgueno v. Sunny Hills Auto Sales, Inc.* | 11 |
| 13 | *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1061 (2005) | 14 |
| 14 | *Judith C Miranda v Sunny Hills Auto Sales, Inc.* | 11 |
| 15 | *Kristal Trejo v. [dealer] and Grandview Financial Services, Inc.* | 13 |
| 16 | *Ladonna McNeil v. Sunny Hills Auto Sales, Inc.* | 11 |
| 17 | *Lucas Silva and Maria Rojas v. Epic Motors* | 13 |
| 18 | *Malika Givehand v. Sunny Hills Auto Sales, Inc.* | 11 |
| 19 | *Maracich v. Spears*, 570 US 48 | 5, 17 |
| 20 | *Marcy v. West Publ. Corp.*, 504 Fed. Appx. 531 | 21 |
| 21 | *Mia Andrade V. Southern California Auto Sales* | 7 |
| 22 | *Murillo v. Paul Blanco's Good Car Company* | 7 |
| 23 | *Nagel v. Twin Laboratories, Inc.* 109 Cal. App. 4th 39, 43 (2002) | 15 |
| 24 | *Partsch v. Kow Loon Auto Sales, Inc.* | 7 |
| 25 | *Pfeiffer Venice Properties v. Bernard* (2002) 101 Cal.App.4th 211, 215 | 22 |
| 26 | *Pierre Curry v. Sunny Hills Auto Sales, Inc.* | 11 |
| 27 | *Rivera v. First Data Bank, Inc.* 187 Cal. App. 4th 709 (2010) | 15 |
| 28 | *Sean Romich and Stephanie Morales v Sunny Hills Auto Sales, Inc.* | 11 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS KASRA SADR AND SADR LAW FIRM, APLC (dba CAR LAW FIRM)'s MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND ANTI-SLAPP**

*Teresa M Najera v Sunny Hills Auto Sales, Inc.* ............................................................. 11

*Terrazas v. First Choice Auto Center Inc.* ....................................................................... 7

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 971 ........ 13, 14

*Vazrik Khodaverdi v. Car City Inc.* ................................................................................ 12

**Statutes**

18 U.S.C.S. § 2721 ................................................................................................ passim

18 U.S.C.S. § 2721(b)(1)-(14) ................................................................................. 16, 17

18 U.S.C.S. § 2721(b)(2) ........................................................................................ passim

18 U.S.C.S. § 2721(b)(4) ............................................................................................ 17

18 U.S.C.S. §2722(a) ................................................................................................. 16

*Cal Veh. Code* § 1808.21 ............................................................................................ 6

*Cal Veh. Code* § 1808.21(a) ...................................................................................... 19

*Cal Veh. Code* § 1808.22 ............................................................................................ 6

Cal Veh. Code §1808 ................................................................................................ 19

*Cal Veh. Code* §1808(e) ........................................................................................... 19

*Cal Veh. Code* §1808.23(b) ........................................................................................ 3

*Cal. Civ. Pro. Code* § 425.16 ................................................................................ 15, 21

*Cal. Civ. Pro. Code* § 425.16(e) ............................................................................... 15

*Cal. Civ. Pro. Code* § 425.16(e)(1) and (2) ............................................................... 15

*Cal. Civ. Pro. Code* § 1750 ..................................................................................... 2, 8

*Cal. Civ. Pro. Code* § 425.16 (b) ............................................................................. 14

*Cal. Civ. Pro. Code* § 425.16(b)(1) ...................................................................... 2, 13

*U.S.C.S. Fed. Rules Civ. Proc. R* 12(b)(6) ................................................................... 2

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS KASRA SADR AND SADR LAW FIRM, APLC (dba CAR LAW FIRM)'s MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND ANTI-SLAPP**

## I
## INTRODUCTION AND SUMMARY OF ARGUMENTS

This lawsuit is not about any violation of the drivers' privacy act (obtaining personal information from the DMV), but rather used car dealers' attack on Defendants' constitutionally protected right of free speech; to stop safety/solicitation letters being sent to consumers. This claim is subject to an Anti-SLAPP motion. It is a retaliatory lawsuit by four used car dealerships (and finance company), associated with all 6 Plaintiffs, for having brought claims against them. Finally, it is also the second "active" attempt by a law firm (Madison Harbor which represents Plaintiffs) to stop such safety letters from being sent out, without having **any evidence** that these 6 Plaintiffs personal information was accessed through the DMV.

All causes of action should be dismissed against Defendants Kasra Sadr and Sadr Law Firm (dba Car Law firm) pursuant to *U.S.C.S. Fed. Rules Civ. Proc. R* 12(b)(6) because, the Complaint, as drafted fails to state a claim, in that that these defendants had a right to access Plaintiffs' DMV records pursuant to 18 U.S.C.S. § 2721(b)(2).

