UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA AKKAWI, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>KASRA SADR, et al.,<br><br>    Defendants. | No. 2:20-cv-01034-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Presently before the Court is Plaintiffs' Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction ("Application") pursuant to Federal Rule of Civil Procedure 65(b).  ECF No. 12.  Plaintiffs Diana Akkawi, Yasmin Akkawi, Katelyn J. Button, Eric M. Stell, Steve W. Fox, and Edmond Tarverdian (collectively, "Plaintiffs") seek to enjoin Defendants Kasra Sadr ("Sadr"), the Car Law Firm ("CLF"), the Sadr Law Firm ("SLF"), and Nationwide VIN Marketing ("Nationwide") (collectively, "Defendants") from acquiring the personal information of vehicle owners from the California Department of Motor Vehicles ("DMV") "by submitting false information requests or by purchasing this information from third parties and then using this information to sell and solicit business" without this Court's approval.  Pls.' App.,

///

///

1

ECF No. 12-1, at 2 ("Pls.' App."). For the reasons that follow, Plaintiffs' Application is DENIED.[1]

## BACKGROUND

Sadr is a California-licensed attorney and is associated with two law firms: SLF, of which he is the sole officer and director, and CLF, which is an association of independent law firms that includes SLF. Pls.' App. at 5; see Defs.' Opp., ECF No. 24, at 2–3 ("Defs.' Opp.") (stating Sadr is the founder of both SLF and CLF). CLF seeks to inform consumers of safety violations with their vehicles and represent them in legal actions against the car dealer. Defs.' Opp. at 3. Nationwide is a marketing company that provides a public database to associate any vehicle identification number ("VIN") with the registered owners of specific vehicles. Pls.' App. at 6.

Plaintiffs are six individual vehicle owners who received solicitation letters from CLF stating that their vehicles have been flagged for safety issues as having frame or structure damage and requesting they call CLF for a case review and a copy of the Vehicle History Report. See, e.g., Ex. S, ECF No. 12-34 ("[T]his letter is written to you as a specific advertisement and solicitation for your business."). The letters are individually tailored to include the make, model, year, and VIN of each Plaintiff's vehicle. Id. Plaintiffs claim they never provided Defendants with any personal or vehicle information, that Defendants did not inspect any of their vehicles at the time of purchase, and that Defendants were not involved in any part of the vehicle purchase. Pls.' App. at 11. Because they never provided Defendants with such information, Plaintiffs allege that the only way Defendants could have acquired it is through the DMV in violation of the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721 et seq., and its California equivalent, Cal. Veh. Code §§ 1808 et seq. Id. at 2; Pls.' Reply, ECF No. 25, at 5.

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs pursuant to E.D. Local Rule 230(g).

## ANALYSIS[2]

Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and Plaintiffs have the burden of proving the propriety of such a remedy. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).  In general, the showing required for a temporary restraining order and a preliminary injunction are the same.  Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Nat'l Res. Def. Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting the same).  The propriety of an injunction hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

The Court has reviewed Plaintiffs' Application and finds that Plaintiffs have failed to show the requisite likelihood of success on the merits to warrant equitable relief. Plaintiffs assert eleven causes of action, all of which are based on the allegation that Defendants acquired the personal information of Plaintiffs from the DMV for the purpose of soliciting legal representation.  See generally Pls.' App. at 13–19.

In support of their Application, Plaintiffs have acquired from the DMV a total of 308 Attorneys' Information Requests made by Sadr between May 2016 and October 2018.  Id. at 6.  Sadr allegedly made each request in connection with a lawsuit, claiming that he "needed the Personal Information of the vehicle owner to investigate causes of action for this lawsuit by stating the purpose of his request was '[s]eeking witnesses to a pattern and practice of fraud, misrepresentation, and statutory violations (Unfair

---

[2] Plaintiffs request that the Court take judicial notice of seven documents.  See Pls.' RJN, ECF No. 12-9 (Exhibits A, B, C, E-1, K, M, Z).  Because the Court did not need to consider those documents, Plaintiffs' Request for Judicial Notice is DENIED.

1  Practices Act, CLRA, etc.) related to the retail sale of automobiles by a licensed CA
2  dealer.'" Id.  Plaintiffs contend that these requests were not made for litigation purposes
3  and instead Defendants used the acquired information to send solicitation letters to
4  Plaintiffs. Id. at 2.

5        The problem, however, is that it is unclear whether such information was used for
6  solicitation or litigation purposes, specifically whether Defendants acquired the personal
7  information of the six-named Plaintiffs from the DMV through one of these requests.[3]
8  See Ex. J, ECF No. 12-23 (summarizing Sadr's Attorney's Information Requests to the
9  DMV but listing only the number of requests Sadr made in relation to nine lawsuits and
10 the VINs acquired with each request); Ex. N, ECF No. 12-27 (providing five Attorney's
11 Information Requests submitted by Sadr in relation to one lawsuit); Ex. L, Pls.' Notice of
12 Errata, ECF No. 15-2 (same).  Plaintiffs attempt to infer a connection between the high
13 number of Attorney's Information Requests and the low number of vehicles at issue in
14 the lawsuits, see Pls.' App. at 7, but the high number of requests alone is insufficient to
15 conclude that Defendants improperly used the acquired information for purposes other
16 than litigation.  Plaintiffs ultimately failed to carry their burden of showing likelihood of
17 success on the merits, and as such, Plaintiffs' Application must be denied.[4]

18 ///
19 ///
20 ///
21 ///
22 ///

---

[3] In their Reply brief, Plaintiffs repeatedly state that Defendants failed to provide evidence of how and where it obtained Plaintiffs' personal information. See Pls.' Reply, ECF No. 25, at 1–2, 4–5.  The burden, however, is on Plaintiffs to provide clear and convincing evidence, not Defendants.

[4] In reaching its decision, the Court notes that Defendants' Opposition brief offered little to no assistance.  Defendants simply state that Plaintiffs' information was not obtained from the DMV, but then devote significant discussion to arguing that if the information came from the DMV, CLF would be entitled to access that information. See Defs.' Opp. at 8–12.  Defendants did not even address irreparable harm, balance of equities, or public interest. See generally id.  The Court wants to make clear that its decision to deny Plaintiffs' Application was based on Plaintiffs' failure to make the requisite showing for injunctive relief and not on an acceptance of facts or legal arguments advanced by Defendants.

**CONCLUSION**

Based on the foregoing, Plaintiffs' Ex Parte Application for a Temporary Restraining Order and Motion for Preliminary Injunction (ECF No. 12) is DENIED.

IT IS SO ORDERED.

Dated: August 10, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE