UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA AKKAWI, et al., | No. 2:20-cv-01034 MCE AC |
| Plaintiffs, | |
| v. | ORDER |
| KASRA SADR, et al., | |
| Defendants. | |

Pending before the court are four motions to compel from plaintiffs. ECF Nos. 49, 50, 51, and 52. The motions were taken under submission on the papers. ECF No. 54. These discovery matters were referred to the undersigned pursuant to E.D. Cal. R. ("Local Rule") 302(c)(1).

As the parties are aware, Local Rule 251(b) establishes requirements for any party bringing a motion pursuant to Federal Rules of Civil Procedure 26 through 37, including the requirement that the parties meet and confer and file a joint discovery statement. There is an exception to the joint statement requirement provided by Local Rule 251(e)(1), which excludes from the joint statement requirement situations where "there has been a complete and total failure to respond to a discovery request or order." Also guiding the submission of discovery motions are the undersigned's standing orders, found on this court's website, which state in part that

////

1

"[a]bsent leave of court for good cause shown, the Joint Statement is limited to 25 pages, exclusive of exhibits and tables (if any)."[1]

With respect to two of the motions to compel, each of which address conduct at depositions, joint statements were filed.  ECF Nos. 49 and 51.  The motion at ECF No. 49 has an associated joint statement at ECF No. 59.  The joint statement, which is improperly drafted as two separate briefs attached together in one document, is 43 paged long.  ECF No. 49  The motion at ECF No. 51 has a mis-labeled associated joint statement at ECF No. 60.  This joint statement is also improperly drafted as two separate briefs in one document, and is 69 pages long.  Both of these motions and their associated joint statements are out of compliance with the Local Rules of this court and the undersigned's standing orders.

The motions at ECF No. 50 and ECF No. 52, both of which seek to compel production of documents, do not have associated joint statements.  Instead, defendants filed separate oppositions to the motions.  ECF Nos. 57 and 58.  Neither pending motion falls into the joint statement exception at Local Rule 251(e)(1), which exists for circumstances in which an opposing party is not participating in discovery at all.  Here, as is apparent by the fact that both motions were opposed, a joint statement was certainly possible.  The parties are clearly in communication with each other and are expected to be able to file joint statements.

Because plaintiffs, the moving party, did not adequately satisfy Local Rule 251's joint discovery statement requirement and did not comply with the standing orders of this court, the motions to compel discovery will be denied without prejudice.  See e.g., U.S. v. Molen, 2012 WL 5940383, at *1 (E.D.Cal. Nov. 27, 2012) (where a party fails to comply with Local Rule 251, discovery motions are denied without prejudice to re-filing).

The court notes for the benefit of *both* sides that it did review the contents of all six recently filed discovery motions, including the four addressed here.  The court encourages all counsel to review not only the local rules this court and standing orders of assigned judges, but the legal standards governing discoverability, privilege, and appropriate circumstances for refusal

---

[1] https://www.caed.uscourts.gov/caednew/assets/File/Judge%20Claire%20Standing%20Orders%20(updated%20June%202021).pdf

to answer questions at depositions (as opposed to stating an objection on the record).  The court tursts that, with sophisticated counsel on both sides, the parties will be able to move forward collegially and in compliance with the federal rules and standards that govern discovery.

      For the reasons set forth above, IT IS HEREBY ORDERED that the motions to compel at ECF No. 49, 50, 51, and 52 are each DENIED without prejudice.

      IT IS SO ORDERED.

DATE: July 5, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE