UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA AKKAWI, et al., | No. 2:20-cv-01034-MCE-AC |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| KASRA SADR, et al., | |
| Defendants. | |

Through the present action, Plaintiffs Diana Akkawi, Yasmin Akkawi, Katelyn J. Button, Eric M. Stell, Steve W. Fox, and Edmond Tarverdian (collectively, "Plaintiffs") seek to stop Defendants Kasra Sadr ("Sadr"), the Car Law Firm ("CLF"), the Sadr Law Firm ("SLF"), and Nationwide VIN Marketing ("Nationwide") (collectively, "Defendants") from allegedly acquiring the personal information of vehicle owners from the California Department of Motor Vehicles ("DMV") "by submitting false information requests or by purchasing this information from third parties and then using this information to sell and solicit business in violation of these owners' property and privacy rights . . . ."[1] ECF No. 35, at 4.  Presently before the Court are two motions by Plaintiffs: (1) Motion for Leave to File First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure

---

[1] The DMV was a previous Defendant to this action before it was voluntarily dismissed by all Plaintiffs.  ECF Nos. 9, 10, 39.

1

15(a),[2] ECF No. 35, and (2) Administrative Motion for an Order Vacating the Current Discovery Cut-off, ECF No. 82.  For the reasons set forth below, both Motions are GRANTED.[3]

## ANALYSIS

### A.    Plaintiffs' Motion for Leave to File FAC

Pursuant to Rule 15(a), Plaintiffs seek to amend their Complaint to include Ryan Bancaya ("Bancaya") as a defendant, alleging that he provided Defendants the personal information of thousands of California vehicle owners so Defendants could "send marketing letters to the Plaintiffs and other California vehicle owners to solicit legal business based on the allegation that their vehicles may have frame damage."  ECF No. 35, at 9; see also Ex. B, ECF No. 39-1 ¶ 12.  Generally, a motion to amend is subject to Rule 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, once a pretrial scheduling order is filed pursuant to Rule 16, "that rule's standards control[]."[4]  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992).

Under Rule 16(b), a party seeking leave to amend must demonstrate "good cause," which "primarily considers the diligence of the party seeking the amendment."  Id. at 609.  "Although the existence or degree of prejudice to the party opposing modification might supply additional reasons to deny a motion [to amend], the focus of the inquiry is upon the moving party's reasons for seeking modification."  Id.  "If that party was not diligent, the inquiry should end."  Id.

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

[3] Because oral argument would not be of material assistance, the Court ordered these matters submitted on the briefs.  E.D. Local Rule 230(g).

[4] According to this Court's Initial Pretrial Scheduling Order issued on May 21, 2020, "[w]ithin thirty (30) days of service of the complaint on the last party, . . . the parties shall amend the complaint or join any parties pursuant to the Federal Rules of Civil Procedure.  No other joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown."  ECF No. 5, at 2.

If good cause is found, the court must then evaluate the request to amend the complaint in light of Rule 15(a)'s liberal standard.  If the movant articulates a reason why amendment is needed, the "burden then shifts to the opposing party to persuade the court that 'justice' requires denial."  Stoddart v. Express Servs., Inc., No. 2:12-cv-01054-KJM-CKD, 2015 WL 1812833, at *2 (E.D. Cal. Apr. 20, 2015).  The Court considers five factors in determining whether to permit an amendment to the complaint under Rule 15(a):  (1) whether the amendment was filed with undue delay; (2) whether the movant has requested the amendment in bad faith or as a dilatory tactic; (3) whether the movant was allowed to make previous amendments which failed to correct deficiencies of the complaint; (4) whether the amendment will unduly prejudice the opposing party; and (5) whether the amendment would be futile.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Whether amendment will unduly prejudice the opposing party is the most important factor in a court's analysis under Rule 15(a).  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Defendants first argue that the good cause requirement is not satisfied because the proposed FAC does not allege sufficient facts showing that Bancaya was involved in the alleged conspiracy.  See ECF No. 43, at 3–5 ("[T]o show good cause, Plaintiffs must show facts they have uncovered that shows Ryan Bancaya 'knowingly' obtained or disclosed DMV information, and that he 'knew' that such information was going to be used for an improper purpose.  No facts uncovered show any such facts, and the FAC does not even allege it.").  However, the good cause requirement examines the diligence of the party seeking amendment, not the substance of the proposed amendment.  See Johnson, 975 F.2d at 609.  Here, Plaintiffs state that the information relating to Bancaya was obtained through the deposition of Defendant Sadr on February 10, 2022, and through the production of documentation showing Sadr's monthly payments to Bancaya on April 15, 2022.  ECF No. 35, at 8–9; see also ECF No. 35, at 14 ¶ 5 (declaration from Plaintiffs' counsel) (stating that Plaintiffs "did not know of the existence of Defendant Bancaya and did not know of the sources or methods used by the Defendants to access

information" at the time the Complaint was filed). Within two weeks of the production of documentation, on April 28, 2022, Plaintiffs filed the present Motion. Furthermore, the current discovery deadline is October 1, 2022, which means discovery is still open, and no trial date has been set. Absent a proper reason as to why Plaintiffs have not demonstrated good cause, the Court turns to whether Plaintiffs have satisfied the requirements of Rule 15(a).

