UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA AKKAWI, et al., | No. 2:20-cv-1034 MCE AC |
| Plaintiffs, | |
| v. | ORDER |
| KASRA SADR, et al., | |
| Defendants. | |

This matter is before the court on cross discovery motions: Plaintiff's Motion to Compel the Mailing Group, Inc. to Comply with Subpoena (ECF No. 65, Joint Statement at ECF No. 74) and Defendants Motion for a Protective Order (ECF No. 78, Joint Statement at ECF No. 88). These discovery motions were referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1).

**I.      Relevant Background**

Plaintiffs are suing defendants alleging a conspiracy to acquire their personal and private information from the Department of Motor Vehicles. ECF No. 1 at 2. The complaint alleges that defendants Kasra Sadr, The Car Law Firm, and The Sadr Law Firm used plaintiffs' information the purpose of sending letters to them to solicit representation for litigation against the sellers of the vehicles that plaintiffs purchased. Id. In these letters, defendants made allegations that the sellers of these vehicles may have committed fraud on plaintiffs by selling them a vehicle, which may have frame, body, structural, or major damage, without disclosing the damage. Id. After

1

using this information to solicit legal representation, defendants allegedly transferred plaintiffs' personal information to defendant Nationwide VIN Marketing to sell it to the public online as direct marketing data.  Id.  Plaintiffs allege these actions by the defendants violate the Driver's Privacy Protection Act ("DPPA") at 18 U.S.C. § 2721 et seq. and Cal Veh. Code § 1808 *et seq*. Plaintiffs seek injunctive relief and damages.  ECF No. 1 at 4.

The parties have been participating in discovery.  Defendant Kasra Sadr's deposition was taken on February 10, 2022.  ECF No. 65 at 17.  In response to the question "Who handles the marketing for the Car Law Firm?" Mr. Sadr responded "I handle getting the list from Ryan Bancaya.  Sometimes I have to reach out to other companies, too, to see if they have something better than Ryan's list.  I haven't yet been able to find one.  Then that list gets turned over to Narissa, who then sends it to The Mailing Group.  The Mailing Group does our mailing."  ECF No. 65 at 18-19.  When asked to produce the mailing lists, Mr. Sadr stated that it was deleted around October of 2019, stating "I'm a big delete, in general.  E-mails, anything after one or two years.  Storage Space.  I'm a big shredder."  Id. at 20.  In an effort to obtain the mailing lists, plaintiffs issued a subpoena to non-party TMG, which was also served on defendants' counsel, on or about May 27, 2022.  ECF No. 88 at 2; ECF No. 84.  The subpoena was personally served on TMG on June 2, 2022.  Id.

## II.     Discussion

Plaintiffs move to compel non-party The Mailing Group ("TMG") to comply with an issued subpoena.  ECF No. 65.  The joint statement related to this motion contains the briefing of TMG, plaintiffs, and defendants.  ECF No. 74.  Defendants' cross-motion at ECF No. 78 likewise addresses the TMG subpoena.  The joint statement filed in relation to this motion contains the briefing of plaintiffs and defendants.  ECF No. 88.

A. Legal Standards

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1).  The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

> proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or privilege claim. Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir. 2005).

Under the Federal Rules of Civil Procedure, the method available to limit the breadth or use of a discovery request is a motion for a protective order under Fed. R. Civ. P. 26(c). This rule states in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.] The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

1  Fed. R. Civ. P. 26(c).  Options available to the court include, in part, "forbidding the disclosure or discovery; [ ] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."  Id.  District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted.  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211–12 (9th Cir. 2002).  The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted.  In re Roman Catholic Archbishop of Portland, 661 F.3d 417, 424 (9th Cir. 2011) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)).  As discussed above, the scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26.

With respect to non-party subpoenas, Fed. R. Civ. P. 45 authorizes issuance of a subpoena on a nonparty to cause it "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control...." Fed. R. Civ. P. 45(a)(1)(A)(iii).  In response to the subpoena, the nonparty must serve objections to the request before the earlier of the time specified for compliance or fourteen days after the subpoena is served.  Fed. R. Civ. P. 45(d)(2)(B).  If an objection is made, the serving party may move for an order compelling compliance in the court for the district where compliance is required.  Fed. R. Civ. P. 45(b)(1)(B(i).[1]

A. The Mailing Group Must Comply with the Subpoena

For the reasons set forth below, the  motion to compel is GRANTED and the motion for a protective order is DENIED.  In the joint statement on the motion to compel, TMG states that it has partially responded to the subpoena, and has withheld only a mailing list of just over 10,000 names and addresses, due to the "extremely burdensome method in which TMG was being asked

---

[1] The court notes that standing issues arise when a party brings a motion to quash a non-party subpoena.  Because the motion before the court is a motion for a protective order and not a motion to quash, standing is not an issue.  "In contrast to a motion to quash, a party has standing to seek a protective order to limit discovery from a third party." Krenitsky v. Kirsch, No. 2:18-cv-0690-WBS-DBP, 2020 WL 5017270, at *1 (E.D. Cal. Aug. 25, 2020).

to produce it" and considering the pending motion for protective order. ECF No.74 at 22. Beyond the unexplained reference to burden, TMG makes no substantive contention regarding the subpoena, arguing only that (a) its response is stayed per the pending motion for protective order, (b) that it partially complied, (c) that it wasn't properly served, and (d) that plaintiffs failed to meet and confer. The court rejects TMG's technical arguments because the motion for a protective order is addressed herein, and the matter of this subpoena has been more than amply briefed. Because TMG contends that it withheld only the mailing list, the court concludes that TMG's remaining objection to the subpoena is limited to the mailing list. The mailing list is clearly relevant to the subject of this litigation, described above. TMG does nothing to explain why producing a list of 10,000 names and addresses is "extremely burdensome," and the request is not unduly burdensome on its face. For these reasons, the motion to compel is granted.

As to the motion for a protective order, defendants do not meet their burden. Defendants again make largely technical arguments: that the response to the subpoena is stayed, and that TMG partially complied. ECF No. 88 at 15-17. Defendants also argue that plaintiffs cannot proceed with discovery because plaintiffs have not established an "injury in fact." Id. at 17. Defendants essentially argue that because plaintiffs have not proven their case, discovery cannot proceed. ECF No. 88 at 18. This argument is rejected. The motion for a protective order is denied.

### III. Conclusion

Plaintiffs' motion to compel (ECF No. 65) is GRANTED and defendants' motion for a protective order (ECF No. 78) is DENIED. The Mailing Group is hereby ORDERED to respond fully to the subpoena within 5 days of this order.

IT IS SO ORDERED.

DATED: September 26, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE