UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA AKKAWI, et al., | No. 2:20-cv-1034 MCE AC |
| Plaintiffs, | |
| v. | ORDER |
| KASRA SADR, et al., | |
| Defendants. | |

This matter is before the court on non-party Narissa Nelson's motion to quash a third-party subpoena (ECF No. 108). Also before the court are two motions to quash by non-party Nima Heydari regarding a single third-party subpoena. ECF Nos. 110, 112. Since the second motion is a duplicate of the first, the court DENIES the second motion (ECF No. 112) as MOOT. The motions at ECF Nos. 108 (Nelson motion) and 110 (Heydari motion) are GRANTED on the merits for the reasons explained below.

## I.     Relevant Background

Plaintiffs are suing defendants Kasra Sadr, Car Law Firm, The Sadr Law Firm, Nationwide VIN Marketing, and Ryan Bancaya, bringing claims that arise from defendants' alleged conspiracy to acquire plaintiffs' personal information without plaintiffs' consent for the purpose of sending plaintiffs letters to solicit representation for litigation against the sellers of vehicles that plaintiffs purchased. ECF No. 101 at 2 (First Amended Complaint). At issue are two non-party subpoenas issued by plaintiffs' counsel. Non-party Nima Heydari was personally

1

served, on September 9, 2022, a "Subpoena to Testify at a Deposition in a Civil Action" joined with a Request for Production of Documents, with an appearance date of October 20, 2022.  ECF No. 112 at 2.  Non-party Narissa Nelson was personally served, on September 30, 2022, a "Subpoena to Testify at a Deposition in a Civil Action" joined with a Request for Production of Documents, with an appearance date of October 19, 2022.  ECF No. 108 at 1.  Both Heydari and Nelson seek to quash their respective subpoenas.

## II.     Motion to Quash Third Party Subpoena Legal Standard

A nonparty may be compelled to produce documents and tangible things via a Rule 45 subpoena.  Fed. R. Civ. P. 34(c).  Rule 45 also permits a party to issue a "subpoena commanding the person to whom it is directed to attend and give testimony or to produce and permit inspection of designated records or things."  Fed. R. Civ. P. 45(a)(1)(C).  The recipient may object to a subpoena, or move to quash or modify it.  Fed. R. Civ. P. 45(c)(2), 45(c)(3).  "The district court has wide discretion in controlling discovery" and "will not be overturned unless there is a clear abuse of discretion."  Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir.1988).  "[T]he court that issued the subpoena ... can entertain a motion to quash or modify a subpoena."  S.E.C. v. CMKM Diamonds, Inc., 656 F.3d 829, 832 (9th Cir.2011).  The issuing court *must* quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person-except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
>
> (iii) requires disclosure of privileged or other protected matter if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A).  Additionally, the issuing court *may* quash or modify a subpoena if it requires:

> (i) disclosing a trade secret or other confidential research, development, or commercial information;

>   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
>
>   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

Fed. R. Civ. P. 45(c)(3)(B).

The Federal Rules specifically require parties to avoid creating undue burdens on third parties via subpoenas. Federal Rule of Civil Procedure 45(c)(1) says "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." "This rule imposes obligations on both attorneys and courts; attorneys must obey their duty under the rule, and courts must enforce it." Mount Hope Church v. Bash Back!, 705 F.3d 418, 425 (9th Cir. 2012). "In determining whether a subpoena poses an undue burden, courts weigh the burden to the subpoenaed party against the value of the information to the serving party. Generally, this requires consideration of relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." In re Subpoena of DJO, LLC, 295 F.R.D. 494, 497 (S.D. Cal. 2014) (internal citations and quotations omitted).

Third party subpoenas under Fed. R. Civ. P. 45 are also subject to the limitations of Fed. R. Civ. P. 26. Fed. R. Civ. P. 26(b)(2)(C)(i) requires the court to limit discovery otherwise allowed if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Courts routinely disallow discovery from third parties where the same discovery is easily obtained from a party. Glass Egg Digital Media v. Gameloft, Inc., No. 17-cv-04165-MMC-RMI, 2019 WL 4166780, at *5 (N.D. Cal. Sept. 3, 2019); Nidec Corp. v. Victor Co. of Japan, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant.").

### III.   Discussion

A. Nelson Motion

Non-party Narissa Nelson was personally served, on September 30, 2022, a "Subpoena to Testify at a Deposition in a Civil Action" joined with a Request for Production of Documents with an appearance date of October 19, 2022. ECF No. 108 at 1. Nelson is the office manager for defendant Car Law Firm, and she resides in San Diego, California. ECF No. 108 at 3; ECF No. 116 at 3. At the time Nelson was served with the subpoena from plaintiffs, the date of appearance was less than 20 days away. Id. Nelson contends that she is responsible for four children, ages 3-16 years, and is responsible for childcare drop-offs and pickups. Id. at 4. The subpoena required her personal appearance in Irvine, California. ECF No. 108-1. Nelson faxed plaintiff's counsel objecting to the subpoena, asserting that the proposed deposition location nearly 100 miles from her home was unduly burdensome, and the date suggested was not possible. ECF No. 108-2. Nelson suggested an alternative location, alternative dates for the deposition, and asked that the deposition conclude by 3:30 p.m. so she could pick up her child. ECF No. 108-2 at 2. Plaintiffs' counsel responded stating that he would attempt to be efficient, but the deposition must start by 10 a.m. and continue until completed. ECF No. 108-3. Counsel further stated that he would agree to hold the deposition outside his office only if Nelson or defendants would pay the cost of the conference room. Id. The subpoena also seeks production of documents; each request is related to Nelson's work for The Car Law Firm as an office manager, including requests such as "All COMMUNICATIONS YOU had with any vehicle auctions (including but not limited to Manheim and/or Adesa) on behalf of DEFENDANTS." ECF No. 108-1 at 13.

Nelson's motion to quash is GRANTED for two reasons. First, although asking a third-party to travel roughly 80 miles does not violate the milage limit provided by the relevant Federal Rules, the court finds that in this case it poses an undue burden on the non-party deponent. As the party issuing the subpoena, plaintiff's counsel had the duty to take reasonable steps to avoid undue burden. Here, Nelson proposed an alternative location and alternative dates, and made reasonable requests for accommodations considering her childcare needs. She made a legitimate

showing of undue burden, and plaintiffs' counsel failed in his duty to mitigate the burden. Requiring the non-plaintiff to personally pay the cost of an alternative location within reasonable driving distance from her home is not sufficient.

The court also finds that the documents sought from Nelson are readily available from the defendants in this case. "In determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv) which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, inter alia, that a court must limit discovery if 'the discovery sought . . . is obtainable from some other source that is more convenient, less burdensome, or less expensive.'" Nidec Corp., 249 F.R.D. at 577. Plaintiffs' counsel argues that all of the document requests are "directed solely to Nelson and seek documents in Nelson's possession" and that "[n]one of the documents requested go directly to documents in Defendants' possession." ECF No. 116 at 9. The face of the requests for production contradicts plaintiff's conclusory assertion – many of the RFPs at issue ask for documents created or submitted "on behalf of DEFENDANTS" and all the RFPs ask for documents associated with Nelson's work for defendants. ECF No. 108-1 at 10-13. Plaintiffs do not offer any specific argument as to why these documents are not equally available from the defendants, and the court can think of no reason, considering the plain text of the RFPs, why they would not be equally available from defendant The Car Law Firm.

B. Heydari Motion

Non-party Nima Heydari was personally served, on September 9, 2022, a "Subpoena to Testify at a Deposition in a Civil Action" joined with a Request for Production of Documents with an appearance date of October 20, 2022. ECF No. 112 at 2. Heydari is an attorney employee of The Car Law Firm who, like Nelson, resides in San Diego. ECF No. 110-2 at 2. On October 12, 2022, Heydari sent plaintiffs' counsel a letter stating that the subpoena was unduly burdensome because of the location and timing, with suggestions for less burdensome alternatives. ECF No. 110-2 at 2.

The analysis above with respect to the Nelson applies equally to the Heydari motion, as the subpoenas and circumstances are (except for Nelson's childcare situation) essentially

identical. The Requests for Production issued to Heydari are identical to those issued to Nelson. Compare ECF No. 108-1 and ECF No. 110-1. For all the reasons discussed above, Heydari's motion is also GRANTED.

### IV. Conclusion

Per the discussion above, Narissa Nelson's motion to quash (ECF No. 108) and Nima Heydari's motion to quash (ECF No. 110) are GRANTED. The motion at ECF No. 112 is DENIED as MOOT.

IT IS SO ORDERED.

DATED: December 15, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE