UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA AKKAWI, et al., | No. 2:20-cv-01034 MCE AC |
| Plaintiffs, | |
| v. | ORDER |
| KASRA SADR, et al., | |
| Defendants. | |

Pending before the court is plaintiffs' motion to compel. ECF No. 123. The parties appeared before the court to argue the motion on February 8, 2023. ECF No. 126. Defendant Sadr is a licensed attorney who represents himself individually and the related entity defendants, which are his law practices. Upon full consideration of the written and oral argument, the court GRANTS plaintiffs' motion.

**I.     Relevant Background**

Plaintiffs are suing defendants alleging a conspiracy to acquire their personal and private information from the Department of Motor Vehicles, alleging the following causes of action: Violations of (1) Driver's Privacy Protection Act (18 U.S.C. § 2721 et seq.); (2) Cal. Veh. Code § 1808 et seq.; (3) Conversion; (4) Trespass to personal property; (5) Intrusion into private affairs; (6)  Negligence; (7) Civil conspiracy; (8) Unjust enrichment; (9) Violations of false advertising

1

law (Cal. Bus. & Prof. Code § 17500 et seq.; (10) Violations of unfair competition law (Cal Bus. & Prof. Code § 17200 et seq.), (11) Violation of federal right to privacy; and (12) Declaratory relief.  ECF No. 101 (First Amended Complaint).

The complaint alleges that defendants Kasra Sadr, Car Law Firm, and The Sadr Law Firm used plaintiffs' information the purpose of sending letters to them to solicit representation for litigation against the sellers of the vehicles that plaintiffs purchased.  ECF No. 101 at 2.  In these letters, defendants made allegations that the sellers of these vehicles may have committed fraud on plaintiffs by selling them a vehicle which may have frame, unibody, structural, or major damage, without disclosing this fact.  Id.  After using this information to solicit legal representation, defendants allegedly transferred plaintiffs' personal information to defendant Nationwide VIN Marketing to sell it to the public online as direct marketing data.  Id.  Plaintiffs seek (1) an injunction protecting the public which would prevent defendants from acquiring and using personal information of plaintiff and any other drivers registered with the DMV without their written consent in the future, and (2) damages and relief as permitted by their causes of action.  Id. at 4.

## II.     Motion to Compel Legal Standard

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1).  The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.  Fed. R. Evid. 401.  Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to

2

other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26.  Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1).  If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).  General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or privilege claim.  Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir. 2005).

### III.  Discussion

Plaintiffs have proffered 29 requests for production (ECF No. 123-1 at 12-13) that were originally required to be produced at defendant Kasra Sadr's deposition.  Id. at 15.  An initial motion to compel was denied without prejudice on procedural grounds on July 5, 2022.  ECF No. 64.  The pending motion was filed on January 27, 2023 with an initial hearing date of February 22, 2023.  ECF No. 123.  On the court's own motion the hearing was advanced to February 8, 2023.  ECF No. 124.  The current discovery cutoff is March 20, 2023.  ECF No. 97.

A. The Motion is Timely & Not Limited to Production at a Deposition

Defendant Sadr's primary argument in opposition to plaintiffs' motion is that the motion is untimely.  ECF No. 123-1 at 24.  The motion is not untimely; it was filed with an initial hearing date set for four weeks before the close of discovery.  The court rejects defendant's argument on this point.

At hearing, defendant also argued that he had no obligation to make any production except physically at a deposition because the RFPs were initially issued to require production at his deposition.  This is not the case.  If a deponent fails to bring the documents for production at his actual deposition, that does not forever absolve him from having to produce at all unless another

deposition is scheduled. Such a rule would lead to absurd results. The fact that there is no further scheduled deposition of defendant is irrelevant to defendant's obligation to respond to the pending requests for production.

### B. The Motion is Granted

Plaintiffs have met their initial burden of establishing that its discovery requests are proper by addressing each request individually to explain its relevance. ECF No. 123-1 at 22-24. The burden thus shifts to defendant. Defendant does not address any specific RFP but argues generally that he is not required to produce a privilege log, relying almost entirely on non-binding law from district courts outside the Ninth Circuit. ECF No. 123 at 25-26. Defendant makes no specific argument of relevance, privilege, or work product as to any RFP. Defendant has not met his burden and the motion to compel is therefore GRANTED.

### C. Defendant Has Waived Objections

Although Mr. Sadr verbally asserted generalized, blanket objections of relevance, attorney-client privilege, and work product protection at hearing on the motion, he has never submitted written responses to the requests for production objecting specifically to each request. In Defendant Sadr's deposition on or about February 10, 2022 (ECF No. 123-3), defendant stated that documents he had already produced were "responsive to the 29 requests for production" but that he "did object to some of the production as well." ECF No. 123-3 at 39. As plaintiff's counsel addressed questions one by one, Sadr made general objections. For example, as to RFP No. 4, Sadr stated "I have not provided documents which relate to every person that I've ever[] represented or solicited" . . . "That would just be too burdensome and it would not be related to this matter. It may be attorney-client privilege. Work product." Id. Sadr confirmed that he had not produced a privilege log. Id. On April 7, 2022 Sadr sent a letter regarding his failure to answer questions asked at his deposition. ECF No. 123-6 at 5-6. This letter does not substantively address the RFPs at issue. Id.

Federal Rule of Civil Procedure 34(b)(2)(B) explains how a party is required to respond to requests for production. It states that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the

grounds for objecting to the request, including the reasons.  The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection.  The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."  The Rule goes on to state that any "objection must state whether any responsive materials are being withheld on the basis of that objection.  An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34.  Here, it is undisputed that defendant has never provided anything other than vague, generalized objections; he has not responded, in writing, to any individual RFP.  Defendant, as an attorney, should have been aware that this was required, and if he wasn't, his obligations under the Federal Rules were accurately described in plaintiffs' meet and confer letter dated March 21, 2022.  ECF No. 123-3 at 4.  Much time has passed, and Sadr continues to pursue his generalized objections.

Unless otherwise agreed, a party must respond in writing within 30 days of being served with a Rule 34 request for production, asserting any applicable objections.  Fed. R. Civ. P. 34(b)(2)(A)-(C).  In general, "a failure to object to discovery requests within the time required constitutes a waiver of any objection."  <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1473 (9th Cir. 1992).  Here, defendant has had ample opportunity to properly respond to discovery.  Defendant is an attorney who should be aware of the applicable law, yet defendant continually relies on improper blanket objections, vague assertions of privilege and work product protection, and he refuses to properly respond to discovery.  Because defendant failed to properly make objections despite ample opportunity to do so, his objections are deemed WAIVED.

### IV.  Conclusion

The motion to compel (ECF No. 123) is GRANTED.  Defendant shall produce all responsive documents to RFPs 1-29 within 15 days of this order.

IT IS SO ORDERED.

DATED: February 8, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5