UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA AKKAWI, et al., | No. 2:20-cv-01034 MCE AC |
| Plaintiffs, | |
| v. | ORDER |
| KASRA SADR, et al., | |
| Defendants. | |

Pending before the court is plaintiffs' motion to compel responses to its second set of requests for production. ECF No. 135. The motion was submitted without oral argument. ECF No. 150. Upon full consideration of the arguments, the court DENIES plaintiffs' motion.

**I.      Relevant Background**

Plaintiffs are suing defendants alleging a conspiracy to acquire their personal and private information from the Department of Motor Vehicles, asserting the following causes of action: Violations of (1) Driver's Privacy Protection Act (18 U.S.C. § 2721 et seq.); (2) Cal. Veh. Code § 1808 et seq.; (3) Conversion; (4) Trespass to personal property; (5) Intrusion into private affairs; (6) Negligence; (7) Civil conspiracy; (8) Unjust enrichment; (9) Violations of false advertising law (Cal. Bus. & Prof. Code § 17500 et seq.; (10) Violations of unfair competition law (Cal Bus. & Prof. Code § 17200 et seq.), (11) Violation of federal right to privacy; and (12) Declaratory

1

relief.  ECF No. 101 (First Amended Complaint).

The complaint alleges that defendants Kasra Sadr, Car Law Firm, and The Sadr Law Firm ("Sadr defendants") used plaintiffs' information for the purpose of sending letters to them to solicit representation for litigation against the sellers of the vehicles that plaintiffs purchased. ECF No. 101 at 2.  In these letters, defendants made allegations that the sellers of these vehicles may have committed fraud on plaintiffs by selling them a vehicle which may have frame, unibody, structural, or major damage, without disclosing this fact.  Id.  After using this information to solicit legal representation, the Sadr defendants allegedly transferred plaintiffs' personal information to defendant Nationwide VIN Marketing to sell it to the public online as direct marketing data.  Id.  Plaintiffs seek (1) an injunction protecting the public which would prevent defendants from acquiring and using personal information of plaintiff and any other drivers registered with the DMV without their written consent, and (2) damages and relief as permitted by their causes of action.  Id. at 4.

## II.     Motion to Compel Legal Standard

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1).  The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.  Fed. R. Evid. 401.  Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Relevance, however, does not establish discoverability; in

2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or privilege claim. Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir. 2005).

### III. Discussion

#### A. Plaintiff's Motion

At issue are defendants' responses to plaintiffs' requests for production 51-62; these responses were initially due in November of 2022. ECF No. 135 at 6. Following significant delay and ineffective communications between the parties, the present motion to compel was filed without a joint statement; defendants filed a separate opposition. ECF No. 146. In the opposition, defendants demonstrate that they did (albeit belatedly) fully respond to all the requests for production. ECF No. 146, Exhibits 12 and 13. Plaintiffs did not file any reply briefing contending that the responses were inadequate, nor did they withdraw the motion. Although defendants largely responded that after a diligent search no responsive documents existed, defendants supported these responses in their briefing and plaintiffs offered no rebuttal or suggestion that responsive documents do, in fact, exist. ECF No. 146 at 9-11. Because the RFPs have been responded to, the motion to compel is denied.

#### B. Fees and Sanctions

Both parties request fees and sanctions with respect to this discovery dispute. ECF Nos. 135, 146. Federal Rule of Civil Procedure 37(a)(5)(B) states that when a motion to compel is denied, reasonable expenses and fees must be granted unless "the motion was substantially justified, or other circumstances make an award of expenses unjust." Here, defendants'

unreasonable delay in responding and uncooperative discovery tactics necessitated the motion. An award of fees or expenses to any party would be unjust under the circumstances of this case.

### IV.  Conclusion

The motion to compel, ECF No. 135, is DENIED.  No fees or sanctions are ordered.

IT IS SO ORDERED.

DATED: March 9, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE