UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA AKKAWI, et al., | No. 2:20-cv-01034 MCE AC |
| Plaintiffs, | |
| v. | ORDER |
| KASRA SADR, et al. | |
| Defendants. | |

This matter is before the court on plaintiffs' motion for discovery sanctions. ECF No. 130; see E.D. Cal. R. 302(c)(1). The motion was filed on February 10, 2023, and an opposition was filed on February 27, 2023. ECF No. 147. A supplemental opposition was filed on March 15, 2023. ECF No. 160. On April 5, 2023, this case was temporarily stayed. ECF No. 175. The stay was lifted on August 11, 2023. ECF No. 186. The motion for sanctions was re-noticed for hearing on the papers on September 20, 2023. ECF No. 189. After a thorough consideration of the briefing, the undersigned DENIES the motion.

## I.  BACKGROUND

Plaintiffs are suing defendants alleging a conspiracy to acquire their personal and private information from the Department of Motor Vehicles, alleging the following causes of action: Violations of (1) Driver's Privacy Protection Act (18 U.S.C. § 2721 et seq.); (2) Cal. Veh. Code § 1808 et seq.; (3) Conversion; (4) Trespass to personal property; (5) Intrusion into private affairs;

1

(6) Negligence; (7) Civil conspiracy; (8) Unjust enrichment; (9) Violations of false advertising law (Cal. Bus. & Prof. Code § 17500 et seq.; (10) Violations of unfair competition law (Cal Bus. & Prof. Code § 17200 et seq.), (11) Violation of federal right to privacy; and (12) Declaratory relief.  ECF No. 101 (First Amended Complaint).

The complaint alleges that defendants Kasra Sadr, Car Law Firm, and The Sadr Law Firm used plaintiffs' information for the purpose of sending letters to them to solicit representation for litigation against the sellers of the vehicles that plaintiffs purchased.  ECF No. 101 at 2.  In these letters, defendants made allegations that the sellers of these vehicles may have committed fraud on plaintiffs by selling them a vehicle which may have frame, unibody, structural, or major damage, without disclosing this fact.  Id.  After using this information to solicit legal representation, defendants allegedly transferred plaintiffs' personal information to defendant Nationwide VIN Marketing to sell it to the public online as direct marketing data.  Id.  Plaintiffs seek (1) an injunction protecting the public which would prevent defendants from acquiring and using personal information of plaintiff and any other drivers registered with the DMV without their written consent in the future, and (2) damages and relief as permitted by their causes of action.  Id. at 4.

## II.  ANALYSIS

Plaintiffs seek discovery sanctions against defendants for spoliation, alleging that due to Kasra Sadr and Car Law Firm's "aggressive, and likely non-State Bar compliant document retention policies," relevant and discoverable documents related to communications with defendant Bancaya and maligning lists have been destroyed, and new discoverable documents continue to be destroyed.  ECF No. 130 at 3.  Plaintiffs seek adverse jury instructions or terminating sanctions against defendants.  ECF No. 130 at 18-21.

The threshold question – before the issue of potential sanctions can be reached – is whether spoliation occurred.  Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation.  Kearney v. Foley & Lardner, LLP, 590 F.3d 638, 649 (9th Cir. 2009).  Federal Rule of Civil Procedure 37(e) provides the elements for spoliation of electronically stored information ("ESI").

Under Rule 37(e), spoliation occurs if: (1) the relevant ESI "should have been preserved" for the litigation; (2) it "is lost because a party failed to take reasonable steps to preserve it"; and (3) it "cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). "The moving party bears the burden of establishing that spoliation occurred by demonstrating that the non-moving party destroyed the documents and had some notice of the document's relevance to the litigation before they were destroyed." Deerpoint Grp., Inc. v. Agrigenix, LLC, No. 1:18-cv-00536-AWI-BAM, 2022 WL 16551632, at *11 (E.D. Cal. Oct. 31, 2022). The applicable standard of proof is a preponderance of the evidence. Id.

At issue are mailing lists obtained from Mr. Bancaya by Mr. Sadr, and communications between Mr. Bancaya and Mr. Sadr. Plaintiff puts forth deposition testimony from Mr. Sadr, dated February 10, 2022, in which Mr. Sadr stated that he obtains the mailing lists, gives them to The Mailing Group ("TMG") for mailers to be sent out, and retains a copy of the list for about 6 months or until the last mailer is sent. ECF No. 130 at 50-51. Mr. Sadr testified that he keeps copies of the template letters, but not a copy of each individual letter sent out. Id. at 53. He went on to state that he communicates with Mr. Bancaya through an application called "Sessions," which allows for private messages and automatically deletes records of the conversation after a week. Id. at 55.

Mr. Sadr sat for a second deposition on November 18, 2022. Id. at 81. At this deposition he testified that he has continued to delete incoming mailing lists since the prior deposition, and stated that he would not agree to give plaintiffs any more lists because they were not relevant to the litigation. Id. at 83-84. The deposition transcript reflects that plaintiffs' counsel asked Mr. Sadr to place a litigation hold on new lists received from Mr. Bancaya, and Mr. Sadr declined, stating "Anything new, I don't think its subject to the litigation." Id. at 84. In a letter dated January 31, 2023, plaintiffs sent Mr. Sadr a letter stating that on or about May 29, 2020, they sent defendants a demand for a litigation hold. ECF No. 130 at 88. Plaintiffs asked Mr. Sadr to stipulate to an adverse jury instruction, a presumption that all deleted/lost information was unfavorable to defendants, and an order requiring preservation of all ESI, documents, and tangible things. Id. at 190. Mr. Sadr did not respond.

The court is not persuaded that spoliation occurred here. It appears that the parties were in reasonable dispute as to whether ongoing lists should have been preserved as of November 18, 2022. The issue of discoverability would have needed to be resolved before the court can conclude that spoliation occurred. This is not a case in which a clear court order was violated, and the testimony provided does not establish by a preponderance of the evidence that plainly relevant and discoverable documents were destroyed. Further, plaintiffs state that on or about November 14, 2022, TMG acquired new counsel and provided new mailing lists that substantially differed from their initial production, which plaintiffs argue indicates that Mr. Sadr colluded with TMG's original counsel to produce a fake list. ECF No. 130 at 23-24. This unsupported conclusion aside, the fact that TMG has now made a substantive production of lists that plaintiffs believe to be authentic cuts against a finding of spoliation because it appears the documents have been or can be uncovered through additional discovery. In summary, the court cannot conclude that spoliation occurred. Thus, no sanctions are warranted.

### III.  CONCLUSION

For all the reasons explained above, IT IS HEREBY ORDERED that the motion for sanctions at ECF No. 130 is DENIED.

DATED: October 5, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE