UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA AKKAWI, et al., | No. 2:20-cv-1034 MCE AC |
| Plaintiffs, | |
| v. | ORDER |
| KASRA SADR, et al., | |
| Defendants. | |

This matter is before the court on defendants' motion to quash third party subpoenas. ECF No. 192. For the reasons set forth below, the motion is DENIED for lack of standing.

**I.   Relevant Background**

Plaintiffs are suing defendants Kasra Sadr, Car Law Firm, The Sadr Law Firm, Nationwide VIN Marketing, and Ryan Bancaya, bringing claims that arise from defendants' alleged conspiracy to acquire plaintiffs' personal information without plaintiffs' consent for the purpose of sending plaintiffs letters to solicit representation for litigation against the sellers of vehicles that plaintiffs purchased. ECF No. 101 at 2 (First Amended Complaint). Relevant here, on August 11, 2023, District Judge Morrison C. England, Jr. issued an order reopening discovery for 90 days "for the following limited purposes only:  (a) serve subpoenas on and conduct depositions of Heydari and Nelson and (b) obtain discovery from Bancaya." ECF No. 186 at 16 (emphasis in original). On August 21, 2023, at plaintiffs' request, the Clerk of Court entered default against defendant Bancaya. ECF Nos. 187, 188. On October 10, 2023, defendants made

the motion at bar, seeking to quash subpoenas issued to third parties seeking information regarding defendant Bancaya. ECF No. 192.

## II.   Analysis

A nonparty may be compelled to produce documents and tangible things via a Rule 45 subpoena. Fed. R. Civ. P. 34(c). Rule 45 also permits a party to issue a "subpoena commanding the person to whom it is directed to attend and give testimony or to produce and permit inspection of designated records or things." Fed. R. Civ. P. 45(a)(1)(C). The recipient may object to a subpoena, or move to quash or modify it. Fed. R. Civ. P. 45(c)(2), 45(c)(3). "The district court has wide discretion in controlling discovery" and "will not be overturned unless there is a clear abuse of discretion." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir.1988). "[T]he court that issued the subpoena ... can entertain a motion to quash or modify a subpoena." S.E.C. v. CMKM Diamonds, Inc., 656 F.3d 829, 832 (9th Cir.2011).

"The Ninth Circuit has yet to address the question of whether a party has standing to bring a motion to quash since usually only the subpoenaed non-party may move to quash. The general rule, however, is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc., 299 F.R.D. 638, 643 (E.D. Cal. 2014) (citing Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997)). Defendants' only argument in support of their motion is that the third-party motions exceed the scope of Judge England's order extending discovery for limited, specified purposes. ECF No. 192 at 6. They lack standing, under the rule cited above, to forward this argument. Indeed, in their reply briefing, defendants acknowledge the case law regarding standing and state that they "understand the position the Court must take if it opts to proceed with the position that under the general rule . . . defendants lack standing to object to the subpoenas[.]" ECF No. 197 at 4. Defendants conclude by asking the court to either grant the motion to quash despite the issue of standing, or in the alternative, to issue an order to show cause regarding contempt for violation of a court order, directed at the plaintiff. ECF No. 197 at 5. Defendants also ask the court to allow them to make a motion for an order to show cause regarding contempt. Id.

The court finds no reason to depart from the ordinary rule regarding standing to bring a motion to quash third party subpoenas. Because defendants lack standing, their motion to quash (ECF No. 197) is DENIED. The undersigned also declines defendants' invitation to issue an order to show cause regarding plaintiffs' adherence to Judge England's order. The undersigned also declines to issue any advisory opinion or ruling regarding motions that defendants themselves may or may not choose to bring.

### III.   Conclusion

For the reasons stated above, defendants' motion to quash (ECF No. 192) is DENIED for lack of standing.

IT IS SO ORDERED.

DATED: November 8, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE