UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA AKKAWI, et al., | No. 2:20-cv-01034-MCE-AC |
| Plaintiffs, | |
| v. | **ORDER** |
| KASRA SADR, et al., | |
| Defendants. | |

Through this action, Plaintiffs Diana Akkawi, Yasmin Akkawi, Katelyn J. Button, Eric Stell, Steve W. Fox, and Edmond Tarverdian (collectively, "Plaintiffs") seek to recover damages and obtain injunctive relief against Defendants Kasra Sadr ("Sadr"), the Car Law Firm ("CLF"), the Sadr Law Firm ("SLF"), and Nationwide VIN Marketing ("Nationwide") (collectively, "Defendants").[1]  On December 6, 2023, Defendants filed two notices of motions for summary judgment with no supporting documents, which caused the Court to revisit the instant docket.  The Court observes that over the course of several years the parties have buried each other in paper, aggressively prosecuting and defending their positions in this action.  That observation would be unremarkable if that was the end of the Court's assessment, but it is not.  Instead, the Court finds that for all

---

[1] Default has been entered against additional Defendant Ryan Bancaya, but no motion for default judgment has been filed.

1

of the parties' heavy-handing tactics of over-litigating their positions, they have demonstrated remarkably little regard for the Court's orders, the applicable rules, the rule of law, or any notions of efficiency. The Court elaborates some here, but its recitation is not intended to be exhaustive.

On June 22, 2020, Plaintiffs filed a motion for temporary restraining order. ECF No. 12. The Court denied that motion, but not before noting that Defendants had failed to address the bulk of the legal standards applicable to a request for injunctive relief. See ECF No. 28 at 4 n.4 ("In reaching its decision, the Court notes that Defendants' Opposition brief offered little to no assistance. Defendants simply state that Plaintiffs' information was not obtained from the DMV, but then devote significant discussion to arguing that if the information came from the DMV, CLF would be entitled to access that information. See Defs.' Opp. at 8–12. Defendants did not even address irreparable harm, balance of equities, or public interest. See generally id. The Court wants to make clear that its decision to deny Plaintiffs' Application was based on Plaintiffs' failure to make the requisite showing for injunctive relief and not on an acceptance of facts or legal arguments advanced by Defendants.").

The Court subsequently denied motions to dismiss filed by Defendants, ECF Nos. 21, 22. See ECF No. 30. It again found Defendants' arguments unhelpful because Defendants tried to avoid inconvenient facts by instead confusing the issues with vague and off-point arguments. Id. at 10 n.7. Defendants also improperly sought to have the Court take judicial notice of 41 exhibits not referred to in the complaint and/or the authenticity or relevance of which was contested. Id. at 14 n. 8.

Lest one begin to feel badly for Plaintiffs, make no mistake that they are just as guilty. In opposition to those motions to dismiss, Plaintiffs filed 366 pages of evidentiary objections to one nine-page declaration. In no world is 366 pages even remotely necessary to file objections to a declaration, especially a declaration that should not have been filed in the first place and could not be considered in connection with a motion brought under Federal Rule of Civil Procedure 12(b)(6). Id.

Defendants subsequently filed two motions for a protective order. ECF Nos. 37, 40. The magistrate judge determined they were duplicative of one another, denied one for failure to comply with the applicable rules, and denied the other as moot. See ECF No. 63 at 2 ("As the moving party, it is defendants' obligation to ensure meet and confer requirements are met and that a joint statement is filed. Because defendants, the moving party, did not satisfy the joint discovery statement requirement and it is unclear that Local Rule 251(b)'s meet and confer requirement were met (no specific information regarding meet and confer attempts or supporting documents were provided), the motion to compel discovery will be denied without prejudice."). Rather than file an amended motion for protective order, Defendants had simply filed a second motion, which required the magistrate judge to evaluate both to determine whether new arguments were raised. This pattern is repeated ad nauseam as detailed below. Moreover, Defendants ignored the procedural requirements applicable to seeking protective relief in the first place, again wasting the court's time.

In the meantime, Plaintiffs filed four motions to compel. ECF Nos. 49-52. In denying those motions, the magistrate judge reasoned:

> With respect to two of the motions to compel, each of which address conduct at depositions, joint statements were filed. ECF Nos. 49 and 51. The motion at ECF No. 49 has an associated joint statement at ECF No. 59. The joint statement, which is improperly drafted as two separate briefs attached together in one document, is 43 paged long. ECF No. 49. The motion at ECF No. 51 has a mis-labeled associated joint statement at ECF No. 60. This joint statement is also improperly drafted as two separate briefs in one document, and is 69 pages long. Both of these motions and their associated joint statements are out of compliance with the Local Rules of this court and the undersigned's standing orders.
>
> The motions at ECF No. 50 and ECF No. 52, both of which seek to compel production of documents, do not have associated joint statements. Instead, defendants filed separate oppositions to the motions. ECF Nos. 57 and 58. Neither pending motion falls into the joint statement exception at Local Rule 251(e)(1), which exists for circumstances in which an oppositing [sic] party is not participating in discovery at all. Here, as is apparent by the fact that both motions were opposed, a joint statement was certainly possible. The parties

3

> are clearly in communication with each other and are expected to be able to file joint statements.
>
> Because plaintiffs, the moving party, did not adequately satisfy Local Rule 251's joint discovery statement requirement and did not comply with the standing orders of this court, the motions to compel discovery will be denied without prejudice. See e.g., U.S. v. Molen, 2012 WL 5940383, at *1 (E.D.Cal. Nov. 27, 2012) (where a party fails to comply with Local Rule 251, discovery motions are denied without prejudice to re-filing).
>
> The court notes for the benefit of *both* sides that it did review the contents of all six recently filed discovery motions, including the four addressed here. The court encourages all counsel to review not only the local rules this court and standing orders of assigned judges, but the legal standards governing discoverability, privilege, and appropriate circumstances for refusal to answer questions at depositions (as opposed to stating an objection on the record). The court tursts [sic] that, with sophisticated counsel on both sides, the parties will be able to move forward collegially and in compliance with the federal rules and standards that govern discovery.

ECF No. 64 at 2-3. Again the parties' wasted scarce judicial resources by filing multiple deficient motions in disregard of the local rules.

After that order issued, Plaintiffs again filed four separate motions to compel, but this time as one docket entry. ECF Nos. 77. The magistrate judge ruled on that/those motions as well:

> This matter is before the court on four motions to compel from plaintiff, erroneously filed in one docket entry at ECF No. 77, but briefed with four separate joint statements, two of which are identical (ECF Nos. 90 and 92), and one of which is not a joint statement but an affidavit pursuant to Local Rule 251(d) (ECF No. 93). These discovery motions were referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1).
>
> The document filed at ECF No. 92 is STRICKEN because it is a duplicate. The court will rule on the remaining briefed discovery motions: ECF No. 90: Motion to Compel Responses to Requests for Production of Documents Not Produced by Defendant VIN; ECF No. 91: Motion to Compel Responses to Questions not Answered by Defendant Kasra Sadr for Himself and Defendant Nationwide VIN Marketing in their Deposition; and ECF No. 93: Motion to Compel Responses to Questions not Answered by Deponent Richard Trefflich at his Deposition.

ECF No. 102. This Court will venture to say that it took the magistrate judge considerable time to decipher these filings, time that could have been better spent on the

4

myriad of other cases over which that court presides.

Plaintiff later filed another motion to compel, after which the parties attempted to stipulate to continue the hearing date. ECF Nos. 123, 125. The magistrate judge rejected that stipulation:

> The parties have filed a stipulation to continue the hearing on plaintiffs' motion to compel (ECF No. 123), which the court had advanced to February 8, 2023. ECF Nos. 124 (minute order advancing hearing) ECF No. 125 (stipulation to continue hearing). The motion to compel was originally noticed for hearing on February 22, 2023. ECF No. 213. The court is unavailable on that date and the dispute has already been fully briefed, so the hearing was advanced to ensure its resolution prior to the close of discovery on March 20, 2023. See ECF No. 97 (resetting discovery deadline). The parties now stipulate to move the hearing "to March 22, 2023, or a date thereafter convenient for this court." ECF No. 125-1 at 2.
>
> The date is requested "in light of a prior obligation." ECF No. 125-1 at 2. That obligation is unspecified. The stipulation reads: "… all attorneys of record for the Parties are not aware of any prejudice to the Parties or any witness in the case that will be caused by the requested continuance." ECF No. 125-1. This statement is perplexing because all counsel should be well aware that moving the hearing on this motion to a date after discovery closes will result in the motion being denied as untimely.
>
> For the reasons state above, IT IS HEREBY ORDERED that:
>
> 1. The stipulation to continue the hearing (ECF No. 125) is DENIED. If plaintiffs wish to forego their right to having the pending motion to compel heard, they may withdraw it.
>
> 2. Any counsel that does not appear for the Zoom hearing on February 8, 2023 at 10:00 a.m. before the undersigned—or make arrangements for alternative counsel to specially appear on behalf of their client, prepared to argue the motion—will be subject to monetary sanctions to be paid directly by counsel in an amount the court deems appropriate.

ECF No. 126 at 1-2. It should go without saying that it is the parties' obligation to keep track of their deadlines and to prioritize their case. It should not fall to the magistrate judge to remind them of the applicable deadlines.

Multiple additional motions were subsequently filed, including a new motion to compel. ECF No. 135. The magistrate denied this motion as well:

> At issue are defendants' responses to plaintiffs' requests for

5

> production 51-62; these responses were initially due in November of 2022. ECF No. 135 at 6. Following significant delay and ineffective communications between the parties, the present motion to compel was filed without a joint statement; defendants filed a separate opposition. ECF No. 146. In the opposition, defendants demonstrate that they did (albeit belatedly) fully respond to all the requests for production. ECF No. 146, Exhibits 12 and 13. Plaintiffs did not file any reply briefing contending that the responses were inadequate, nor did they withdraw the motion. Although defendants largely responded that after a diligent search no responsive documents existed, defendants supported these responses in their briefing and plaintiffs offered no rebuttal or suggestion that responsive documents do, in fact, exist. ECF No. 146 at 9-11. Because the RFPs have been responded to, the motion to compel is denied.

ECF No. 151 at 3. Not only did the magistrate judge point out once again the parties' unwillingness to comply with the local rules and their apparent inability to communicate effectively, but that court was required to expend unnecessary resources ruling on a dispute that had already resolved itself.

Moreover, this motion was just one of many filed during this time. Plaintiffs also filed a motion for sanctions (ECF No. 130) and another motion to compel that was duplicative of the one just discussed above (ECF No. 134). The latter motion was later denied as moot (ECF No. 142). After that motion had already been denied, however, Plaintiffs nonetheless purported to withdraw it as well. ECF No. 144. Plaintiffs then went on to file additional duplicative motions to compel (ECF Nos. 136, 138), after which Defendants filed a motion for summary judgment (ECF No. 137).[2] Plaintiffs filed a motion to vacate discovery cut-off (ECF No. 140), and they then filed four Motions for Alternative Service (ECF Nos. 154, 161, 164, 165), two of which were stricken as duplicative of the others (ECF No. 166). The magistrate judge denied one of Plaintiffs' motions to compel because it was brought in the wrong district. ECF No. 168. Plaintiffs were directed to renotice their motions for alternative service, which they did (ECF Nos.

---

[2] In this motion, Defendants superseded their arguments filed in their motion to dismiss at ECF No. 107, but they did not otherwise notify the Court that the earlier motion was withdrawn. The Court admonished the parties that "Counsel is cautioned that, in the future, they must file a proper notice of withdrawal of motion, and that any further violations of federal or local rules of court will result in sanctions of the offending party, in an amount reportable to the State Bar of California, without further notice." ECF No. 182.

171-172), after which Defendants filed a new motion to dismiss (ECF No. 174).

Eventually this Court issued an order putting a stop to the onslaught of duplicative and confounding filings:

> 2) The Amended Motion to Dismiss filed at ECF No. 174 is STRICKEN as improperly filed. See Local Rule 230(a). The Motion to Dismiss at ECF No. 107 is fully briefed and remains submitted before this Court. The Clerk of Court is directed to reinstate and resubmit ECF No. 107. Counsel is strongly admonished for attempting to amend a fully briefed motion causing an unnecessary expenditure of judicial economy. Any further filings of this nature will be disregarded and/or result in sanctions upon the filing counsel without further notice of this Court.
>
> . . . .
>
> 5) The case is STAYED in its entirety and all hearings, due dates, and deadlines set before Senior District Judge Morrison C. England, Jr. are VACATED. No further motions will be considered by this Court until such time as orders resolving the parties' currently submitted motions are filed. If necessary, the Court will issue an amended pretrial scheduling order.
>
> Counsel in this matter are strongly cautioned that any further failure to comply with this Court's orders and the local and federal rules of court, will result in the imposition of sanctions, up to and including terminating sanctions upon no further notice to the parties.

ECF No. 175 at 1-2. The Court eventually addressed the submitted motions in a written order and lifted the stay. ECF Nos. 186.

This brings us to the present. Defendants have now noticed two motions for summary judgment before this Court, one for hearing in the past and one for hearing next year. ECF Nos. 199, 200. No supporting documents were filed whatsoever. This is unacceptable.

By itself any one of the foregoing filing snafus would be tolerable and could be overlooked. Taken together and as a whole, however, it is clear that both sides have turned this case into a proverbial dumpster fire in a district where limited resources are already stretched too far. It is no secret that the Eastern District of California has long suffered from too few judges to handle its overwhelming case load. There is no room for

inept lawyering, especially to the degree evidenced in this case.[3]  The Court has no choice but to try to save its own sanity and that of its staff.  Accordingly, it is hereby ordered that:

1. Defense counsel is SANCTIONED in the amount of $500.  Not later than five (5) days following the date this Order is electronically filed, counsel shall deposit those funds with the Clerk of the Court;
2. The Motions for Summary Judgment filed at ECF Nos. 199 and 200 are DENIED;
3. Any other currently outstanding motions are DENIED as well.
4. Until further notice, no new filings shall be permitted without leave of the Court;
5. Not later than ten (10) days following the date this Order is electronically filed, the parties are directed to file a Joint Status Report ("JSR") advising the Court as to the status of this action and including a list of motions both sides anticipate filing.
6. Failure to timely file a JSR, or the filing of individual rather than joint statements, will result in the imposition of sanctions in an amount reportable to the State Bar of California upon no further notice to the parties.
7. Upon review of the JSR, the Court will issue a further scheduling order.

IT IS SO ORDERED.

Dated:  December 14, 2023

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] To be clear, the Court concludes that while the foregoing demonstrates a willful disregard for the rules and for other people, it does not yet find that the parties' failures were the result of subjective bad faith.  See Hanlon's razor ("Never attribute to malice that which can be adequately explained by incompetence.").  If the parties continue to engage in the same conduct after this admonishment, however, it will be much harder for the Court to reach the same conclusion.