James Sifers, Esq. (SBN 259105)
jsifers@madisonlawapc.com
Susanna F. Wiseman, Esq. (SBN 281234)
swiseman@madisonlawapc.com
Alexis A. Jugan, SBN 340699
ajugan@madisonlawapc.com
**MADISON LAW, APC**
17702 Mitchell North
Irvine, California 92614
Telephone: (949) 756-9050
Facsimile: (949) 756-9060

Attorneys for Plaintiffs Diana Akkawi, Yasmin Akkawi, Katelyn J. Button, Eric Stell, Steve W. Fox, and Edmond Tarverdian

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIANA AKKAWI, an individual; YASMIN AKKAWI, an individual; KATELYN J. BUTTON, an individual; ERIC STELL, an individual; STEVE W. FOX, an individual; EDMOND TARVERDIAN, an individual;<br><br>Plaintiffs,<br>v.<br><br>KASRA SADR, an individual; CAR LAW FIRM, a business entity form unknown; THE SADR LAW FIRM, a professional law corporation; NATIONWIDE VIN MARKETING, a business entity form unknown; CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, an Agency of the State of California; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2;20-cv-01034-MCE-AC<br>Assigned to: Senior Judge Morrison C. England Jr. and Magistrate Judge Allison Clair<br><br>**JOINT STATUS REPORT**<br><br>Action Filed: May 20, 2020<br>Trial Date:   None Set |

Pursuant to the Court's December 14, 2023, Order, Plaintiffs Diana Akkawi, Yasmin Akkawi, Katelyn J. Button, Eric Stell, Steve W. Fox, and Edmond Tarverdian ("Plaintiffs"), through their counsel of record; James S. Sifers of Madison Law, APC; and Defendants Kasra Sadr ("Defendant Sadr"), Car Law Firm ("Defendant CLF"), The Sadr Law Firm ("Defendant SLF"), and Nationwide VIN Marketing ("Defendant Nationwide") (collectively "Defendants"), through their counsel of record; Kasra Sadr of The Sadr Law Firm, met and conferred on December 14, 2023, with regard to the current status of the case, and further consulted by e-mail thereafter. Plaintiffs and Defendants are jointly referred to as the "Parties." As a result of that conference, the Parties submit the following Joint Status Report:

## A. **JOINT STATUS REPORT**

1. **CASE STATUS:** On or about August 11, 2023, the Court issued its Memorandum and Orders ("Order") (ECF No. 186) regarding, among other things, Plaintiffs' second Administrative Motion for an Order Vacating the Current Discovery Cut-off. The Order granted Plaintiffs leave to serve Non-Parties Narissa Nelson ("Nelson") and Nima Heydari ("Heydari") with a deposition subpoena and the Order to their respective places of residence and office of employment.

    a. By the time the Order has been issued, however, Defendants contend that Narissa Nelson no longer worked for the Sadr Law firm and had moved from her residence, leaving the State of California entirely. There is a dispute as to whether or not Narissa Nelson was ever sub-served of the original Notice of Deposition, however Plaintiffs contend that she was served as outlined in the Order. The very same day Narissa Nelson was attempted to be sub-served at

her old employment, Plaintiffs counsel was informed that she no longer worked at that employment and that she had left the State entirely. Defendants contend that Nelson never received actual Notice of any deposition subpoena and was never served at her residence or employment, since by the time she was "sub-served" she no longer lived at her old residence or worked at her old employment.  Defendants have not provided Plaintiffs with any forwarding address or any other contact information for Nelson.

2. On or about August 16, 2023, Plaintiffs' counsel issued deposition subpoenas to Nelson and Heydari, which required both parties to appear for their depositions on October 10, 2023.  On or about October 10, 2023, Plaintiffs' counsel appeared for the depositions of Nelson and Heydari. While Heydari appeared for his deposition, Nelson failed to appear, and a non-appearance was subsequently taken.  As such, on or about November 27, 2023, Plaintiffs filed a Motion for Orders Compelling Narissa Nelson to Comply with the subpoena pursuant to FRCP 45 in the Southern District of California, Case Number 23CV2168-W(BLM) ("Motion").  In this Motion, Plaintiffs also requested that the court in the Southern District transfer enforcement of the subpoena to this Court for the sake of judicial economy.

    a. The Motion, however, was filed in the Southern District of California and Defendants contend that Narissa Nelson no longer lives in California, and that District is not the correct district for the motion. Further, the Motion itself was never served on her.  The Court, in that matter ordered Nelson to be served with the Motion by December 6, 2023, which Plaintiffs contend they have done.  Defendants contend that Nelson has not received actual notice of the motion.  Finally, Defendants contend that the matter is in front of the wrong court as Nelson does not live in California.

3. The Southern District set a briefing scheduling on the Motion and Nelson has until December 29, 2023, to oppose the Motion, Plaintiffs have until January 5, 2024, to file a Reply.

4. In addition to the Motion, Plaintiffs, on or about September 25, 2023, issued subpoenas to Nonparties requesting information and documents pertaining to Defendant Ryan Bancaya ("Defendant Bancaya"). Currently, Plaintiffs' counsel is working with the subpoenaed Non-Parties to have the requested information and documents produced, if any. Plaintiffs anticipate that production of the documents should be completed by February of 2024.

   a. The Subpoena requests, Defendants claim, are outside the limited scope of are past the latest discovery deadline and outside the limited scope set by the court. (The court did not open discovery fully, but rather in a limited fashion). Defendants have objected as to time and scope, but Plaintiffs continue to move ahead despite the objections.

5. **MOTIONS:** Defendants plan to file a motion for summary judgment, as the original motion for summary judgment filed in this matter was denied "without prejudice". After the last discovery deadline came and went, Defendant served notice for a new Motion for Summary Judgment, but the court sanctioned Defendants' counsel $500 for violating the stay placed on this matter. Defendant's counsel had mistakenly believed that by the court granting additional time for discovery and denying the original motion for summary judgment "without prejudice" that Defendants are allowed to re-file their motion for summary judgment after the new discovery deadline.

6. A second motion is anticipated by Defendants to exclude any evidence garnished from a claim violation of the discovery deadline and scope.

**7. TRIAL READINESS:** The Parties will be ready for trial after discovery is complete, any motion relating to the discovery scope is heard, and after a motion for summary judgment may be heard on the matter. If trial is necessary, the parties anticipate that this case will require 7-10 days.

Respectfully submitted on this 19th day of December, 2023, by:

                MADISON LAW, APC

                /s/ James S. Sifers
                James S. Sifers,
                Attorney for Plaintiffs

Respectfully submitted on this 19th day of December, 2023, by:

                CAR LAW FIRM

                /s/ Kasra Sadr
                Kasra Sadr
                Attorneys for Defendants

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060