UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA AKKAWI, et al., | No. 2:20-cv-01034-MCE-AC |
| Plaintiffs, | |
| v. | **SUPPLEMENTAL PRETRIAL SCHEDULING ORDER** |
| KASRA SADR, et al. | |
| Defendants. | |

This action is assigned to the Honorable Morrison C. England, Jr.  Pursuant to the provisions of Rule 16 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

**I.    DISCOVERY**

Discovery is CLOSED.[1]

**II.    DISPOSITIVE MOTIONS**

The parties shall file dispositive motions, with the exception of any motion for default judgment, no later than ninety (90) days from the date this Order is electronically

---

[1] On August 11, 2023, this Court issued an order reopening discovery for ninety (90) days for the limited purposes of: (1) serving subpoenas on and conducting depositions of non-parties Heydari and Nelson; and (2) obtaining discovery from Defendant Ryan Bancaya.  Those ninety (90) days have passed, and no motion to modify the scheduling order was filed to attempt to extend that timeframe.

filed.[2]  Any motion for default judgment shall be filed not later than thirty (30) days following the date this Order is electronically filed.[3]  All papers should be filed in conformity with the Local Rules.  Absent leave of the Court, all issues the parties wish to resolve on summary judgment must be raised together in one (1) motion or cross-motion.  Should the parties wish to file additional motions for summary judgment, they <u>must</u> seek leave of the Court.

All purely legal issues are to be resolved in timely pretrial motions.  When appropriate, failure to comply with Local Rules 230 and 260, as modified by this Order, may be deemed consent to the motion and the Court may dispose of the motion summarily.  With respect to motions for summary judgment, failure to comply with Local Rules 230 and 260, as modified by this Order, may result in dismissal for failure to prosecute (or failure to defend) pursuant to this Court's inherent authority to control its docket and or Federal Rule of Civil Procedure 41(b).  Further, failure to timely oppose a summary judgment motion[4] may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

       The Court places a page limit for points and authorities (exclusive of exhibits and other supporting documentation) of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies.  Sur-replies are viewed with

---

[2] In the parties' most recent Joint Status Report ("JSR"), Defendants advised that they plan to file a motion for summary judgment and note that they were recently sanctioned for trying to do so in violation of a stay order.  That is not even remotely correct.  A stay in this action was entered on April 5, 2023, ECF No. 175.  That stay was lifted pursuant to the Court's August 11, 2023, Memorandum and Order, ECF No. 186.  Defendants were sanctioned for filing two notices of motion for summary judgment noticing their motion for conflicting hearing dates (one in the past) and filing no supporting documentation whatsoever.  The Court outlined in detail the multiple insufficient and duplicative filings both sides have already submitted in the course of this litigation, and it noted the numerous warnings the Court had issued that such filings would result in the imposition of sanctions.  Defendants were sanctioned for engaging in the same conduct once again, not for violating any stay.  The parties remain free to file a motion for summary judgment pursuant to the terms of this Order.

[3] It appears to the Court that the only Defendant who has had default entered against him or her is Defendant Bancaya.  If no motion for default judgment is timely filed, the Court will dismiss the causes of action against that Defendant with prejudice upon no further notice to the parties.

[4] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

disfavor and will only be considered upon a showing of good cause. All requests for page limit increases must be made in writing with a proposed order setting forth any and all reasons for any increase in page limit at least seven (7) days prior to the filing of the motion.

The parties are directed to the Court's website for available hearing dates and Judge England's standard procedures. (www.caed.uscourts.gov – select "Judges" – select "Senior United States District Judge Morrison C. England, Jr." – select "Standard Information").

Citations to the Supreme Court Lexis database shall include parallel citations to the Westlaw database.

The parties are reminded that a motion in limine is a pretrial procedural device designated to address the admissibility of evidence. The Court will look with disfavor upon dispositional motions presented at the Final Pretrial Conference or at trial in the guise of motions in limine.

The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the Court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue. Defendants have indicated they intend to file a motion to exclude evidence. The Court advises Defendants to evaluate and consider whether that motion should be brought as a dispositive motion within the above ninety (90) day deadline or as a motion in limine after this matter is set for trial.

**III.    TRIAL SETTING**

The parties are ordered to file a Joint Notice of Trial Readiness not later than thirty (30) days after receiving this Court's ruling(s) on the last filed dispositive motion(s). If the parties do not intend to file dispositive motions, the parties are ordered to file a Joint Notice of Trial Readiness not later than thirty (30) days after the close of the designation of supplemental expert witnesses and the notice must include statements of intent to forgo the filing of dispositive motions.

The parties are to set forth in their Notice of Trial Readiness, the appropriateness

of special procedures, whether this case is related to any other case(s) on file in the Eastern District of California, the prospect for settlement, their estimated trial length, any request for a jury, and their availability for trial.  The parties' Notice of Trial Readiness Statement shall also estimate how many court days each party will require to present its case, including opening statements and closing arguments.  Plaintiff's estimate shall also include the time necessary for jury selection, and Defendant's estimate shall include the time necessary to finalize jury instructions and instruct the jury.

This Court is in session for jury selection, opening statements, presentation of evidence, closing arguments, and instruction of the jury Monday through Wednesday, only.  Jury deliberations only are Monday through Friday if necessary.

After review of the parties' Joint Notice of Trial Readiness, the Court will issue an order that sets forth dates for a final pretrial conference and trial.  The parties should be prepared to submit discovery documents and trial exhibits electronically in PDF format.

**IV.     SETTLEMENT CONFERENCE**

If the parties agree to a settlement conference, a magistrate judge will be randomly assigned to the case to preside over the settlement conference.  If the parties specifically request that the assigned District Judge or Magistrate Judge conduct the settlement conference, the parties shall file the appropriate waiver of disqualification in accordance with Local Rule 270(b).  If the parties elect to participate in the Voluntary Dispute Resolution Program (VDRP), a stipulation of election is required pursuant to Local Rule 271.  See, Attachments 2-1 and 2-2 of this Order.

In accordance with Local Rule 160, counsel are to immediately file a notice of settlement or other disposition of this case.

**V.     MODIFICATION OF SUPPLEMENTAL PRETRIAL SCHEDULING ORDER**

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Supplemental Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause**.  Agreement by the parties pursuant to stipulation alone to modify the Supplemental Pretrial Scheduling Order does not

4

constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

## VI. COURTESY COPIES

No party shall submit paper courtesy copies of pleadings or exhibits to the Court unless expressly ordered to do so.

## VII. OBJECTIONS TO SUPPLEMENTAL PRETRIAL SCHEDULING ORDER

This Supplemental Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within five (5) days of this Order.

IT IS SO ORDERED.

Dated: January 9, 2024

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE