1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DIANA AKKAWI, an individual;                    No.  2:20-cv-01034 MCE AC
      YASMIN AKKAWI, an individual;
12    KATELYN J. BUTTON, an individual;
      ERIC STELL, an individual; STEVE W.
13    FOX, an individual; EDMOND                       FINDINGS AND RECOMMENDATIONS
      TARVERDIAN, an individual,
14
                     Plaintiffs,
15
             v.
16
      KASRA SADR, an individual; CAR LAW
17    FIRM, a business entity form unknown;
      THE SADR LAW FIRM, a Professional
18    Law Corporation; NATIONWIDE VIN
      MARKETING, a business entity form
19    unknown; CALIFORNIA
      DEPARTMENTS OF MOTOR
20    VEHICLES, an Agency of the State of
      California; and DOES 1 through 20,
21    inclusive.,

22                   Defendants.

23

24           This matter is before the court on plaintiff's motion for default judgment against

25    defendant Ryan Bancaya in this multi-defendant case.  ECF No. 205.  The motion was referred to

26    the assigned magistrate judge pursuant to Local Rule 302(c)(19).  For the following reasons, it is

27    recommended that plaintiff's motion for default judgment be DENIED without prejudice.

28    ////

                                                      1

1

## I.    RELEVANT FACTUAL AND PROCEDURAL HISTORY

2    Plaintiffs filed this case on May 20, 2020.  ECF No. 1.  After significant litigation and

3    discovery, plaintiffs moved to amend their complaint to add Ryan Bancaya as a defendant.  ECF

4    No. 97.  The motion was granted, and an amended complaint was filed on September 27, 2022,

5    naming Ryan Bancaya as a defendant.  ECF No. 101.  In the First Amended Complaint, plaintiffs

6    allege that defendants, including Bancaya, are engaged in a conspiracy to acquire plaintiffs'

7    personal and private records from the Department of Motor Vehicles without plaintiffs' consent

8    for the purpose of sending plaintiffs letters to solicit representation for litigation against the

9    sellers of the vehicles that plaintiffs purchased.  ECF No. 101 at 2.  Plaintiffs allege that Bancaya,

10   a resident of the Republic of the Philippines, provided the other defendants "with a list of about

11   30,000 California vehicle owners every three months to use to send marketing letters to solicit

12   California vehicle owners with potential damage to their vehicles that was not disclosed in a

13   sale." Id. at 6.

## II.    THE MOTION

14

15   Plaintiffs move for default judgment against defendant Bancaya.  ECF No. 205.  The

16   Clerk of Court entered default against Bancaya on August 21, 2023.  ECF No. 188.  The

17   remaining defendants who have appeared oppose entry of default judgment against Bancaya.

18   ECF No. 209.

## III.    ANALYSIS

19

20   Default judgment against Bancaya is not appropriate at this juncture in this multi-

21   defendant case.  "When a party against whom a judgment for affirmative relief is sought has

22   failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk

23   must enter the party's default."  Fed. R. Civ. P. 55(a).  After default is entered, unless the

24   plaintiff's claim is for a sum certain, the plaintiff must apply to the court for entry of default

25   judgment.  Fed. R. Civ. P. 55(b)(2).  In an action with multiple defendants, entry of default

26   judgment must comply with Fed. R. Civ. P. 54, which states:

27
>    When an action presents more than one claim for relief—whether as a claim,
>    counterclaim, crossclaim, or third-party claim—or when multiple parties are
28   involved, the court may direct entry of a final judgment as to one or more, but

fewer than all, claims or *parties only if the court expressly determines that there is no just reason for delay*. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

(emphasis added).

"The leading case on the subject of default judgments in actions involving multiple defendants is Frow v. De La Vega, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872).  The Court held in Frow that, where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."  In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001).  The Ninth Circuit has "extended the rule beyond jointly liable co-defendants to those that are similarly situated, such that the case against each rests on the same legal theory; it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant in the same action." Garamendi v. Henin, 683 F.3d 1069, 1082–83 (9th Cir. 2012) (internal citations omitted).

In this case, the claims against defendant Bancaya are entirely factually intertwined with the claims against the remaining defendants.  Accordingly, it would be inappropriate to enter default judgment against Bancaya before the claims against the remaining defendants have been adjudicated.  Defendant Bancaya and the remaining defendants are similarly situated.  The recommendation of denial of entry of default judgment is, however, without prejudice.  Plaintiffs may move again when the claims against the remaining defendants have been adjudicated.

## IV.    CONCLUSION

For the foregoing reasons, it is hereby RECOMMENDED that plaintiff's motion for default judgment against defendant Bancaya, ECF No. 205, be DENIED without prejudice. Plaintiffs should be allowed to again move for default judgment when all other claims against other defendants have been fully adjudicated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

1   after being served with these findings and recommendations, any party may file written

2   objections with the court and serve a copy on all parties.  Such a document should be captioned

3   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

4   objections shall be served and filed within fourteen days after service of the objections.  The

5   parties are advised that failure to file objections within the specified time may waive the right to

6   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7   DATED: March 21, 2024

8   _____
    ALLISON CLAIRE
9   UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28