UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA AKKAWI, et al., | No. 2:20-cv-01034-MCE-AC |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| KASRA SADR, et al., | |
| Defendants. | |

Plaintiffs Diana Akkawi, Yasmin Akkawi, Katelyn J. Button, Eric Stell, Steve W. Fox, and Edward Tarverdian (collectively "Plaintiffs") pursue claims against Defendants Kasra Sadr, the Car Law Firm, the Sadr Law Firm, Nationwide VIN Marketing, and Ryan Bancaya (collectively, "Defendants") arguing, among other things, that Defendants illegally obtained for marketing purposes Plaintiffs' personal information from the California Department of Motor Vehicles.  ECF No. 207.  That Motion is DENIED.

///
///
///
///
///
///

1

**STANDARD**

The Federal Rules of Civil Procedure[1] provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378–79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288–89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information,

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251–52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1992). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587.

    In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

///

///

**ANALYSIS**

Defendants move for summary judgment as to Plaintiffs' claims arguing that "[a]fter nearly 3 years of discovery, depositions, and subpoenas, Plaintiffs are not able to show any evidence that any defendants have accessed the personal information of any plaintiffs through the California Department of Motor Vehicles' records." Defs.' Mot., ECF No. 207-2, at 2. In support of this claim, the only actual evidence Defendants point to is the deposition of each Plaintiff indicating that they do not have personal knowledge of how Defendant obtained their information and one Defendant's declarations indicating he does not believe his marketing source gets information from the DMV. None of this is sufficient to shift the burden to Plaintiffs at this juncture.

The Court would not expect Plaintiffs to have personal knowledge regarding how Defendants obtained their information. Nor is it relevant that Defendants claim they don't "believe" their source, Defendant Bancaya, used DMV records. None of Defendants' evidence shows that Plaintiffs cannot establish the sourcing of Defendants' data. A statement from Bancaya himself might help tip the scale, but even then, Plaintiffs have proffered an expert to opine that "the information was . . . most likely sourced from the records of the DMV." Decl. of Larry Steven Londre, ECF No. 211-4, ¶ 15.[2] At the end of the day, Defendants failed to carry their initial burden of establishing the lack of any genuine issue of material fact. Even if they had, however, Plaintiffs met their competing burden to the contrary.

**CONCLUSION**

Defendants' Motion for Summary Judgment (ECF No. 207) is DENIED. Not later than thirty (30) days following the date this Memorandum and Order is electronically filed, the parties are directed to file a Joint Notice of Trial Readiness. The parties are to

---

[2] Defendants' Objections to Plaintiff's Expert are OVERRULED.

set forth in their Notice of Trial Readiness, the appropriateness of special procedures, whether this case is related to any other case(s) on file in the Eastern District of California, the prospect for settlement, their estimated trial length, any request for a jury, and their availability for trial. The parties' Notice of Trial Readiness Statement shall also estimate how many court days each party will require to present its case, including opening statements and closing arguments. The parties' estimates shall include time necessary for jury selection, time necessary to finalize jury instructions and instruct the jury.

IT IS SO ORDERED.

Dated: August 21, 2024

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE