UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA AKKAWI, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>KASRA SADR, et al.,<br><br>　　　　Defendant. | No. 2:20-cv-01034-DC-AC<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF REGARDING EXPERT DISCLOSURE DEADLINE AND DENYING DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF PLAINTIFFS' EXPERT WITNESS<br><br>(Doc. Nos. 220, 223) |

　　　　This matter is before the court on two related motions: (i) Plaintiffs' motion for relief from the expert disclosure deadline to not exclude their sole expert witness from testifying at trial; and (ii) Defendants' motion to exclude the testimony of Plaintiffs' expert witness at trial based on untimely disclosure and lack of qualifications. (Doc. Nos. 220, 223.) Both motions were taken under submission without oral argument pursuant to the order reassigning this case to the undersigned on October 10, 2024. (Doc. No. 225.) For the reasons explained below, the court will grant Plaintiffs' motion, deny Defendants' motion, and reopen limited discovery solely for the purpose of allowing Defendants to depose Plaintiffs' designated expert witness.

**BACKGROUND**

　　　　On May 20, 2020, Plaintiffs filed the complaint initiating this action against Defendants for allegedly conspiring to acquire Plaintiffs' personal and private records from the California

1

Department of Motor Vehicles for the purpose of sending them letters to solicit business in the form of legal representation for litigation against sellers of vehicles they had purchased. (Doc. No. 1 at 2.)

On May 21, 2020, the court issued an initial pretrial scheduling order, which provided in relevant part the following:

> All counsel are to designate in writing, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than sixty (60) days after the close of discovery. The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Federal Rule of Civil Procedure 26(a)(2)(B).
>
> Within thirty (30) days after the designation of expert witnesses, any party may designate a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party. . . . .
>
> Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial. An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) good cause for the party's failure to designate the expert witness in accordance with this Order; (b) that the Court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

(Doc. No. 5 at 3.)

On September 21, 2022, the court granted Plaintiffs leave to file the operative first amended complaint and vacated and reset the fact discovery deadline, specifically providing that "[n]on-expert discovery shall be completed no later than one-hundred and eighty (180) days from the date this Memorandum and Order is filed"—i.e., setting March 20, 2023 as the fact discovery deadline. (Doc. No. 97.) On February 16, 2023, Plaintiffs filed a motion to vacate and reset the fact discovery deadline to September 20, 2023, due to delays in effecting service of process on Defendant Bancaya, who was located in the Philippines and was not served until February 10, 2023. (Doc. No. 140 at 4–5.) Also on February 16, 2023, Defendants filed a motion for summary judgment. (Doc. No. 137.) On March 2, 2023, Plaintiffs filed their opposition to Defendants' summary judgment motion and a supporting declaration from their expert witness Larry Londre, who stated he "[has] been retained by Plaintiffs [] counsel, Madison Law, APC, to serve as an

2

expert witness in this matter." (Doc. Nos. 149, 149-2 at 2.) In connection with their reply, Defendants filed 16-pages of objections to the Londre declaration. (Doc. No. 159-1.)

On April 5, 2023, the court issued an order listing the motions already under submission (including Plaintiffs' motion to reset the fact discovery deadline and Defendants' summary judgment motion), and stayed this case. (Doc. No. 175.) Specifically, the court ordered that:

> The case is STAYED in its entirety and all hearings, due dates, and deadlines set before Senior District Judge Morrison C. England, Jr. are VACATED. No further motions will be considered by this Court until such time as orders resolving the parties' currently submitted motions are filed. If necessary, the Court will issue an amended pretrial scheduling order.

(*Id.* at 2.)

On August 11, 2023, the court issued an order resolving the submitted motions, including granting in part Plaintiffs' motion to extend the fact discovery deadline, and denying Defendants' motion for summary judgment, without prejudice, in light of the reopening of discovery for ninety (90) days for certain limited purposes. (Doc. No. 186 at 14–16.) In addition, the court lifted the stay of this case that it had imposed on April 5, 2023. (*Id.* at 16.)

On December 14, 2023, the court issued an order recounting the parties' multiple filings of deficient motions—including Defendants' filing of two notices of motion on December 6, 2023, without any supporting documentation—and noting that "for all of the parties' heavy-handing tactics of over-litigating their positions, they have demonstrated remarkably little regard for the court's orders, the applicable rules, the rules of law, or any notions of efficiency." (Doc. No. 202.) The court further noted that

> [B]oth sides have turned this case into a proverbial dumpster fire in a district where limited resources are already stretched too far. There is no room for inept lawyering, especially to the degree evidenced in this case. The court has no choice but to try to save its own sanity and that of its staff.

(*Id.* at 8.) The court then ordered the parties to file a joint status report listing their anticipated motions, so the court could thereafter issue a further scheduling order. (*Id.*) In their joint status report filed on December 19, 2023, Defendants indicated their intent to file another motion for summary judgment; notably, Defendants do not indicate any intention to file a motion to exclude

3

the testimony of Plaintiffs' expert. (Doc. No. 203.)

On January 10, 2024, the court issued a supplemental pretrial scheduling order, stating that fact discovery is closed and noting that the 90-day period of limited reopening of discovery ordered on August 11, 2023 had passed.[1] (Doc. No. 204 at 1, n.1.) Pursuant to that order, dispositive motions had to be filed "no later than ninety (90) days from the date this order is electronically filed," i.e. setting a deadline of April 9, 2024 to file such motions. (*Id.* at 1–2.) That order also stated the following:

> The parties are ordered to file a Joint Notice of Trial Readiness not later than thirty (30) days after receiving this Court's ruling(s) on the last filed dispositive motion(s). If the parties do not intend to file dispositive motions, the parties are ordered to file a Joint Notice of Trial Readiness not later than thirty (30) days after the close of the designation of supplemental expert witnesses and the notice must include statements of intent to forgo the filing of dispositive motions.

(*Id.* at 3.) With the exception of this one mention of the "close of the designation of supplemental expert witnesses" as a trigger for the deadline to file a joint notice of trial readiness, the supplemental pretrial scheduling order is silent as to the deadline for designating expert witnesses. The supplemental pretrial scheduling order also does not refer to the initial pretrial scheduling order or otherwise incorporate by reference any of its provisions.[2]

On February 12, 2024, Defendants filed a motion for summary judgment that was substantively the same as their prior motion for summary judgment that the court denied without prejudice. (Doc. No. 207.) As Plaintiffs had done in opposing that prior motion, Plaintiffs concurrently filed the Londre declaration in support of their opposition to Defendants' re-filed summary judgment motion. (Doc. No. 211-4.) Defendants again filed lengthy objections to the

---

[1] Ninety-days from August 11, 2023 is November 9, 2023, though the court's supplemental pretrial scheduling order did not state this date.

[2] If the provisions of the initial pretrial scheduling order apply for the purpose of calculating expert witness disclosure deadlines, and assuming fact discovery closed on November 9, 2023, the deadline for expert disclosures would have been January 8, 2024 (60 days after close of fact discovery), and the deadline for supplemental expert witness disclosures would have been February 7, 2024 (30 days after expert disclosures). Under this calculation, the court's supplemental pretrial scheduling order was issued two days after the deadline to disclose expert witnesses had passed, though unlike the close of fact discovery, the supplemental pretrial scheduling order does not mention that the expert disclosure deadline had passed.

4

Londre declaration in connection with the reply brief they filed on March 7, 2024. (Doc. No. 213-1.) On August 22, 2024, the court denied Defendants' motion for summary judgment and summarily overruled their objections to the Londre declaration. (Doc. No. 217.) Notably, none of Defendants' objections to the Londre declaration pertained to Plaintiffs' disclosure of Londre as an expert witness—whether on timeliness grounds or otherwise. According to Plaintiffs, Defendants were first aware in March 2023 that Plaintiffs designated Mr. Londre as their expert when they concurrently filed his declaration in support of their opposition to Defendants' first motion for summary judgment. (Doc. No. 220 at 6.) Defendants were also made aware of Mr. Londre following the lifting of the stay of this case when Plaintiffs formally listed Mr. Londre as their expert witness in their supplemental disclosures made pursuant to Federal Rule of Civil Procedure 26 on February 26, 2024. (*Id.*) Defendants do not dispute this timeline or the fact that they were aware of Plaintiffs' designation of Mr. Londre, but they assert that these dates are not relevant because Mr. Londre's expert report was not provided until March 14, 2024. (Doc. No. 222 at 4); (*id.* at 6) ("[T]he first date on which the Plaintiffs might be found to have designated Londre as their expert is March 14, 2024."). Plaintiffs agree that Mr. Londre's full expert report was provided to Defendants on March 14, 2024. (Doc. No. 220 at 6.) In the several months that passed after that March 14, 2024 disclosure and before the court's order denying Defendants' motion for summary judgment on August 22, 2024, Defendants did not raise the issue of the timeliness of Plaintiffs' expert disclosure nor take any steps to depose Mr. Londre.

In connection with the parties' preparation of their joint notice of trial readiness, which they timely filed on September 20, 2024 (Doc. No. 219), Plaintiffs learned for the first time that Defendants intended to move for exclusion of Mr. Londre's testimony at trial because they believe Plaintiffs did not timely disclose Mr. Londre as their expert witness. (Doc. No. 220 at 6.) Consequently, on that same day, Plaintiffs filed the pending motion for relief from the expert witness disclosure deadline, if necessary, to permit Mr. Londre to testify at trial notwithstanding Defendants' assertion that he was not timely disclosed. (Doc. No. 220.) Plaintiffs assert that their inadvertent failure to timely disclose Mr. Londre was excusable neglect under these circumstances given the confusion caused by the court's orders staying this case, lifting the stay,

1  and modifying the schedule as to certain dates while remaining silent as to other dates, including
2  the expert disclosures deadline. (*Id.*) Plaintiffs also assert that even under Defendants'
3  interpretation of the court's orders, Plaintiffs' disclosure on March 14, 2024 was only 66 days
4  past the January 8, 2024 disclosure deadline and thus its late disclosure was harmless to
5  Defendants, particularly because Defendants expressed no interest in deposing Mr. Londre or
6  need for more time to prepare for trial in light of the late disclosure. (*Id.* at 13–19.)

7  On October 5, 2024, Defendants filed their opposition to Plaintiffs' motion for relief from
8  the expert disclosure deadline, as well as their own motion to exclude the expert testimony of Mr.
9  Londre at trial. (Doc. Nos. 222, 223.) On October 14, 2024, Plaintiffs filed a reply in support of
10 their motion, and on October 17, 2024, Plaintiffs filed an opposition to Defendants' pending
11 motion. (Doc. Nos. 226, 227.) Defendants filed their reply thereto on October 25, 2024. (Doc. No.
12 228.)

**DISCUSSION**

14 Having considered the parties' respective arguments, and in light of the potential for
15 confusion caused by the court's various orders impacting the schedule in this case, the court finds
16 good cause has been shown to relieve Plaintiffs from their failure to comply with the expert
17 disclosure deadline. Federal Rule of Civil Procedure 6 provides that "[w]hen an act may or must
18 be done within a specified time, the court may, for good cause, extend the time: . . . on motion
19 made after the time has expired if the party failed to act because of excusable neglect." Fed. R.
20 Civ. P. 6(b)(1)(B).

21 In addition, the court finds under the circumstances of this case that Plaintiffs' disclosure
22 of Mr. Londre two months late was harmless to Defendants. Federal Rule of Civil Procedure 37
23 provides that "[i]f a party fails to provide information or identify a witness as required by Rule
24 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a
25 motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."
26 Fed. R. Civ. P. 37. Notably, in their opposition to Plaintiffs' motion, Defendants do not identify
27 any prejudice or harm that they contend they would face at trial as a result of receiving Londre's
28 expert report in March 2024 instead of January 2024. Defendants instead suggest that they were

1  harmed in the context of their summary judgment motion (Doc. No. 222 at 11), but that motion
2  was denied in August 2024. Curiously, while that motion was under submission, Defendants did
3  not file any motions for relief due to any such perceived harm, and even after the motion was
4  denied, Defendants did not file any motions for reconsideration either. As noted above,
5  Defendants also did not seek to take the deposition of Mr. Londre in the several months that
6  passed after the March 14, 2024 disclosure.[3] The court is therefore not persuaded by Defendants
7  conclusory assertion that Plaintiffs' late disclosure of their expert witness was not harmless.

For these reasons, the court will grant Plaintiffs' motion and will not preclude Mr. Londre from testifying at trial on the basis of untimely disclosure. As for next steps, the court is not persuaded that Defendants have any actual interest in deposing Mr. Londre. Nevertheless, out of an abundance of caution, the court will reopen expert discovery for a period of 60 days (equal to the approximate amount of time that Plaintiffs' disclosures were made past the disclosure deadline) for the limited purpose of permitting Defendants to depose Mr. Londre.

To the extent Defendants' pending motion to exclude Mr. Londre's testimony at trial is based on untimely disclosure, that motion will be denied. However, to the extent Defendants' motion is based on the purported inadmissibility of Mr. Londre's testimony pursuant to Federal Rule of Civil Procedure 702, that motion will also be denied, albeit without prejudice to Defendants filing an appropriate motion *in limine* to exclude Mr. Londre's testimony on that basis—indeed, an issue Defendants should be better positioned to address after deposing Mr. Londre and probing his qualifications.

Lastly, the court will also set this case for a final pretrial conference on March 28, 2025 at 1:30 p.m. in Courtroom 8 before District Judge Dena M. Coggins. At the final pretrial conference, the court will set a trial date and deadlines to file trial documents, including motions *in limine*, trial briefs, and proposed jury voir dire, instructions, and verdict forms (where applicable). In

---

[3] The undersigned notes that the initial scheduling order issued in this case did not set a deadline for the completion of expert discovery. (*See* Doc. No. 5 at 4.) Even if Defendants interpreted that scheduling order as requiring expert discovery to be completed by the deadline to file dispositive motions, Defendants nonetheless did not seek relief from that deadline in order to depose Mr. Londre.

addition, at the final pretrial conference, the parties shall have a joint list of proposed trial dates that are within 60 to 120 days from the date of the final pretrial conference, and the parties shall be prepared to confirm a trial date. No later than twenty-one (21) days before the final pretrial conference, the parties shall file a joint pretrial statement, carefully prepared and executed by all counsel, that complies with the requirements of this Local Rule 281 and Judge Coggins's Standing Order (Doc. No. 225-1). Counsel shall also email a copy of the joint pretrial statement in Word format to Judge Coggins's chambers at dcorders@caed.uscourts.gov. The parties' attention is directed to Local Rules 281 and 282. This court will insist upon strict compliance with these rules. Any requests to continue the final pretrial conference or trial date once set must be supported by a showing of good cause.

## CONCLUSION

For the reasons explained above:

1. Plaintiffs' motion for relief from the expert disclosure deadline (Doc. No. 220) is granted;

2. Expert discovery is reopened for a period of 60 days from the date of entry of this order for the limited purpose of permitting Defendants to depose Plaintiffs' designated expert witness, Mr. Larry Londre;

3. Defendants' motion to exclude the testimony of Mr. Londre at trial (Doc. No. 223) is denied; and

4. The court hereby sets a Final Pretrial Conference for March 28, 2025 at 1:30 p.m. in Courtroom 8 before District Judge Dena M. Coggins.

IT IS SO ORDERED.

Dated:  **November 18, 2024**

Dena Coggins
United States District Judge