1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DIANA AKKAWI, et al.,                    No. 2:20-cv-01034-DC-AC

12                    Plaintiffs,

13          v.                                 ORDER DENYING DEFENDANTS'
                                               MOTION FOR LEAVE TO FILE
14    KASRA SADR, et al.,                      SUCCESSIVE MOTION FOR SUMMARY
                                               JUDGMENT
15                    Defendants.
                                               (Doc. Nos. 238, 239)
16

17          This matter is before the court on Defendants' motion for leave to file a successive motion

18    for summary judgment. (Doc. No. 238.) Plaintiffs filed an opposition to Defendants' motion on

19    April 25, 2025. (Doc. No. 245.) For the reasons explained below, the court will deny Defendants'

20    motion.

21          Federal Rule of Civil Procedure 56 does not limit the number of summary judgment

22    motions that a party may file. *See* Fed. R. Civ. P. 56. The Ninth Circuit has held that "district

23    courts have discretion to permit successive motions for summary judgment," and that doing so

24    may "foster[ ] the 'just, speedy, and inexpensive' resolution of suits." *Hoffman v. Tonnemacher*,

25    593 F.3d 908, 911 (9th Cir. 2010) (citation omitted). "A renewed or successive summary

26    judgment motion is appropriate especially if one of the following grounds exists: (1) an

27    intervening change in controlling law; (2) the availability of new evidence or an expanded factual

28    record; and (3) [the] need to correct a clear error or prevent manifest injustice." *Brazill v. Ca.*

1

1   *Northstate Coll. of Pharm., LLC*, No. 2:12-cv-1218-WBS, 2013 WL 4500667, at *1 (E.D. Cal.

2   Aug. 22, 2013) (citation omitted). However, due to the potential for abuse, district courts retain

3   discretion to "weed out frivolous or simply repetitive motions." *Hoffman*, 593 F.3d at 911

4   (citing *Knox v. Sw. Airlines*, 124 F.3d 1103, 1106 (9th Cir. 1997)).

5          Defendants seek leave to file a successive motion for summary judgment "based on new

6   and additional facts." (Doc. No. 238 at 2.) Having reviewed Defendants' proposed successive

7   motion for summary judgment (Doc. No. 239), the court finds Defendants' arguments repetitive

8   of their prior motion for summary judgment and permitting Defendants to file a successive

9   motion for summary judgment would be frivolous. Similar to their prior motion (Doc. No. 207),

10  Defendants argue that summary judgment should be granted in their favor on Plaintiffs' Driver

11  Protection Privacy Act claim because no evidence exists that Defendants obtained Plaintiffs'

12  personal information through the California Department of Motor Vehicles' ("California DMV")

13  records. (Doc. Nos. 238 at 2–3, 11–13; 239 at 4). Defendants' argument is unavailing in large part

14  because it is inaccurate. Defendants cite to the deposition testimony of Plaintiff's expert, Larry

15  Londre, who they contend is unable to identify the source of each individual Plaintiffs' personal

16  information. (Doc. Nos. 238 at 4–10; 239 at 5–11.) However, as detailed in the court's August 22,

17  2024 order denying Defendants' prior motion for summary judgment, Defendants' evidence does

18  not conclusively show that Plaintiffs cannot establish the sourcing of Defendants' data, as is

19  required to prevail on their Driver Protection Privacy Act claim. (Doc. No. 217 at 4.) Even the

20  new evidence relied upon by Defendants falls short of conclusively establishing that Plaintiffs

21  could not prove by a preponderance of the evidence that Defendants obtained their personal data

22  from the California DMV. Indeed, as Plaintiff's emphasize in their opposition to the pending

23  motion, their expert Londre opines that the marketing information containing Plaintiffs' personal

24  information was most likely sourced from the California DMV. (*See* Doc. No. 245 at 4.)

25         Thus, here too, "Defendants fail[] to carry their initial burden of establishing the lack of

26  any genuine issue of material fact," specifically as to whether Defendants obtained Plaintiffs'

27  personal information through California DMV records. (Doc. No. 217 at 4.)

28  /////

Accordingly,

1.    Defendants' motion for leave to file a second motion for summary judgment (Doc. No. 238) is DENIED; and

2.    Defendants' proposed motion for summary judgment (Doc. No. 239) shall be DISREGARDED.


IT IS SO ORDERED.

Dated:    **May 20, 2025**

_____
Dena Coggins
United States District Judge

3