UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA AKKAWI, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>KASRA SADR, et al.,<br><br>          Defendants. | No. 2:20-cv-01034-DC-AC<br><br>ORDER DENYING DEFENDANTS' MOTION TO BIFURCATE<br><br>(Doc. No. 254) |

This matter is before the court on the motion to bifurcate filed by Defendants Kasra Sadr, Car Law Firm, Sadr Law Firm, and Nationwide VIN Marketing's (collectively, "Sadr Defendants") on June 5, 2025. (Doc. No. 254.) Plaintiffs filed an opposition to Sadr Defendants' motion on June 19, 2025. (Doc. No. 257.) Sadr Defendants filed a reply thereto on June 26, 2025. (Doc. No. 258.) Pursuant to Local Rule 230(g), the court took the pending motion under submission. (Doc. No. 259.) For the reasons explained below, the court will deny Sadr Defendants' motion to bifurcate.

Pursuant to Federal Rule of Civil Procedure 42(b), a district court may order separate trials of one or more issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize." A district court has "broad discretion" in determining whether to bifurcate a trial under Rule 42(b). *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). "Courts may consider several factors in determining whether bifurcation is appropriate, including but not

1

1    limited to whether bifurcation would: (1) promote efficient judicial administration; (2) avoid
2    prejudice to the parties; (3) reduce the risk of jury confusion; or whether (4) the issues are clearly
3    separable." *Comer v. Cnty. of Sutter*, No. 2:22-cv-00079-TLN-CSK, 2024 WL 5007507, at *1
4    (E.D. Cal. Dec. 6, 2024). The party seeking bifurcation has the burden of proving bifurcation is
5    justified. *Spectra-Physics Lasers, Inc., v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992).
6         In the pending motion, Sadr Defendants seek to bifurcate Plaintiffs' federal Driver's
7    Privacy Protection Act ("DPPA") claim from Plaintiffs' state law negligence, False Advertising
8    Law ("FAL"), Unfair Competition Law ("UCL"), and declaratory relief claims. (Doc. No. 254.)
9    Sadr Defendants argue that bifurcation is appropriate because: (1) the issues are separable, (2)
10   bifurcation will serve judicial economy and further convenience for the parties, and (3)
11   bifurcation will avoid prejudice and reduce the risk of jury confusion. (*Id.* at 3–6.) The court
12   addresses each argument in turn.
13        First, Sadr Defendants assert that Plaintiffs' claims can be "clearly" separated into two
14   categories—"claims alleging that the substance of the advertising materials sent by Defendants
15   contained false or misleading statements" (which underlie Plaintiffs' state law claims) and
16   "claims alleging that Defendants obtained or utilized private information, sourced from the
17   [California Department of Motor Vehicles ("DMV")], in order to obtain Plaintiffs', and other
18   third parties', contact information and send them marketing materials" (which underlie Plaintiffs'
19   federal DPPA claim). (*Id.* at 3.) In their opposition to the pending motion, Plaintiffs acknowledge
20   that the issues presented by their DPPA claim differ from the issues presented by their FAL
21   claim. (Doc. No. 257 at 5–6.) However, Plaintiffs argue that evidence relating to their DPPA
22   claim is co-extensive with their remaining negligence and UCL claims. (*Id.*)
23        The court agrees with Plaintiffs that their DPPA claim is not clearly separable from their
24   negligence or UCL claims. Indeed, Plaintiffs' negligence claim alleges that Sadr Defendants
25   "owed a duty of care to Plaintiffs under the DPPA." (Doc. No. 101 at 32–33.) Likewise,
26   Plaintiffs' UCL claim alleges Sadr Defendants not only made false statements in solicitation
27   letters, but illegally obtained and sold Plaintiffs' information from DMV for solicitation purposes.
28   (*Id.* at 40–41.) Accordingly, Sadr Defendants have not met their burden to show the issues are

1  clearly separable. Moreover, this overlap in the factual issues raised in Plaintiffs' DPPA claim
2  and negligence and UCL claims weighs against bifurcation of these claims at trial. *See Aerojet*
3  *Rocketdyne, Inc. v. Glob. Aerospace, Inc.*, No. 2:17-cv-01515-KJM-AC, 2018 WL 4027024, at *1
4  (E.D. Cal. Aug. 23, 2018) ("[C]ourts are reluctant to bifurcate proceedings where there is 'an
5  overlap of factual issues.'") (citation omitted).
6      Second, Sadr Defendants argue that bifurcation will serve judicial economy and further
7  convenience for the parties because Plaintiffs' negligence, FAL, and UCL claims rest on
8  Plaintiffs' DPPA claim. (Doc. No. 254 at 4–5.) In Sadr Defendants' view, Plaintiffs' negligence,
9  FAL, and UCL claims must fail if Sadr Defendants prevail on Plaintiffs' DPPA claim. (*Id.* at 5.)
10 In their opposition, Plaintiffs' argue that their FAL claim will proceed regardless of the outcome
11 on their DPPA claim. (Doc. No. 257 at 3–4.) Specifically, Plaintiffs assert that their FAL claim
12 alleges Sadr Defendants "engaged in a variety of false statements and misrepresentations"
13 unrelated to their DPPA claim, such as statements representing the conditions of Plaintiffs'
14 vehicles. (*Id.* at 4–5.)
15     Here too, the court agrees with Plaintiffs. As Plaintiffs correctly point out in their
16 opposition, Plaintiffs' FAL claim alleges Sadr Defendants included misrepresentations in the
17 contents of their advertisements, whereas Plaintiffs' DPPA claim focuses on how Sadr
18 Defendants' sourced Plaintiffs' information. (*See* Doc. No. 101 at ¶ 99.) Consequently, Sadr
19 Defendants have not demonstrated a trial on Plaintiffs' DPPA claim would be dispositive as to
20 Plaintiffs' remaining causes of action, namely Plaintiffs' FAL claim, such that consideration of
21 judicial economy would support bifurcating the trial in this case. Notably, "[j]udicial economy in
22 bifurcation is achieved when an earlier trial deals with a dispositive matter which may moot the
23 necessity of a later trial." *Ioane v. Spjute*, No. 1:07-cv-0620-AWI-EPG, 2016 WL 3916966, at *3
24 (E.D. Cal. July 19, 2016); *see also Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001)
25 ("One favored purpose of bifurcation is to accomplish just what the district court sought to do
26 here-avoiding a difficult question by first dealing with an easier, dispositive issue."). Contrary to
27 Sadr Defendants' assertion, bifurcation of Plaintiffs' DPPA claim from the remaining causes of
28 action will not eliminate the need for further proceedings.

1    In addition, bifurcation will not serve judicial economy because the evidence presented for
2  Plaintiffs' DPPA, negligence, and UCL claims is likely to be duplicative given the overlap
3  between those claims. *See Beco Dairy Automation, Inc. v. Glob. Tech Sys., Inc.*, No. 1:12-cv-
4  01310-LJO-SKO, 2016 WL 5870117, at *4 (E.D. Cal. Oct. 6, 2016) ("[B]ecause the claims are so
5  intertwined, bifurcation would not serve the interests of judicial economy."). Nor will bifurcation
6  promote convenience for the parties. Notably, this case has been pending for over five years and
7  bifurcation would lead to additional delay. Plaintiffs also assert that "very few of the parties or the
8  witnesses are local to this district" and requiring them to travel to this district twice is
9  inconvenient. (Doc. No. 257 at 8.) Thus, Sadr Defendants have also not met their burden to show
10 that bifurcation will serve judicial economy or further convenience for the parties.

11   Third, Sadr Defendants argue bifurcation will avoid prejudice and reduce the risk of jury
12 confusion because certain evidence may be admissible as relevant to the DPPA claim but
13 inadmissible as to the state law claims. (Doc. No. 254 at 6.) According to Sadr Defendants, if
14 evidence regarding how they obtained the information of third-party vehicle owners registered at
15 the DMV "is found to be inadmissible on the DPPA claim, but admissible on the UCL claim, the
16 jury is likely to be distracted and confused about the fundamental issue of whether information
17 about the[] six individual [P]laintiffs used by the Sadr Defendants came from the DMV." (*Id.*)
18 Sadr Defendants further assert that trying Plaintiffs' FAL claim alongside Plaintiffs' DPPA claim
19 "risks the jury blurring the distinction between the source of the information and its content." (*Id.*)

20   The court finds that Sadr Defendants' concerns regarding prejudice and the risk of jury
21 confusion may be addressed through means other than bifurcation, such as cautionary warnings
22 and jury instructions. *See Afshar v. City of Sacramento*, No. 2:04-cv-01088-LKK-JFB, 2007 WL
23 779748, at *2 (E.D. Cal. Mar. 14, 2007) ("[T]here are less burdensome ways to deal with
24 potentially prejudicial and confusing evidence than bifurcating the trial."); *Est. of Alderman v.*
25 *City of Bakersfield*, No. 1:16-cv-00994-DAD-JLT, 2018 WL 4156740, at *2 (E.D. Cal. Aug. 28,
26 2018) ("The use of limiting instructions has been recognized as an effective manner to prevent the
27 jury's consideration of prejudicial evidence.").

28   For the reasons discussed above, Sadr Defendants have failed to meet their burden of

proving that bifurcation of trial is warranted in this case. Therefore, the court declines to exercise its discretion to bifurcate Plaintiffs' DPPA claim from the remaining causes of action in the trial of this case.

Accordingly, Sadr Defendants' motion to bifurcate (Doc. No. 254) is DENIED.

IT IS SO ORDERED.

Dated: __**July 25, 2025**__

Dena Coggins
United States District Judge