UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA AKKAWI, et al., | No. 2:20-cv-01034-DC-AC |
| Plaintiffs, | |
| v. | ORDER CLARIFYING JULY 25, 2025 ORDER AND REQUIRING THE PARTIES TO FILE SUPPLEMENTAL BRIEFING |
| KASRA SADR, et al., | |
| Defendants. | |

Pursuant to *Nationwide Biweekly Administration, Inc. v. Superior Ct.*, 9 Cal. 5th 279 (2020), claims brought under the California Unfair Competition Law ("UCL") and False Advertising Law ("FAL") are "equitable in nature" and are "properly tried by the court rather than a jury." 9 Cal. 5th at 292; *id.* at 334 (concluding "that in causes of action under the UCL or the FAL seeking injunctive relief and civil penalties, the gist of the actions is equitable, and there is no right to a jury trial in such actions under California law either as a statutory or constitutional matter"); *see also Puterbaugh v. Oorah, Inc.*, No. 21-cv-01593-CJC-DFM, 2023 WL 4317358, at *1 (C.D. Cal. June 1, 2023) (relying on *Nationwide Biweekly* and explaining there would be no risk of jury confusion in the trial because only UCL and FAL claims were brought and thus, "the

/////
/////
/////

1

trial will be a bench trial," not a jury trial).[1] In light of this authority, to the extent the court's order dated July 25, 2025 (Doc. No. 261) indicated that Plaintiffs' UCL, FAL, and declaratory relief claims would be tried by a jury, the court now clarifies that such claims will be tried by the court in a bench trial. Accordingly, the court requires supplemental briefing from the parties regarding the logistics of trial.

The court is inclined to conduct a jury trial on Plaintiffs' Driver's Privacy and Protection Act ("DPPA") claims and negligence claims first, to be followed by a bench trial on Plaintiffs' UCL, FAL, and declaratory relief claims. In the interests of efficiency, the court proposes that after the close of evidence on Plaintiffs' DPPA and negligence claims but before closing arguments, if the parties have additional evidence they intend to present that is relevant only to Plaintiffs' UCL, FAL, and declaratory relief claims, the court will hear that evidence outside the presence of the jury. The court will then resume the jury trial with closing arguments and deliberations, and following the jury's verdict as to Plaintiffs' DPPA and negligence claims, the court will hear any closing arguments as to UCL, FAL, and declaratory relief claims and thereafter, issue findings of fact and conclusions of law as to those claims.

Because the parties and the court have not previously discussed these trial logistics, the court directs the parties to meet and confer and file supplemental briefing regarding their position on the court's proposal by no later than **August 7, 2025 at noon**. In addition, by separate order the court will set a date for a status conference to be held by Zoom video conference, so the parties and the court can address any concerns regarding the plan for this trial.

In their supplemental briefing, the parties shall address any concerns they have regarding the court's proposal, provide an update on the anticipated length of the jury trial on Plaintiffs' DPPA and negligence claims, and provide an estimate for the anticipated length of the bench trial

---

[1] Plaintiffs' declaratory relief claim is "neither legal nor equitable" in nature. *See Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 284 (1988). "Whether a declaratory judgment action[ ] entitles a party to a jury trial depends on the nature of the claim from which it arises." *Hynix Semiconductor Inc. v. Rambus, Inc*., 527 F.Supp.2d 1084, 1103 (N.D. Cal. 2007); *see also Hope Med. Enters., Inc. v. Fagron Compounding Servs.*, *LLC*, 2021 WL 2941546, at *5 (C.D. Cal. 2021) (finding the plaintiff's request for declaratory judgment did not entitle the defendants to a jury trial where the additional remedies sought were equitable in nature).

1  on Plaintiffs' UCL, FAL, and declaratory relief claims. In addition, the parties shall provide a
2  brief description of the evidence they intend to present that is relevant only to Plaintiffs' UCL,
3  FAL, and declaratory relief claims, and thus expected to be presented solely in the bench trial.
4  Finally, the court notes that none of the relief sought by Plaintiffs appears to pertain to their
5  negligence claim. (*See* Doc. No. 252 at 4.) Thus, in their supplemental briefing, Plaintiffs shall
6  clarify what, if any, relief they are seeking with respect to their negligence claim, and Plaintiffs
7  shall provide authority supporting their position that such relief is an available remedy for their
8  negligence claim.

   IT IS SO ORDERED.

   Dated:   **August 1, 2025**

   Dena Coggins
   United States District Judge