James S. Sifers, Esq. (SBN 259105)
jsifers@madisonlawapc.com
Susanna F. Wiseman, Esq. (SBN 281234)
swiseman@madisonlawapc.com
**MADISON LAW, APC**
17702 Mitchell North
Irvine, California 92614
Telephone: (949) 756-9050
Facsimile: (949) 756-9060

Attorneys for Plaintiffs Diana Akkawi,
Yasmin Akkawi, Katelyn J. Button, Eric Stell,
Steve W. Fox, and Edmond Tarverdian

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA AKKAWI, an individual; YASMIN AKKAWI, an individual; KATELYN J. BUTTON, an individual; ERIC STELL, an individual; STEVE W. FOX, an individual; EDMOND TARVERDIAN, an individual;<br><br>    Plaintiffs,<br>v.<br><br>KASRA SADR, an individual; CAR LAW FIRM, a business entity form unknown; THE SADR LAW FIRM, a professional law corporation; NATIONWIDE VIN MARKETING, a business entity form unknown; RYAN BANCAYA, an individual; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No.: 2;20-cv-01034-MCE-AC<br>Assigned to: Judge Dena M. Coggins<br><br>**STIPULATED JUDGMENT**<br><br>Action Filed:    May 20, 2020<br>Trial Date:       August 25, 2025 |

TO THIS COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

IT IS HEREBY STIPULATED by and between the parties, through their respective counsel, that judgment be entered. The parties and their counsel are identified as Plaintiffs Diana Akkawi, Yasmin Akkawi, Katelyn J. Button, Eric Stell, Steve W. Fox, and Edmond Tarverdian ("Plaintiffs"), through their counsel of record; James S. Sifers of Madison Law, APC; Defendant Kasra Sadr ("Defendant Sadr"), in pro per and through his counsel of record; Teresa A. Blasberg of Blasberg & Associates; and Defendants Car Law Firm ("Defendant CLF"), The Sadr Law Firm ("Defendant SLF"), and Nationwide VIN Marketing ("Defendant Nationwide"), through their counsel of record, Kasra Sadr of The Sadr Law Firm, APLC; (Defendants Sadr, CLF, SLF, and Nationwide are collectively referred to as "Defendants"). The parties to this stipulation, referred to herein as the "Parties", represent all remaining parties in this action except the defaulted party Defendant Ryan Bancaya.

The Parties stipulate that judgment should be entered as follows:

1. Judgment in favor of Plaintiffs, and each of them, as against Defendants, and each of them.
2. Parties to bear their own fees and costs, except as to Defendant Ryan Bancaya.
3. Entry of an injunction against Defendants, and each of them, on the terms which are identified below:
    a. Defendants shall not knowingly obtain, use, or disclose Personal Information [as defined in the Driver Protection Privacy Act ("DPPA") 18 USC § 2725(3)] or names or residence addresses [as used in Cal. Veh. Code § 1808.21] from the California DMV, or sourced from the records of the California DMV, except if and as permitted under:
        i. The exemptions located at 18 USC § 2721(b)(1), (b)(4) and Cal. Vehicle Code § 1808.22(d);
        ii. The 'safety' exemption, located at 18 USC 2721(b)(2).

//

b. Defendants shall retain a record of all marketing or solicitation (see former State Bar Rule 1-400 and Cal. Bus. & Prof. § 6159.1) lists they use for a period of no less than four (4) years of the date of use by Defendants, with each list including the date(s) of its use. If Defendants do not create separate lists, but instead choose to utilize a 'live' electronic system or database, then Defendants may satisfy this requirement by preserving a series of backups of the data in that system, sometimes referred to as snapshots, created at least monthly, but operated such as to ensure that each person on a marketing list used by Defendants is captured by at least one instance of backup. It is understood that California DMV regulations mandate a shorter time period for the destruction of certain records containing personal information, including but not limited to California Vehicle Code §1808.22, California Code of Regulations Title 13 CCR §350.48, and the California DMV Commercial Requestor Account Handbook. For those records, the shorter time period provided by law shall apply.

c. Defendants shall not obtain or use marketing data from any source of marketing data without inquiring and obtaining documentation that the data was not sourced from the California DMV. If the source provides a written 'FAQ' or other formal documentation identifying its sources or that the source of data does not include a motor vehicle record as defined in the DPPA, Defendants may rely on that writing in lieu of obtaining a further writing. Defendants shall retain a copy of this explanation during any period in which Defendants use that marketing source, and for a period of no less than four (4) years thereafter.

d. In any proceeding to enforce this injunction, the prevailing party shall recover their reasonable attorney fees.

The Parties note that they have engaged in significant efforts to reach a negotiated

resolution to bring this litigation to a conclusion. Plaintiffs have not conceded that any portion of Defendants' conduct, including any conduct which is included or excluded from the scope of the injunction language above, is permitted by the DPPA or California law. Defendants have not conceded that any portion of their conduct, in fact, violated the DPPA or improperly used information from the DMV.

**SO STIPULATED.**

Dated on this 15th day of August, 2025, by:

MADISON LAW, APC

_____
James S. Sifers,
Attorney for Plaintiffs

Dated on this  15th  day of August, 2025, by:

_____
Kasra Sadr,
Attorneys for Defendants
Car Law Firm, The Sadr Law Firm,
and Nationwide VIN Marketing, and
In pro per

Dated on this  15th  day of August, 2025, by:

BLASBERG & ASSOCIATES

_____
Teresa A. Blasberg,
Attorney for Defendant
Kasra Sadr

1 | **IT IS SO ORDERED.**

3 | Dated _____ by:

_____
Judge of the District Court