UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA AKKAWI, et al., | No. 2:20-cv-01034-DC-AC |
| Plaintiffs, | |
| v. | ORDER ENTERING JUDGMENT PURSUANT TO THE PARTIES' STIPULATION |
| KASRA SADR, et al., | |
| Defendants. | (Doc. Nos. 264, 265, 266, 267, 268, 269, 270, 277, 278, 287) |

On August 15, 2025, Plaintiffs and Defendants Kasra Sadr, Car Law Firm, Sadr Law Firm, and Nationwide VIN Marketing filed a stipulated judgment. (Doc. No. 287.) Pursuant to the parties' stipulated judgment, the court orders as follows:

1. Judgment is hereby entered in favor of each Plaintiff against each Defendant, except as to Defendant Ryan Bancaya[1];

2. The parties are to bear their own fees and costs, except as to Defendant Ryan Bancaya;

---

[1] In the parties' stipulated judgment, Plaintiffs do not clarify their intent with respect to their claims against Defendant Ryan Bancaya, who has not appeared in this action and against whom default was entered on August 21, 2023. (Doc. No. 188.) Plaintiffs will be ordered to file a notice clarifying their intent with respect to their claims against Defendant Ryan Bancaya by no later than September 1, 2025.

1

3. Defendants Kasra Sadr, Car Law Firm, Sadr Law Firm, and Nationwide VIN Marketing are hereby enjoined on the following terms:

    a. Defendants shall not knowingly obtain, use, or disclose Personal Information, as defined in The Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2725(3), or names or residence addresses, as used in California Vehicle Code § 1808.21, from the California Department of Motor Vehicles ("DMV"), or sourced from the records of the California DMV, except if and as permitted under:

        i. The exemptions located at 18 U.S.C. § 2721(b)(1), (b)(4) and California Vehicle Code § 1808.22(d);

        ii. The "safety" exemption, located at 18 U.S.C. § 2721(b)(2).

    b. Defendants shall retain a record of all marketing or solicitation (see former Rule 1-400 of the State Bar of California and California Business and Professions Code § 6159.1) lists they use for a period of no less than four (4) years of the date of use by Defendants, with each list including the date(s) of its use. If Defendants do not create separate lists, but instead choose to utilize a "live" electronic system or database, then Defendants may satisfy this requirement by preserving a series of backups of the data in that system, sometimes referred to as snapshots, created at least monthly, but operated such as to ensure that each person on a marketing list used by Defendants is captured by at least one instance of backup. It is understood that California DMV regulations mandate a shorter time period for the destruction of certain records containing personal information, including but not limited to California Vehicle Code § 1808.22, California Code of Regulations Title 13, § 350.48, and the California DMV Commercial Requestor Account Handbook. For those records, the shorter time period provided by law shall apply.

    c. Defendants shall not obtain or use marketing data from any source of

marketing data without inquiring and obtaining documentation that the data was not sourced from the California DMV. If the source provides a written "FAQ" or other formal documentation identifying its sources or that the source of data does not include a motor vehicle record as defined in the DPPA, Defendants may rely on that writing in lieu of obtaining a further writing. Defendants shall retain a copy of this explanation during any period in which Defendants use that marketing source, and for a period of no less than four (4) years thereafter.

    d.    In any proceeding to enforce this injunction, the prevailing party shall recover their reasonable attorney's fees.

4. In light of this judgment, the jury trial set for August 25, 2025 (Doc. No. 252) is hereby VACATED;

5. The pending motions and requests (Doc. Nos. 264, 265, 266, 267, 268, 269, 270, 277, 278) are DENIED as having been rendered moot by this order; and

6. Plaintiffs shall file a notice clarifying their intent with respect to their claims against Defendant Ryan Bancaya by no later than September 1, 2025.

IT IS SO ORDERED.

Dated: **August 18, 2025**

_____
Dena Coggins
United States District Judge

3