If the Court determines that any or all causes of action are subject to an Anti-SLAPP motion pursuant to *Cal. Civ. Pro. Code* § 425.16(b)(1), then those causes of action should be dismissed as Plaintiffs cannot show that Defendants ever accessed the DMV records on these 6 Plaintiffs.

## II
## BACKGROUND

**1.  Sadr Law Firm and Other Defendants**

The Sadr Law Firm, APLC, through its dba in California, the Car Law Firm ("CLF"), and its founder Kasra Sadr, Esq. (Jointly "CLF Defendants") inform consumers of possible safety issues with the frame or structure of their used vehicles, and prosecute the cases where a violation of law exists under California Consumer Legal Remedies Act (CLRA) (*Cal. Civ. Code* § 1750 et seq.) The consumers pay no out of pocket fees whatsoever (CLF pays all filing fees, depo fees, court costs, and expert fees), and in the rare cases where the consumers have had to pay fees (i.e. filing costs to a winning defendant ), the CLF has covered all such fees as well.

CLF is the only known law firm that "uncovers" damage and informs consumers of safety violations. As such CLF is hated by used car dealers as they believe that CLF is drumming up business, where otherwise the consumers had no previous gripe. Used car dealers have filed countless Bar complaints, countless death threats, countless complaints with the DMV, and a previous lawsuit against CLF to stop its actions.

Seven years ago, in January 2013, a used car dealer filed a lawsuit and attempted to stop similar safety letters from being sent out. Plaintiffs current counsel, Madison Harbor participated in that litigation in an attempt to stop the CLF Defendants.

The attempt served unsuccessful as it was met with an Anti-SLAPP motion. Now, seven years later, 6 Plaintiffs, all associated with four different used car dealers and their counsel, Madison Harbor, are again taking another shot at stopping the safety/solicitation letters from being sent out.

**2.  Prior Matter Attempting to stop Safety/Solicitation Letters**

**A.  Prior Lawsuit against Sadr Defendants Firm to stop letters**

On January 09, 2013 a used car dealer, Daniel Danalian, brought forth through his corporation Daniel Danalian Salvage, Inc. dba Statewide Auto Sale, a <u>Qui Tam</u> action on behalf of the People of the State of California, in Los Angeles Superior Court, central district, case number BC498737, Hon. Michael L. Stern presiding ("Statewide Complaint"), attached as Exhibit 1.

Plaintiff, in that case, made the exact same allegations, namely that "Defendant….unlawfully gains access to DMV confidential information comprised of registered vehicle owners' names, telephone numbers, and addresses by falsely representing to the DMV the true purpose of the use of the confidential information" (Exhibit 1, page 7, lines 23-26). As with the current complaint, the plaintiff in that case alleged that the true purpose of the letters were for solicitation, in violation of California's drivers privacy act, *Cal Veh. Code* §1808.23(b) providing that "residential addresses released should not be used for direct marketing or solicitation". (Exhibit 1, page 7, line 27 through page 8, line 5). The Statewide Complaint, as with this case, claimed that the letters sent out falsely claimed that vehicles may be "unsafe to drive" (Exhibit 1, page 11, line 9).

**B.      Participation of Madison Harbor in The Statewide matter**

Madison Harbor (Plaintiffs' counsel) was a participant in the Statewide matter by filing an 85-page declaration by its principal, Ali Parvaneh.   Mr. Parvaneh declared that his firm had researched the CLF defendants and believed that Sadr "may be accessing DMV records and contacting purchasers of used vehicles" (See Parvaneh Declaration, Exhibit 2, page 7, lines 15-18).  Mr. Parvaneh, just like the current lawsuit, claimed that the acts involved were in violation of *Maracich v. Spears* " (Exhibit 2, page 7, lines 15-18) referring to *Maracich v. Spears,* 570 US 48.

**C.      Ruling on Anti-Slapp and Courts Analysis**

The CLF Defendants filed an Anti-SLAPP motion, which the court granted and dismissed the case in its entirety. (See Ruling on Anti-SLAPP, Exhibit 3).  In making its determination, the court noted that plaintiff "**does not provide any evidence**" (emphasis added) to support its claim. (Exhibit 3, page 7, lines 23-25).

**3.      Current Lawsuit**

The current lawsuit brings forth 6 plaintiffs (all associated with used car dealers or financial companies being sued by CLF), bringing forth 11 causes of action.  While the causes of action are numerous, they all relate to the Federal and California Drivers Protection Acts or unfair acts.  Plaintiffs allege that "Defendants conspired to acquire Plaintiffs' personal and private records from the DMV…without Plaintiffs' consent for the purpose of sending Plaintiffs letters to solicit representation for litigation against the sellers of the vehicles that Plaintiffs purchased" (See Complaint, page 2, lines 17-22).

Plaintiffs claim that "Marketing and soliciting by an attorney of such personal information is not a permissible purpose under the DPPA according to *Maracich*"; (See Complaint, page 3, lines 17-22) and *Cal Veh. Code* § 1808.21 and 1808.22 (See Complaint, page 4, lines 2-3).

As it relates to these 6 Plaintiffs, Plaintiffs allege that "after Defendant Sadr received the completed Attorney's Information Request, he prepared marketing and solicitation letters and sent them

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS KASRA SADR AND SADR LAW FIRM, APLC (dba CAR LAW FIRM)'s MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND ANTI-SLAPP**

to Plaintiffs (as owners of these vehicles) on behalf of himself, Defendant CLF, and Defendant SLF" (See Complaint, page 11, lines 18-22; and exhibits 5-7, 9-11, and 16-17 to the Complaint). "The face of the envelopes that contain these letters, Plaintiff claims are "marked in red bold type…AUCTION ANNOUNCED FRAME/UNIBODY DAMAGE" (See Complaint, page 13, line 6 – page 15, line 10).

Plaintiff continues and alleges that "the forgoing process performed by Defendant Sadr to obtain Plaintiffs' Personal Information and to solicit them for business violation of the DPPA and *Cal Veh. Code* § 1808.22 because each of the Attorney's Information Requests that Defendant Submitted to the DMV for each of the Vehicles owned by Plaintiffs does not pertain to any existing lawsuit involving any of Plaintiffs and their vehicles, but is solely done for the purposes of a solicitation campaign for new clients" (See Complaint, page 11, lines 23-28).


**4.    Plaintiffs "litigation" argument, CLF's litigation vs. solicitation operations, and Plaintiffs home and vehicle information in the general public market**

Plaintiffs entire case is based on CLF accessing DMV files under the guise of "litigation", but using that information for solicitation. Plaintiffs are incorrect. Plaintiffs CLF has a "litigation" department as well as a "safety/solicitation" department. DMV accessed information is only used for litigation purposes and never for safety/solicitation. Safety letters are sent out using third party public lists. Furthermore, Plaintiffs home addresses are blasted all over the internet and marketing companies sell VIN information. It is not the case that DMV is the sole owner of vehicle information.

**A.    Sadr Law Firm's litigation department vs. Safety notice/solicitation department**

CLF has two distinct departments. The first is its litigation department where it does access DMV records to obtain addresses, and the second is the safety notice/solicitation department where it does not access DMV records. To date, and to the best of any Defendants knowledge, the two departments, and their information have never crossed.

As such, it is true that Sadr submitted to the DMV 308 Attorney's Information Requests to obtain DMV addresses for the owners of those vehicles, in the *Murillo v. Paul Blanco's Good Car*

*Company,* and the *Terrazas v. First Choice Auto Center Inc.*(as well as others), however none of those individuals was ever sent a safety/solicitation letter, and the information was solely used in connection with the lawsuits to which they related.

California Courts have routinely allowed the use of "other" VINS in discovery top show pattern and practice. Attached as exhibit 4, is one court's tentative ruling (which then became the ruling) where the court specifically allowed the use of "other" VINS even though defendant claimed the matter only related to "one" car. The case was *Mia Andrade V. Southern California Auto Sales*, Superior Court of California, Case no 30-2012-00596379-CU-BC-CJC. What is of interest, is that Madison Harbor was also the opposing counsel on that case, so they know very well that courts allow the use of "other" VINs to find witnesses of common practice. Exhibit 5 is another ruling where the court allowed "other" VINs to show pattern and practice, Case no 113CV247883, *Partsch v. Kow Loon Auto Sales, Inc.*, Superior Court of California County of Santa Clara.

**B.      Sadr Law Firm's Safety Notice/ possible solicitation Department**

The Safety Notification/Solicitation Department of CLF is distinct from the litigation department. It obtains information from third party lists and it is extremely targeted. It is targeted to one person. The letters sent are personalized to the consumer, and relate directly to them, including specific vehicles, make, model, VIN, all unique to that consumer. Further these vehicles have gone through auctions that have announced them as having frame damage. As stated in the Complaint, the envelopes on the letters indicate "AUCTION ANNOUNCED FRAME DAMAGE", and the accompanying letters note that there may be safety issues.

While the lists are not perfect, and often mistakes are made on the lists, the purpose of the lists is to notify consumers that their vehicle may have a safety issue with frame/structural damage, and if that is the case, and if the used car dealer did not disclose this information to them properly, they may have rights under California's Consumer Protection Laws (*Cal. Civ. Pro. Code* § 1750 *et. Seq.*). These letters, therefore, serve two purpose. First, they serve the purpose of notifying safety issues, and then they serve the purpose of possible solicitation (if the used car dealer did not properly disclose).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS KASRA SADR AND SADR LAW FIRM, APLC (dba CAR LAW FIRM)'s MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND ANTI-SLAPP**

The best analogy to use is when franchise car dealers send out airbag recall notices. They relate to safety (although that particular vehicle's airbag may not be bad). The consumer then can take his/her car to the dealership, which replaces the airbag free of charge to the consumer, and instead bills the manufacturer for its time and expense. As with airbag recall letters which serve a safety notice to consumers, and serve as a solicitation letter for the dealership, The CLF's letters serve as a safety notice, and in the appropriate cases, serve as solicitation notices. Because California's Bar association and rules of professional conduct require, CLF tags the letters as "solicitation letters".

## C.    All Plaintiffs vehicles were on CLF's list of frame damaged cars

The 6 plaintiffs in this case, bought a total of 5 cars (Eric Stell and Kaylyn Button bought one car jointly). All of their vehicles ended up on CLF's Frame Damage Lists. 4 out of 5 of those cars, the damage announcement is evident as it appears on an Autocheck (similar to car Fax). Attached as exhibit 6, is the Auto Check on the 4 out of 5 Plaintiffs cars where the announcement appears on the Autocheck itself in red bold letters "AUCTION ANNOUNCED AS STRUCTURAL DAMAGE". The 5th Vehicles damage does not show on an autocheck. (Autocheck itself admits that not all damage makes its way to it.) This 5th vehicle would first have to be inspected to either note the damage or determine that it was incorrectly on the list.

## D.    CLF does not access DMV for residential addresses or Vehicle Info

CLF does not access DMV for residential addresses or Vehicle Info for its safety/marketing letters. It uses third party lists. Today's internet marketing companies may have hundreds of sources where someone's home and vehicle information is obtained. This can be from insurance companies, body shop companies, repair shops, Oil Change stations, Tire shops, any anywhere where these 6 Plaintiffs have used, voluntarily having given their residence address and other information.

### i.    Plaintiffs' Home and Vehicle info

Plaintiff Eric M Stell's home address of 27262 Sage Brush Trl, Valley Center Ca. is listed on "Been Verified" online records check, exhibit 7. Not only is that address listed, but also 21 other older addresses he used to live at is listed. His name, aliases, 14 phone numbers, including his current cell

phone, 8 of his relatives (and their addresses), neighbors, associates, which used car dealerships he has been associated with. It shows that he is associated with Sunny Hills Auto Sales, Inc. (a used car dealership that has been sued by CLF on numerous occasions) and with KarzPlus (another dealership that has been sued by CLF on numerous occasions) (See Been Verified report, exhibit 7, page 11). It also has a listed automobile, a 2006 Ford fusion, VIN 3FAFP08ZF16R243808, registered to Jeffrey Stell (top of page 12). Even a simple google search, also shows Eric Stell's same home address. (see Google search on Stell, exhibit 8).

Plaintiff Katelyn M Button (Plaintiff who co-purchased a vehicle with Eric Stell)'s, home address of 27262 Sage Brush Trl, Valley Center Ca. is listed on "Been Verified" online records check, exhibit 9. Not only is that address listed, but also her Nevada address and two P.O. Box' in Nevada and California. Her name, phone numbers, emails, her relatives and associations including to Plaintiff Eric Stell also show up. It also has a vehicle, a 2005 GMC Sierra 1,500, vin 1GTEK19B55E144759, registered to her father, Michael Button (See Button's Been Verified, exhibit 9, page 8). Even a simple google search, also shows the same home address. (see Button Google search, exhibit 10).

Plaintiff Stephen W. Fox home address of 1058 Del Mar Ave. Chula Vista is listed on "Been Verified" online records check, exhibit 11. His name, phone numbers, emails, his relatives and other addresses are also listed. It also has a vehicle, a 2013 Kia Optima VIN 5XXGR4A6XDG139720, registered to him (See Fox Been Verified, Exhibit 11, page 7). Even a simple google search, also shows the same home address. (see Fox Google Search, exhibit 12).

Plaintiff Yasmine Akkawi's home address of 546 Mikey Pl. Manteca CA is listed on "Truthfinder" online records check, exhibit 13 (only first 3 pages submitted as full records is very lengthy). Even a simple google search, also shows the same home address. (see Yasmine Akkawi Google search, exhibit 14).

Plaintiff Diana Akkawi's home address of 546 Mikey Pl. Manteca CA is listed on "Truthfinder" online records search, attached as exhibit 15 (only first 4 pages submitted as full records is very lengthy).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS KASRA SADR AND SADR LAW FIRM, APLC (dba CAR LAW FIRM)'s MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND ANTI-SLAPP**

Plaintiff Edward Tarverdian's home address of 1129 Raymond Ave, Glendale CA is listed on "Truthfinder" online records check, attached as exhibit 16 (only first 7 pages submitted as full records is very lengthy). Even a simple google search, also shows the same home address. (see Tarverdian Google Search, exhibit 17).

### ii. VIN info not Exclusive to DMV

Plaintiffs assume that only the DMV has information on VINs of vehicles. Besides Carfax and Autocheck having millions of records on VINs, there are marketing companies that sell VIN information attached to consumers. One company that sells VIN information is BB direct. www.bbdirect.com. They have a specific "automobile Mailing List" which is "Multi Sourced, DPPA compliant" with "VIN included". A relevant portion of their website is attached as exhibit 18. Another company is A Best Way, www.abestway.net which has a VIN owner lookup. Relevant portions attached as exhibit 19. This same holds true for Been Verified's data base, www.beenverified.com, has a VIN lookup. The relevant portion of its website is attached as exhibit 20, which it claims comes from accidents, salvage, and thefts.

### 5. Current Lawsuit in retaliation for Many other lawsuits and claims filed by Defendants

This lawsuit is motivated by the sued used car dealers and Madison Harbor. Each and every one of the 6 Plaintiffs is associated with a used car dealer that CLF currently has a matter against.

### A. Plaintiff Stell (and Katlyn Button who bought car jointly with Stell) is associated with Sunny Hills Auto Sales, Inc.

Plaintiff Stell (and Katlyn Button who bought car jointly with Stell) is the CEO and Director of Sunny Hills Auto Sales Inc. according to the California Secretary of State filings (Statement of Information), exhibit 21. Defendants Kasra Sadr, Sadr Law Firm, and CLF have brought forth at least 10 consumer claims for their clients against Sunny Hills Auto Sales, Inc. The claims are both in superior court, arbitration, and pre-fling statutory notice, and include *Ignacio Burgueno v. Sunny Hills Auto Sales, Inc.* CLRA demand, Exhibit 22; *Elisa Cabrera v. Sunny Hills Auto Sales, Inc.* Complaint, Orange County Superior Court, 30-2019-01044615-CL-CO-CJC, Exhibit 23; *Pierre Curry v. Sunny*

*Hills Auto Sales, Inc.*, Complaint, San Diego Superior Court, 37-2018-00044829-CU-CO-CTL, Exhibit 24; *Malika Givehand v. Sunny Hills Auto Sales, Inc.* AAA arbitration filing, case no. 01-18-0004-5123 Exhibit 25; *Dajamonea E. Grigsby v. Sunny Hills Auto Sales, Inc.* CLRA demand, Exhibit 26; *Ladonna McNeil v. Sunny Hills Auto Sales, Inc.* Complaint, Los Angeles Superior Court, 19STLC07639, Exhibit 27; *Judith C Miranda v Sunny Hills Auto Sales, Inc.* AAA arbitration filing, Case No. 01-19-0003-4903, exhibit 28; *Sean Romich and Stephanie Morales v Sunny Hills Auto Sales, Inc.* CLRA demand, exhibit 29; *Teresa M Najera v Sunny Hills Auto Sales, Inc.* CLRA demand Exhibit 30; and *George L Torres v. Sunny Hills Auto Sales, Inc.* CLRA demand, Exhibit 31.

**B.    Plaintiffs Diana and Yasmine Akkawi are associated with Akkawi Motors Inc.**

Plaintiffs Diana and Yasmine Akkawi show on their "Truthfinder" profile as being related to "Raid M Akkawi" (See Diana Akkawi Truthfinder, exhibit 15, page 3, and Yasmine Akkawi Truthfinder, exhibit 13, page 3). Raid M. Akkawi is listed, on California's Secretary of State, as the CEO of Akkawi Motors Inc. (See Akkawi Motors Inc., Secretary of State Website, Exhibit 32). The address for Akkawi motors Inc. listed on the Secretary of State is 546 Mikey Pl Manteca CA 95335 (This exact same address is listed for both Diana and Yasmine Akkawi on various public background checks). (See Truthfinder exhibits 13 and 15).

CLF has brought forth an AAA arbitration matter, Leanna *CM Young v. Akkawi motors, Inc.*, Case Number: 01-20-0000-5455, filing attached as Exhibit 33.

**C.    Plaintiff Tarverdian is associated with used car dealers, Car City and Grandview Financial.**

Plaintiff Tarverdian purchased his car from the used car dealer, Car City. This is stated in his own declaration filed in this matter, in his "Declaration of Edmond Tarverdian in support of Plaintiffs' ex parte application for a temporary restraining order and motion for Preliminary Injunction". Both Car City, and its CEO (Hayk Matevosian)'s other business, "Grandview Financial Services", Inc. have multiple claims against them by the CLF.

Car City Inc.'s, Secretary of State Filing has Hayk Matevosian listed as it's CEO and directors. (See Secretary of State filing of Car City, Inc., as exhibit 34). Hayk Matevosian is also listed as the CEO and director of Grandview Financial Services, Inc. (See Secretary of State filing of Grandview Financial Services, Inc., as exhibit 35). CLF brought forth the following claims against Car City and Grandview Financial: *Vazrik Khodaverdi v. Car City Inc.'s* CLRA demand, Exhibit 36; *Alika Stewart v. [dealer] and Grandview Financial Services, Inc.'* CLRA demand, exhibit 37; *Alida Ramon v. [dealer] and Grandveiw Financial Services, Inc.* CLRA demand, exhibit 38, and *Kristal Trejo v. [dealer] and Grandview Financial Services, Inc.* AAA award, Case number 01-17-0007-5679, exhibit 39.

### D.    Plaintiff Fox is associated with used car dealer Epic Motors

Plaintiff Fox purchased his car from the used car dealer, Epic Motors. This is stated in his own declaration filed in this matter, in his "Declaration of Steve W. Fox in support of Plaintiffs' ex parte application for a temporary restraining order and motion for Preliminary Injunction". CLF has filed a number of claims against Epic Motors including *Lucas Silva and Maria Rojas v. Epic Motors*, CLRA demand, exhibit 40; and *Abelardo Magumen v. Epic Motors* CLRA demand, exhibit 41.

## III
## MOTION TO DISMISS, LAW ON ANTI SLAPP, SAFETY LETTERS AND RETALIATORY LAWSUITS

*Cal. Civ. Pro. Code* § 425.16(b)(1) provides that when a SLAPP suit is filed, it "shall be subject to a special motion to strike," which is akin to a motion to dismiss. *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 971.

In considering an anti-SLAPP motion, the court must engage in a two-step process. First, it must determine whether the moving party has made an initial prima facie showing that the plaintiffs claims "arise from acts of the [moving party] taken to further the [moving party's] right of free speech or petition in connection with a public issue." *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1061 (2005). Once the moving party makes the prima facie showing, the burden shifts

to the plaintiff to demonstrate a "probability that the [opposing party] will prevail on the claim." *Cal. Civ. Pro. Code* § 425.16 (b)(1), *See also Ingels* at 1061. See Also *Newsham* at 971.

Although the anti-SLAPP statute does apply to state law claims brought in federal court, it does not apply to federal question claims in federal court because such application would frustrate substantive federal rights. *Globetrotter Software, Inc. v. Elan Computer Group. Inc.* 63 F. Supp. 2d 1127, 1130 (N.D. Cal. 1999).

## 1. Safety/solicitation Letters to Consumers are Free Speech

As the Anti-SLAPP statute is to "be construed broadly" under *Cal. Civ. Pro. Code* § 425.16(a) and *Flately v. Mauro*, 39 Cal. 4th 299, 312-313 (2006), the court should look not only at the act of accessing the DMV records, but the purpose for accessing the DMV records, which is to send consumers safety/solicitation letters relating to potential frame damage to their vehicles. Therefore, it is the action of sending the letters to the consumers that is the focus of Defendants' activities.

The letters fall within *Cal. Civ. Pro. Code* § 425.16(e)(4) protection ("(4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest"). The cases *Rivera v. First Data Bank, Inc.* 187 Cal. App. 4th 709 (2010), *Nagel v. Twin Laboratories, Inc.* 109 Cal. App. 4th 39, 43 (2002) and *Dupont Merek Pharmaceutical v. Superior Court* 78 Cal. App. 4th 562 (2000), all point to a determination that contacting consumers is a protected activity under *Cal. Civ. Pro. Code* § 425.16(e)(4) It is "free Speech". Therefore, the State causes of action are subject to an Anti-SLAPP motion.

## 2. The underlying Lawsuits are Free Speech

The legal claims (lawsuits, arbitration filings, pre-filing claims) fall within *Cal. Civ. Pro. Code* § 425.16(e)(1) and (2) which protect "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law"; and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS KASRA SADR AND SADR LAW FIRM, APLC (dba CAR LAW FIRM)'s MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND ANTI-SLAPP

"(2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law".

The filing of the claims, lawsuits, and arbitration are "free speech". Therefore, the State causes of action are subject to an Anti-SLAPP motion.

## IV
## LEGAL ANALYSIS OF EACH CAUSE OF ACTION

1. **The First Cause of Action for Violation of the Federal Driver's Privacy Act 18 U.S.C.S. §2721 against all defendants should be dismissed for failure to state a claim**

The First Cause of Action for Violation of the Driver's Privacy Act 18 U.S.C.S. § 2721 against all defendants should be dismissed for failure to state a claim. Even if an Anti-SLAPP does not apply to this cause of action, Plaintiffs cannot prove the third prong element of this cause of action. (If it does, they cannot show that Defendants accessed DMV records of these 6 Plaintiffs).

To be successful for this violation Plaintiffs would have to prove the following 3 elements (18 U.S.C.S. §2722(a)):
   1. Knowingly to obtain or disclose personal information
   2. From a motor vehicle record
   3. For any use not permitted under section 2721(b) of this title

A. **Defendants use would qualify for 18 U.S.C.S. § 2721(b)(2)**

Taking the Complaint as drafted, and not considering any outside evidence, Plaintiffs cannot prove the 3rd prong, "for any use not permitted under section § 2721(b) of this title".

Plaintiffs Complaint solely alleges and focuses on Defendants having obtained this information under the "litigation" exemption, § 2721(b)(4). They do not even address the permitted use under § 2721(b)(2) **"for use in connection with matters of motor vehicle or driver safety and theft..."** (emphasis added).

The DPPA provides fourteen permissible uses for which drivers' personal information may be disclosed. 18 U.S.C.S. § 2721(b)(1)-(14). The structure of the act supports the idea that one permissible use does not define or control another. Each "permissible use" under § 2721(b) is a specific carve-out from liability. Once a person's activities are deemed to fall within one of the carve-outs, § 2721(a)'s

13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS KASRA SADR AND SADR LAW FIRM, APLC (dba CAR LAW FIRM)'s MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND ANTI-SLAPP

general rule of nondisclosure no longer applies. 18 U.S.C.S. § 2721(a)(1). Each "permissible use" under § 2721(b) is like a key to unlock a door through which a person may go to escape DPPA liability. So long as a defendant may unlock the § 2721(b)(1) door, the fact that they may or may not possess the key to the § 2721(b)(12) door is irrelevant to the court's inquiry. *Downing v. Globe Direct LLC*, 682 F.3d 18.

Plaintiffs admit in their complaint that Defendants use the information to send out the safety/solicitation letters. Each letter specifically states that the vehicle has been "Auction Announced Frame Damage", and that it "may be unsafe to drive". It's hard to see a more perfect use of § 2721(b)(2) than to inform consumers their vehicle at some point was announced as having frame damage. So, while it may be true that any CLF access to DMV records may not qualify for the "litigation" exemption of § 2721(b)(4), it certainly would qualify for a § 2721(b)(2) exemption.

## B. *Maracich* Holding and Analysis

The Supreme Court of the United States, in *Maracich* held that attorneys cannot use DMV information under the "litigation" exception of 18 U.S.C.S. § 2721(b)(4), if they are accessing that information to send out solicitation letters.

The case related to 34,000 records being searched in "bulk" for investigation of administrative fees. The attorneys knew nothing about the individuals or what fees had been paid when they searched DMV records. The attorneys attempted to use the "litigation" exception of § 2721(b)(4) which required them to act as an "officer of the court" rather than a "commercial actor".

*Maracich* was a very close (5-4) decision, and the reason why the court ruled the way it did was because the "litigation" exception of § 2721 (b)(4) required an attorney to act as "an officer of the court", not as a "commercial actor" *Maracich* at 62. The court stated:

> The examples of uses "in connection with" litigation that Congress provided in (b)(4) include "the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court." §2721(b)(4). **These uses involve an attorney's conduct when acting in the capacity as an officer of the court, not as a commercial actor**. The listed examples are steps that ensure the integrity and efficiency of an existing or imminent legal proceeding. This may include contacting persons who are already involved in the litigation or who are necessary parties or witnesses. These steps are different from the ordinary business purpose of solicitation.   (emphasis added) *Maracich* at 62.

14

The *Maracich* court only dealt with the litigation exception of § 2721(b)(4) and did not address any other subsection.

### C. CLF use is not predicated on it being an "attorney" or acting as an "officer of the Court

CLF's use would not be predicated on it being an attorney or it acting as an officer of the Court. CLF should be thought of as any other commercial business entity that is utilizing one of the DMV's allotted exceptions for business purposes. The safety exception of § 2721(b)(2) does not need any acting as an "officer of the court", and it does not have any restrictions on solicitation, so long as the exception is met. The safety exception of 18 U.S.C.S. § 2721(b)(2) says:

> **For use in connection with matters of motor vehicle or driver safety** and theft; motor vehicle emissions; motor vehicle product alterations, recalls, or advisories; performance monitoring of motor vehicles, motor vehicle parts and dealers; motor vehicle market research activities, including survey research; and removal of non-owner records from the original owner records of motor vehicle manufacturers.

The use exception shows multiple scenarios where commercial actors can access DMV information and solicit customers for themselves. For example, a car dealership can send out recall notices on airbags, and generate business for itself. A smog shop can access DMV records and send notices that it's time to get a smog check. A dealer can even access DMV records for "motor vehicle parts" if it relates to "motor vehicle or driver safety". There should be no reason why CLF cannot access a specific VIN (no bulk) on a vehicle that has gone through auction with a Frame Damage announcement which could affect its safety.

The DPPA's legislative history reveals that "[t]he intent of [the Act] is simple—to protect the personal privacy **and safety** of all American licensed drivers." (emphasis added) 140 Cong. Rec. H2526; *Downing v. Globe Direct LLC*, 682 F.3d 18; *Dahlstrom v. Sun-Times Media, LLC*, 777 F.3d 937, 944-945.

### 2. The Second Cause of Action for California's Driver's Privacy Act, Vehicle Code §1808 et seq. against all defendants should be dismissed for failure to state a claim

California has a similar Driver's Privacy Act to the Federal Act, stated in *Cal Veh. Code* § 1808. California Code is limited to "residence addresses" (not name) being confidential *Cal Veh. Code* § 1808.21(a) states "any residence addresses in any records of the department is confidential".

If the court finds that an Anti-SLAPP does apply to this cause of action, Plaintiffs will not be able to show that Defendants accessed DMV records for residence addresses on these 6 Plaintiffs. If Anti-SLAPP does not apply, this cause of action should still be dismissed because a Federal valid purpose to access DMV records (18 U.S.C.S. § 2721(b)(2)), is an automatic valid purpose to access DMV records under the State Act. *Cal Veh. Code* §1808(e) states "[t]he department shall not make available or disclose personal information about a person unless the disclosure is in compliance with the Driver's Privacy Protection Act of 1994 (18 U.S.C.S. § 2721 et seq.)."

### 3. The Third, Fourth, Sixth, Seventh, and Eight eighth causes of action should be Dismissed against all defendants for failure to state a claim

The Third, Fourth, Sixth, Seventh, and Eight eighth causes of action for Conversion, Trespass to Personal Property, Negligence, Civil Conspiracy, and Unjust Enrichment are all subject to an Anti-SLAPP as they are State claims, and are all predicated on Defendants having illegally accessed DMV records. Plaintiffs will not be able to show that Defendants accessed any DMV records on the 6 Plaintiffs.

If Anti-SLAPP does not apply, again, these causes of action should be dismissed because CLF and other defendants would have had a valid exception to use DMV records.

Further, Conversion, and Tress pass to Personal Property require that the information be "owned" or "Possess or right to possess" by Plaintiffs. (See CACI jury instructions 2100 and 2101). While the DMV information "relates" to Plaintiffs, they do not "Own, possess, or have the right to possess" them. The DMV owns that information.

Finally, Plaintiffs have not plead that Plaintiffs "relied on the safety letters to their economic detriment, and have not plead any economic damage.

### 4. The Fifth Cause of Action, Intrusion Into Private Affairs, should be Dismissed against all defendants for failure to state a claim

Defendants right to access Plaintiffs information via 18 U.S.C.S. § 2721(b)(2) negates the elements of this cause of action "(3) defendant's conduct constitutes a serious privacy invasion" and "(4) defendant has no countervailing interest to justify invading a plaintiff's privacy.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS KASRA SADR AND SADR LAW FIRM, APLC (dba CAR LAW FIRM)'s MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND ANTI-SLAPP

**5.  The Ninth and Tenth Causes of Action for Violation of False Advertising should be Dismissed against all defendants for failure to state a claim**

The Ninth and Tenth causes of action for violation of False Advertising (FAL) and Unfair Business Practices (UCL) should be dismissed because are subject to Anti-SLAPP and cannot show that DMV was accessed at all, and Plaintiffs have not plead "reliance" or "damages" on the safety letters they received.

Plaintiffs allege that the safety letters constitute false advertising because Defendants had no reasonable basis to make statements about the condition of the vehicle, as Defendants did not know the condition of each Plaintiffs vehicles. Plaintiffs attached these letters to their complaint (See plaintiffs complaint exhibits "5-7", "9-11", "16-17").

A review of the letters, however, shows no false advertising. The letters do not say that Defendants "know" the condition of the vehicle. The letters say "your [vehicle] **has been flagged by our system** as having/unibody or structure damage" (emphasis added). (See the first paragraph of each letter). The letter continues "**your vehicle may be unsafe**", "**possible danger**" (emphasis added). The letters only inform of possible danger.

Plaintiffs would not have access to Sadr Law Firm's "system" to know what it contains and whether or not they had a basis for making that statement. Further, there is nothing definitive stated in the letters to constitute a false statement or false advertising.

Finally, Plaintiffs have not alleged they relied on the letters to their detriment or any damages from that reliance.

**6.  The Eleventh cause of action for Violation of Federal Right To Privacy should be Dismissed against all defendants for failure to state a claim**

If the First cause of action is dismissed, so should this cause of action as they related to same issues.

**7.  Defendants Are Entitled to Recover Their Costs and Attorney's Fees.**

To the causes of action that an Anti-SLAPP applies, if Plaintiffs fail to carry their burden, those causes of action must be dismissed, and Defendants are entitle to request a recovery of their attorney's

fees. *Cal. Code Civ. Proc.* § 425.16(c). This is a mandatory award of costs and fees. (see *Pfeiffer Venice Properties v. Bernard* (2002) 101 Cal.App.4th 211, 215.

**V**

**IN CONCLUSION**

The Complaint itself shows that Defendants Kasra Sadr and Sadr Law Firm (dba Car Law Firm) had a right to access Plaintiffs DMV records under the "safety" exemption of 18 U.S.C.S. § 2721(b)(2). Further, many or all of the causes of action are subject to an Anti-SLAPP motion and Plaintiffs cannot show that Defendants accessed the DMV records of these 6 Plaintiffs. As such, all causes of action should be dismissed.

Respectfully submitted.

Dated on this 6th day of July 2020:

THE SADR LAW FIRM, APLC

By: _____
Kasra Sadr, individually and as Attorney for Defendant Sadr Law Firm (dba Car Law Firm)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS KASRA SADR AND SADR LAW FIRM, APLC (dba CAR LAW FIRM)'s MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND ANTI-SLAPP**