Like their good cause argument, Defendants reiterate that the allegations pertaining to Bancaya "are solely conclusory with no supported facts or allegations . . ." See ECF No. 43, at 6–7. For purposes of this Motion, the Court declines to consider such an argument. Although Defendants' arguments concerning the sufficiency of Plaintiffs' proposed allegations against Bancaya may have merit, they should be advanced in a fully briefed motion to dismiss under Rule 12. See Anthony v. Harmon, No. 2:09-cv-02272-MCE-KJM, 2010 WL 4720889, at *2 (E.D. Cal. Nov. 17, 2010) (explaining that "courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.") (citation omitted); Lillis v. Apria Healthcare, No. 12-cv-52, 2012 WL 4760908, at *1 (S.D. Cal. Oct. 5, 2012) (same).

Regarding the prejudice factor, Defendants contend that they "have already conducted all their discovery, including taking depositions of all defendants they wish to depose (5 of 6 defendants)[,]" and that "all written discovery is done by Defendants." ECF No. 43, at 7. Should the Court grant leave to amend, Defendants argue that "Plaintiffs will have to retake 5 depositions and conduct more discovery." Id. However, the need to conduct additional discovery is insufficient to constitute a showing of prejudice.[5] See Adams v. Kraft, No. 10-CV-00602-LHK, 2010 WL 4939440, at *4 (N.D. Cal. Nov. 30, 2010) ("Examples of substantial prejudice include instances in which amendment would create a need to reopen discovery and in which amendment would

---

[5] As such, Defendants' request that Plaintiffs should reimburse Defendants for subsequent discovery, including costs and attorney's fees, is DENIED. See ECF No. 43, at 7.

greatly alter the nature of the litigation at a late hour in the case.") (citing Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).  Here, this is Plaintiffs' first attempt at amending the Complaint, the dispositive motion deadline has not yet passed, and this case has not been set for trial.  The discovery deadline has also not yet expired, and Plaintiff would be entitled to conduct further discovery even if Defendants claim to have finished conducting theirs.

Lastly, given that Defendants' opposition is based on the prejudice and futility factors, in addition to Rule 16(b)'s good cause requirement, the Court resolves the other Foman factors in Plaintiffs' favor.  As a result, the Court finds that leave to file the FAC is appropriate and thus Plaintiffs' Motion for Leave to File FAC is GRANTED.

**B.     Plaintiffs' Administrative Motion to Vacate Current Discovery Cut-off**

Plaintiffs also seek to vacate the current discovery deadline of October 1, 2022, in light of the pending Motion for Leave to File FAC, the need to conduct further discovery should that Motion be granted, and the numerous discovery disputes between the parties.  ECF No. 82, at 3.  Defendants oppose Plaintiffs' request, arguing that it is untimely and improper.  See generally ECF No. 89.  Because the pretrial scheduling order has already been issued in this case, Rule 16(b)'s good cause standard applies.  See Johnson, 975 F.2d at 608.

As set forth above, the Court has now addressed Plaintiffs' Motion for Leave to File FAC, which was filed on April 28, 2022, and granted said motion with the knowledge that Plaintiffs intend to conduct further discovery.  Although Defendants intend to file a motion for summary judgment on October 2, 2022, ECF No. 89, at 3 ¶ 7, such a motion will be moot since Plaintiffs are filing an amended complaint.  Furthermore, there are discovery related motions pending before the assigned magistrate judge, and multiple Joint Statements of Discovery Disagreements have been filed.  See ECF Nos. 65, 78, 88, 90–93.  The magistrate judge recently ruled on Defendants' motion for protective order and Plaintiffs' motions to compel in July 2022.  Overall, the Court finds that good

///

cause exists to extend the discovery deadline by 180 days and therefore, Plaintiffs' Administrative Motion is GRANTED.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Leave to File FAC, ECF No. 35, and Administrative Motion for an Order Vacating the Current Discovery Cut-off, ECF No. 82, are GRANTED.  Plaintiffs shall file their proposed FAC not later than two (2) days from the date this Memorandum and Order is filed.  Non-expert discovery shall be completed no later than one-hundred and eighty (180) days from the date this Memorandum and Order is filed.

IT IS SO ORDERED.

Dated:  September 21, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE