1  James S. Sifers, SBN 259105
2  jsifers@madisonlawapc.com
   Susanna F. Wiseman, SBN 281234
3  swiseman@madisonlawapc.com
4  **MADISON LAW, APC**
   17702 Mitchell North
5  Irvine, California 92614
6  Telephone: (949) 756-9050
   Facsimile: (949) 756-9060
7

8  Attorneys for Plaintiffs Diana Akkawi, Yasmin Akkawi, Katelyn J. Button, Eric
9  Stell, Steve W. Fox, and Edmond Tarverdian

   **UNITED STATES DISTRICT COURT**
10
   **EASTERN DISTRICT OF CALIFORNIA**
11

12  DIANA AKKAWI, an individual; YASMIN     Case No.: 2;20-cv-01034-MCE-AC
    AKKAWI, an individual; KATELYN J.       Assigned to: Judge Dena Coggins and
13  BUTTON, an individual; ERIC STELL,      Magistrate Judge Allison Claire
    an individual; STEVE W. FOX, an
14  individual; EDMOND TARVERDIAN, an       **PLAINTIFFS' NOTICE OF MOTION
15  individual;                             AND MOTION FOR DEFAULT
                                            JUDGMENT AS AGAINST
16                                          DEFENDANT RYAN BANCAYA;
                                            MEMORANDUM OF POINTS AND
17          Plaintiffs,                     AUTHORITIES; DECLARATION OF
    v.                                      JAMES S. SIFERS**
18

19  KASRA SADR, an individual; CAR LAW      Hearing Date:
    FIRM, a business entity form unknown;   Date:    October 8, 2025
20  THE SADR LAW FIRM, a professional       Time:    10:00 a.m.
21  law corporation; NATIONWIDE VIN         Courtroom: 26, 8th Floor
    MARKETING, a business entity form
22  unknown; RYAN BANCAYA, an
    individual; and DOES 1 through 20,      Action Filed:    May 20, 2020
23  inclusive,                              Trial Date:      None Set
24
            Defendants.
25

26

27

28  ///

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

1     TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2     PLEASE TAKE NOTICE that on October 8, 2025, at 10:00 a.m. or as soon

3   thereafter as the matter can be heard in Courtroom 26 on the 8th Floor at the

4   Robert T. Matsui U.S. Courthouse, located at 501 I Street, Sacramento,

5   California 95814 for the U.S. District Court for the Eastern District of California

6   pursuant to Eastern District Local Rule ("Local Rule") 302(c)(19) and *Fed. Rule*

7   *Civ. Proc.* ("FRCP") Rules 55(b), Plaintiffs Diana Akkawi, Yasmin Akkawi,

8   Katelyn J. Button, Eric Stell, Steve W. Fox, and Edmond Tarverdian (collectively

9   "Plaintiffs") will, and hereby do, seek entry of default judgment against Defendant

10  Ryan Bancaya ("Defendant Bancaya").

11    To appear telephonically at the foregoing hearing, please contact Jonathan

12  Anderson, Courtroom Deputy Clerk at (916) 930-4199 at least two days before

13  the hearing date to make arrangements to appear telephonically.  His email is

14  janderson@caed.uscourts.gov.

15    This Motion will be based on this Notice of Motion, the Memorandum of

16  Points and Authorities, the Declaration of James S. Sifers, and any and all such

17  further arguments and evidence as may be presented at the hearing of this

18  Motion, and any other matters that the Court may consider.

19

20  Respectfully submitted on this 27th day of August, 2025 by:

21                                          MADISON LAW, APC

22

23                                          ___/s/James S. Sifers_____

24                                          James S. Sifers,
                                            Attorney for Plaintiffs

25

26

27

28

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . Fax (949) 756-9060

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

# **TABLE OF CONTENTS**

**I.    INTRODUCTION** ................................................................................... 8

**II.   RELEVANT FACTUAL BACKGROUND** ..................................................... 9

**III.  LEGAL STANDARD** ..............................................................................10

**IV.  LEGAL ARGUMENT** .............................................................................11

**A.    DEFAULT WAS PROPERLY ENTERED AND THIS COURT HAS THE POWER TO ENTER A DEFAULT JUDGMENT** ........................................... 11

**B.    THE COURT SHOULD USE ITS DISCRETION TO ENTER THE DEFAULT JUDGMENT AGAINST DEFENDANT BANCAYA UNDER THE EITEL FACTORS** ........................................................................................ 11

**1.   Plaintiffs Will Suffer Significant Prejudice if a Default Judgment is Not Entered** ........................................................................................... 11

**2.   Plaintiffs' Substantive Claims have Merit and FAC is Sufficiently Pled** ..................................................................................................... 12

**a.  Violation of the DPPA** ............................................................. 12

**b.  Violation of the CDPPA** ........................................................... 14

**c.  Conversion** ............................................................................. 14

**d.  Trespass to Personal Property** ............................................. 15

**e.  Intrusion Into Private Affairs** ................................................ 16

**f.  Negligence** ............................................................................. 17

**g.  Civil Conspiracy** .................................................................... 17

**h.  Unjust Enrichment** ................................................................ 18

**i.  Violation of Cal. Bus. & Prof. Code § 17500, et seq.** ...................... 20

**j.  Violation of Cal. Bus. & Prof. Code § 17200, et seq.** ...................... 20

**k.  Federal Right to Privacy** .................................................... 21

**l.  Declaratory Relief**........................................................... 22

**3.  The Sum of Money at Stake in the Action is Proportionate** ............ 22

**4.  Defendant Bancaya has Not Participated or Otherwise Identified Any Dispute of Material Facts** ........................................................ 23

**5.  Defendant Bancaya's Default Appears to Be Deliberate** ................. 23

**6.  The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits** ........................................... 24

**C.    PLAINTIFFS ARE ENTITLED TO INJUNCTIVE RELIEF** ..................... 25

**D.    PLAINTIFFS REQUEST MONETARY RELIEF** ................................... 27

**IV. CONCLUSION** .............................................................................28

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . Fax (949) 756-9060

**Cases**

*Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980)..................................... 10

*Andrews v. Sirius XM Radio, Inc.*, 932 F.3d 1253, 1259 (2019) ....................... 12

*Cargill Inc. v. Progressive Dairy Solutions, Inc.* 2008 U.S. Dist. LEXIS 46972 at *57 (E.D. Cal. Mar. 29, 2008) ......................................................................... 17

*Chanel, Inc. v. Stephens* 2018 U.S. Dist. LEXIS 14923 at * 9 (C.D. Cal. Jan. 30, 2018)................................................................................................................. 28

*Craigslist, Inc. v. Realworks Grp. LLC*, 2009 U.S. Dist. LEXIS 132432 at *15 (N.D. Cal. Oct. 29, 2009)............................................................................... 25

*Cripps v. Life Ins. Co. of North Amer.*, 980 F.2d 1261, 1267 (9th Cir. 1992)...... 23

*Cumis Ins. Soc'y, Inc. v. Ferraro*, 2012 U.S. Dist LEXIS 123958 at *8 (C.D. Cal. 2012).............................................................................................................14, 18

*Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) ................................. 12

*Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986)....................10, 22, 23

*Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005). 22, 24

*Gopar v. Nationstar Mortg.*, LLC 2014 U.S. Dist. LEXIS 54420 at *14 (S.D. Cal. Apr. 17, 2014.) .......................................................................................17, 20

Griswold v. Connecticut (1965) 381 U.S. 479 at 481-486............................26, 27

*Hill v. National Collegiate Athletic Assn.*, 7 Cal. 4th 1, 39-40 (1994)................. 16

*Kloepping v. Fireman's Fund*, 1996 U.S. Dist. LEXIS 1786 at *5 (N.D. Cal. 1996) ................................................................................................................. 12

*Landstar Ranger, Inc. v. Parth Enters.,* 725 F.Supp.2d 916, 922 (C.D. Cal. 2010) ................................................................................................................. 22

*Maracich v. Spears,* 570 U.S. 48, 51-58, 66-67 (2013)..................................... 13

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999).... 10

*PepsiCo, Inc v Cal. Sec. Cans*, 238 F.Supp.2d 1172,1175 (2002) .............12, 22

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

*Philip Morris U.S.A., Inc. v. Castworld Products, Inc.* 219 F.R.D. 494, 501 (C.D. Cal. 2003) ......................................................................................... 23

*Plotnik v. Meihaus,* 208 Cal.App.4th 1590, 1605 (2012) .................................... 15

*Shepherd v. Kohl's Dep't Stores*, 2016 U.S. Dist. LEXIS 101279 at *21 (E.D. Cal. Aug. 2, 2016.)............................................................................................ 21

*Sluchevsky*, 2020 U.S. Dist. LEXIS 181249, at *27 .......................................... 25

*TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)......... 10

*United States v. Wilson*, 2014 U.S. Dist. 63974 at *5 (E.D. Cal. May 7, 2014).. 13, 23

*Vogel v. Rite Aid Corp.* 992 F.Supp.2d 998, 1006 (C.D. Cal. 2014)................... 11

*Walters v. Shaw-Guhnemann Corp.*, 2004 U.S. Dist. LEXIS 11992 at *7 (N.D. Cal. April 15, 2004) ............................................................................... 11

*Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072,1083 (C.D. Cal. 2012)............................................................................................................. 24

*Welco Electronics, Inc. v. Mora,* 223 Cal.App.4th 202, 211 (2014) ................... 14

Whalen v. Roe (1977) U.S. 589, 599 .............................................................26, 27

**Statutes**

18 § U.S.C. § 2724(b)(4) .................................................................................... 22

18 U.S.C. § 2721(b) ......................................................................................13, 26

18 U.S.C. § 2724(b)(1) ..................................................................................22, 27

18 U.S.C. § 2725(3) ............................................................................................. 8

18 USC § 2721 et seq ......................................................................................8, 12

28 U.S.C. § 2201(a) ........................................................................................... 21

*Cal. Bus. & Prof. Code* § 17200 et seq. ........................................................... 20

*Cal. Bus. & Prof. Code* § 17203 ....................................................................... 22

*Cal. Bus. & Prof. Code* § 17500 ....................................................................... 19

*Cal. Veh. Code* § 1808 ................................................................................14, 22

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

*Cal. Veh. Code* §§ 1808 ................................................................................. 8

Cal. Veh. Code §§ 1808(e) ........................................................................... 26

*Cal. Veh. Code* §§ 1808.21 and 1808.22(d) ........................................... 14, 26

Civil Code § 1798.140(v)(1)(A) .................................................................... 16

Civil Code § 1798.140(v)(1)(D) .................................................................... 16

FRCP § 55 ..................................................................................................... 9

**Other Authorities**

2020 Proposition 24 ..................................................................................... 16

Cal. Const. art. I, § 1 .................................................................................... 26

California Privacy Rights Act of 2020 ........................................................... 16

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . Fax (949) 756-9060

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

In this Motion, Plaintiffs seek entry of a default judgment against a properly served defendant who has never appeared or participated in this action.

Defendant Bancaya was added in the operative Amended Complaint, after his role was disclosed by the remaining Defendants (defined as Defendants Kasra Sadr ["Defendant Sadr"], The Sadr Law Firm, Car Law Firm, and Nationwide VIN Marketing) in obtaining and selling the protected consumer information sourced from the DMV.  Plaintiffs thereafter served the Amended Complaint on Defendant Bancaya per the Hague Service Convention.  On August 11, 2023, this Court found "that Bancaya was properly served in accordance with Rule 4(f), the Hague Service Convention, and the Filipino Rules of Civil Procedure." (ECF No. 186.)  Immediately thereafter, and in light of the Court's August 11, 2023, ruling, Plaintiffs sought entry of default against Defendant Bancaya, which was ultimately entered by the Clerk of this Court on August 21, 2023. (ECF No. 188.)

On January 9, 2024, after having previously entered default as against Defendant Bancaya due to his failure to timely respond to the Amended Complaint (ECF No. 188), the Court ordered Plaintiffs to file "[a]ny motion for default judgment shall be filed not later than thirty (30) days following the date this Order is electronically filed." (ECF No. 204, Pg. 2, Lines 1-2.)  Thereafter, on February 8, 2024, Plaintiffs filed a Motion for Default Judgment as Against Defendant Bancaya ("Default Motion").  On September 10, 2024, the Court denied the Default Motion without prejudice, and ordered that "Plaintiffs are allowed to again move for default judgment when all other claims against other defendants have been fully adjudicated." (ECF No. 218.)  Accordingly, Plaintiffs now request that this Court enter a Default Judgment against Defendant Bancaya.

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

## II.    RELEVANT FACTUAL BACKGROUND

This action was filed to stop Defendants from acquiring the Personal Information (defined in 18 U.S.C. § 2725(3), which is part of the Driver's Privacy Protection Act at 18 USC § 2721 et seq. ["DPPA"]) of vehicle owners (including Plaintiffs) from the DMV (directly or indirectly) by submitting false information requests or by purchasing this information from third parties and then using this information to sell and solicit business in violation of these owners' rights under the DPPA and CDPPA (defined as California Driver's Privacy Protection Act at *Cal. Veh. Code* §§ 1808 *et seq.*).  There is no way that Defendants would be able to solicit vehicle owners, like Plaintiffs, without having access to the DMV's Personal Information on registered California vehicle owners. (Sifers Dec. ¶ 11, Exhibit "12.")  Defendant Bancaya was discovered to be an integral part of this scheme.

On or about April 28, 2022, Plaintiffs moved this Court to amend the Complaint to add Defendant Bancaya as a defendant and to clarify the allegations against him. (Sifers Dec. ¶ 5.)  Thereafter, on or about September 21, 2022, this Court granted Plaintiffs' Motion to Amend the Complaint and on or about September 27, 2022, Plaintiffs filed their FAC. (Sifers Dec. ¶ 6.)

On or about October 18, 2022, Plaintiffs' counsel submitted copies of the Summons and FAC, a Request for Service Abroad of Judicial or Extrajudicial Documents (the Hague Model Form), and confirmation of funds being wired to the Service Convention Unit for the Office of the Court Administrator of the Supreme Court of the Philippines ("Service Convention Unit"). (Sifers Dec. ¶ 7, Exhibit "9.")  On or about February 8, 2023, after a great deal of diligent efforts were made to serve Defendant Bancaya, Plaintiffs' counsel's office received a Return of Service document from the Regional Trial Court which noted that Defendant Bancaya had been served by substitute service on February 7, 2023, as authorized by the Hague Convention, the *Federal Rules of Civil Procedure*,

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

and the *Filipino Rules of Civil Procedure*. (Sifers Dec. ¶ 8, Exhibit "10.") Immediately thereafter, Plaintiffs' counsel's office caused the proof of service to be filed with this Court. (Sifers Dec. ¶ 9, Exhibit "11.")

On or about January 10, 2024, this Court issued an order allowing Plaintiffs the opportunity to file a motion for default judgment against Defendant Bancaya. (ECF No. 204.)  Given the Judgment entered against Defendants, the only remaining issue is a default judgment as against Defendant Bancaya.

## III.   **LEGAL STANDARD**

A properly served party who does not timely respond is subject to entry of default upon request of the serving party. See e.g., FRCP § 55.  Entry of default is appropriate, and a party's duty to defend is triggered, upon successful service. See e.g., *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999).

Entry of a default judgment is a matter in the discretion of the trial court. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980).  A number of factors have been identified that guide application of that discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).  These factors include: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.*

In deciding to grant the relief sought by way of this Motion, all factual allegations in the operative complaint are taken as true, except those relating to the amount of damages. See *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

///

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

## IV.    LEGAL ARGUMENT

### A.    DEFAULT WAS PROPERLY ENTERED AND THIS COURT HAS THE POWER TO ENTER A DEFAULT JUDGMENT

Defendant Bancaya's default has already been entered. (ECF No. 188.) This default occurred on August 21, 2023.  On August 11, 2023, this Court found "that Bancaya was properly served in accordance with Rule 4(f), the Hague Service Convention, and the Filipino Rules of Civil Procedure." (ECF No. 186.) There is no need to revisit this issue.

Plaintiffs are seeking to enter default judgment as against Defendant Bancaya on the Amended Complaint. (ECF No. 101.)  Defendant Bancaya is not an infant, and is not known to be an incompetent person, and is not known to be a United States citizen or member of the military services. (Sifers Dec. ¶ 10.)  He appears to be an adult resident of the Philippines, actively engaged in operating his own marketing business (in contradiction to California and federal law), and his association with the United States appears limited to the operation of that illicit business. (*Id*.)

### B.    THE COURT SHOULD USE ITS DISCRETION TO ENTER THE DEFAULT JUDGMENT AGAINST DEFENDANT BANCAYA UNDER THE *EITEL* FACTORS

The *Eitel* factors militate in favor of this Court exercising its discretion to enter default judgment as against Defendant Bancaya, who has failed and refused to appear despite proper service and notice of the claims against him arising out of his business conducted in California.

#### 1.    Plaintiffs Will Suffer Significant Prejudice if a Default Judgment is Not Entered

This lawsuit is Plaintiffs' avenue to seek redress against, among others, Defendant Bancaya for the misdeeds alleged to have been committed by Defendant Bancaya – and the fact of Defendants' misconduct, as alleged in the

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

Amended Complaint, is conclusively taken as true in this motion.  Denial of default judgment would leave Plaintiffs without recourse against this defendant for the misconduct at issue. See e.g., *Vogel v. Rite Aid Corp.* 992 F.Supp.2d 998, 1006 (C.D. Cal. 2014) [absent entry of default party "will most likely be without resource against [defendant], given [defendants' unwillingness to cooperate and defend"].  A party is prejudiced if they are left without a remedy. See e.g., *Walters v. Shaw-Guhnemann Corp.*, 2004 U.S. Dist. LEXIS 11992 at *7 (N.D. Cal. April 15, 2004) ["to deny plaintiff's motion [for default judgment] would leave them without a remedy.  Prejudice is also likely in light of the merits of their claim"].

Entry of default judgment is therefore appropriate in light of the prejudice that would otherwise be suffered by Plaintiffs.

## 2.    Plaintiffs' Substantive Claims have Merit and FAC is Sufficiently Pled

The Ninth Circuit has suggested that the second and third *Eitel* factors require "that a plaintiff 'state a claim on which the [plaintiff] may recover.'" *PepsiCo, Inc v. Cal. Sec. Cans*, 238 F.Supp.2d 1172,1175 (2002) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) ["*Danning*"]).  Courts often consider the second and third *Eitel* factors together because examining the merits of a substantive claim and the sufficiency of a complaint share the same requirement, i.e., stating a claim "on which the [plaintiff] may recover." See *Kloepping v. Fireman's Fund*, 1996 U.S. Dist. LEXIS 1786 at *5 (N.D. Cal. 1996) (citing *Danning*, 572 F.2d at 1388).

Plaintiffs here address liability on each cause of action – the remedies and relief requested are addressed subsequently and separately.

### a.    Violation of the DPPA

To prevail on a claim made under the DPPA, Plaintiffs must demonstrate that (1) Defendant Bancaya obtained their personal information (2) from a motor vehicle record (3) for a nonpermissible use. *Andrews v. Sirius XM Radio, Inc.*,

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

932 F.3d 1253, 1259 (2019).

Defendant Bancaya obtained Plaintiffs' personal information from the DMV. "Defendants' acts and conduct harmed and damaged each of Plaintiffs by illegal acquiring their Personal Information from the DMV (or from **someone who did like Defendant Bancaya** or Does 11-20) and by disclosing this information to the public and using this information for purposes prohibited by and in violation of the DPPA…" (FAC, ¶ 83, 34:4-10, [Emphasis added].)  Plaintiffs' information is simply one of the approximately 30,000 California vehicle owners on the marketing lists Defendant Bancaya routinely prepares and sells, including sales to Defendant Sadr and his entities. (FAC, ¶ 12, 6:21-7:26.)

Defendant Bancaya is believed to have worked in concert with Defendant Sadr to obtain this information by use of third party (cats-paw) services through which Bancaya could access DMV information without disclosing that Bancaya was accessing this information, or the improper use to which Bancaya intended to put this information. (FAC, ¶ 25, 12:3-26; ¶ 26, 13:6-12.)  Plaintiffs did not consent to this access or use of their information by Bancaya. (FAC, 3:23-26; Sifers Dec.¶ 2, Exs "1", "2," "3," "4," "5," and "6.")  Defendants, including Bancaya, engaged in such activities in order to, and did, "obtain Plaintiffs' Personal Information and to solicit them for business" and such conduct "is a violation of the DPPA…." (FAC, ¶ 28, 14:19-26.)  Defendant Bancaya owed a duty of care under the DPPA "that required Defendant Bancaya to keep Plaintiff's Personal Information submitted to the DMV confidential and private and to obtain, use, and/or sell this information unless permitted by these laws." (FAC, ¶ 78, 32:19-23.)  Defendant Bancaya breached this duty of care by selling the information he obtained, either directly or indirectly through his own intermediary, from the DMV. (FAC, ¶ 82, 33:26-34:3.)  Plaintiffs' information was sold to Defendant Sadr and others by Defendant Bancaya to be used for marketing purposes. (FAC ¶¶ 33-41, 16:7-18:23.)  Defendant Bancaya is purportedly a

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 … Fax (949) 756-9060

1  middle-man for Defendants, having sourced the DMV information himself, and
2  then providing it to Defendants. (FAC, ¶ 66, 28:12-20.)

3        Plaintiffs' Amended Complaint alleges – and those allegations are deemed
4  as conclusively true for the purposes of this motion (*United States v. Wilson*,
5  2014 U.S. Dist. 63974 at *5 (E.D. Cal. May 7, 2014) ["*Wilson*"]) – that Defendant
6  Bancaya obtained Plaintiffs' personal information from motor vehicle records and
7  sold that information and used that information for marketing of a lawyer's
8  services directly to that consumer. (FAC, ¶ 50.)  The marketing of legal services
9  by the other Defendants is not a permitted use of Plaintiffs' Personal Information
10  under the DPPA at 18 U.S.C. § 2721(b). *Maracich v. Spears,* 570 U.S. 48, 51-58,
11  66-67 (2013).

12        As such, Plaintiffs have met their burden of stating a claim on which they
13  may recover.

14            **b.    Violation of the CDPPA**

15        Similar to the DPPA, the CDPPA, which has been implemented per the
16  DPPA, prohibits the disclosure of the personal information of California drivers
17  and vehicle owners, of any record kept by the DMV, unless an exception exists to
18  do so. *Cal. Veh. Code* § 1808.  As Plaintiffs allege in the FAC, Defendant
19  Bancaya's dominant purpose in acquiring Plaintiffs' Personal Information was for
20  sale to the remaining Defendants for marketing purposes.  The remaining
21  Defendants, after acquiring this information, would use it to solicit clients with
22  whom they did not have a prior relationship with for legal representations and
23  then to sell this information to direct marketers. (FAC ¶ 58.)  These are not valid
24  exceptions for Defendant Bancaya and the remaining Defendants to access
25  Plaintiffs' Personal Information under *Cal. Veh. Code* §§ 1808.21 and
26  1808.22(d).

27            **c.    Conversion**

28        To state a claim for conversion, a plaintiff must show "(1) the plaintiff's

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . : . Fax (949) 756-9060

ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act of disposition of property rights; and (3) damages." *Cumis Ins. Soc'y, Inc. v. Ferraro*, 2012 U.S. Dist LEXIS 123958 at *8 (C.D. Cal. 2012).

Conversion historically was limited to converted physical items of property – e.g., a car, a bar of gold, and so on. The tort of conversion has evolved and become substantially broader over the years. See e.g., *Welco Electronics, Inc. v. Mora,* 223 Cal.App.4th 202, 211 (2014) (summarizing the expansion of conversion, including to cover intangible interests in personal identifying information, credit card or Paypal information, and otherwise).

Plaintiffs have pled that they are the owners of their Personal Information, which is Plaintiffs' personal property, that they submitted to the DMV. (FAC ¶ 61.) Defendant Bancaya intentionally and unlawfully exercised dominion over Plaintiffs' personal property by obtaining Plaintiffs' Personal Information from the DMV, and by using this information to solicit business from Plaintiffs and to sell to the public as direct marketing lists. (*Id*. at ¶ 62.) As a result of Defendant Bancaya's conduct, Plaintiffs have suffered damages to their property, including but not limited to loss of privacy to Plaintiff's Personal Information and the loss of Plaintiffs' control over this information, which is now in the marketplace and is used by third parties to contact Plaintiffs without their consent. This is sufficient to state a meritorious claim for Conversion.

### d. Trespass to Personal Property

The elements of the cause of action for trespass to personal property are: (1) the existence of the plaintiff's possessory right in personal property, (2) the defendant's unconsented interference with the possessory right, and (3) damages. *Plotnik v. Meihaus,* 208 Cal.App.4th 1590, 1605 (2012). Similar to their cause of action for Conversion, Plaintiffs have pled that they are the owners of their Personal Information, which is Plaintiffs' personal property. (FAC ¶ 66.) Defendant Bancaya intentionally and unlawfully exercised dominion over

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

Plaintiffs' personal property by obtaining Plaintiffs' Personal Information from the DMV. (*Id*. at ¶ 67.)  In turn, Defendant Bancaya sold this information to the remaining Defendants as direct marketing lists, without Plaintiffs' consent. (*Id*. at ¶ 62.)  As a result of Defendant Bancaya's conduct, Plaintiffs have suffered damages to their property, including but not limited to loss of privacy and control over Plaintiffs' Personal Information.  As such, Plaintiffs have sufficiently pled a meritorious claim for Trespass to Personal Property.

### e.    Intrusion Into Private Affairs

To state a claim for Intrusion into Private Affairs, a plaintiff must allege: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; (3) defendant's conduct constitutes a serious privacy invasion; and (4) defendant has no countervailing interest to justify invading a plaintiff's privacy. *Hill v. National Collegiate Athletic Assn*., 7 Cal. 4th 1, 39-40 (1994).

California has taken large steps in, not just recognizing, but enforcing privacy rights.  The CDPPA is merely one such law – with laws of broader application (and broader notoriety), including the California Privacy Rights Act of 2020.  As explained in the text of 2020 Proposition 24 which created the California Privacy Rights Act of 2020, "Fundamental to this right of privacy is the ability of individuals to control the use, including the sale, of their personal information."  Under that code, "Personal Information" to defined to include names and addresses (Civil Code § 1798.140(v)(1)(A)) and purchases of products or services (Civil Code § 1798.140(v)(1)(D).)  Amongst the information at issue here, Plaintiffs names, addresses, the vehicles they purchased, and other similar information was shared.

Plaintiffs therefore assert a privacy right in their personal information under the DPPA, the CDPPA, the California Privacy Rights Act, the California Constitution, and otherwise.  Plaintiffs have expressly alleged that they had a

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . Fax (949) 756-9060

legally protected privacy right and reasonable expectation that their Personal
Information would remain private and not be disclosed to third parties under the
DPPA. (FAC, ¶¶ 72-73.)  Plaintiffs further allege that the Defendants' obtainment
and use of Plaintiffs' Personal Information is a serious invasion of Plaintiffs'
privacy interest, and the invasion is highly offensive since a reasonable person
would anticipate that the personal information they provide to the DMV would not
be easily accessed by the public and third parties without a right to do so under
the DPPA and CDPPA.  Furthermore, Defendant Bancaya does not have a
countervailing interest to justify his acquirement and use of Plaintiffs' Personal
Information.

### f.    Negligence

To state a claim for negligence, a plaintiff must demonstrate that
Defendants (1) had a legal duty to use reasonable care, (2) breach of that duty,
and proximate cause between the breach and (4) the plaintiff's injury. *Gopar v.
Nationstar Mortg*., LLC 2014 U.S. Dist. LEXIS 54420 at *14 (S.D. Cal. Apr. 17,
2014.)  Plaintiffs have sufficiently pled that Defendant Bancaya owed them a duty
of care under the DPPA and CDPPA, and otherwise, that required Defendant
Bancaya to keep Plaintiffs' Personal Information submitted to the DMV
confidential and private and to not obtain, use, and/or sell this information unless
permitted by exceptions under the aforementioned statutes. (FAC ¶ 78.)
Plaintiffs further allege that Defendant Bancaya, by selling Plaintiffs' Personal
Information to Defendant Sadr for use by the other Defendants to market and sell
Plaintiffs' Personal Information, breached his legal duty, which in turn caused
Plaintiff's private Personal Information to be publicly disseminated and Plaintiffs
to be harmed. (Id. at ¶¶ 82-83.)

### g.    Civil Conspiracy

To support a conspiracy claim, a plaintiff must allege: "(1) the formation and
(2) operation of the conspiracy, and (3) 'damage resulting to plaintiff from an act

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

1  or acts done in furtherance of the common design.'" *Cargill Inc. v. Progressive*
2  *Dairy Solutions, Inc*. 2008 U.S. Dist. LEXIS 46972 at *57 (E.D. Cal. Mar. 29,
3  2008).  Here, Plaintiffs have alleged that Defendants, including Defendant
4  Bancaya "entered into an agreement (i.e. a conspiracy) on or before four years
5  before this [FAC] is filed to undertake a business model in which they have
6  profited from Defendants' knowing and planned illegal acquisition and use of
7  confidential information from the DMV (i.e. Plaintiffs' Personal Information at the
8  DMV)." (FAC ¶ 86.)  As a part of this conspiracy, Plaintiffs alleged that Defendant
9  Sadr or Defendant Bancaya used a vehicle registration service to access the
10  DMV database to obtain this same information about vehicle owners.  After the
11  information was acquired, Defendant Sadr would prepare marketing and
12  solicitation letters and send them to Plaintiffs in order to solicit them as clients of
13  his law firm. (*Id*. at ¶¶ 87-90.)  Plaintiffs further allege that as a result of the
14  formation and operation of the business model created by Defendants, including
15  Defendant Bancaya, Plaintiffs were damaged by Defendants invading, intruding,
16  and otherwise violating their privacy and confidentiality in their Personal
17  Information submitted to the DMV.  Accordingly, Plaintiffs have sufficiently pled
18  their claim for Civil Conspiracy.
19      Plaintiffs note that a conspiracy is commonly considered not to be a cause
20  of action, but rather a basis of liability.  Thus, a conspirator may be liable for a
21  tort or other cause of action despite not personally committing the misconduct
22  underlying that cause of action, but instead being liable based on conduct
23  committed by a co-conspirator.  Nonetheless, a tendency 'on the ground' of
24  attorneys to demur or otherwise attack pleadings have led many practitioners to
25  include a conspiracy claim as a full cause of action, in order to avoid any
26  ambiguity as to the existence of such theory and basis of liability.
27      **h.  Unjust Enrichment**
28      To state a claim for unjust enrichment, a plaintiff must show: "'receipt of a

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . Fax (949) 756-9060

benefit and unjust retention of the benefit at the expense of another.'" *Cumis*, 2012 U.S. Dist LEXIS 123958 at *7.  Here, Defendant Bancaya unjustly profited from his unauthorized and unwarranted possession of Plaintiffs' Personal Information, which he disclosed and sold to the other Defendants in exchange for monetary compensation. (FAC ¶ 95.)  Defendant Bancaya's monetary compensation is estimated to be approximately $281,400.00. (Sifers Dec. ¶ 3, Exhibit "7.")  Defendant Bancaya had no legal right to obtain Plaintiffs' personal information.  Defendant Bancaya had no legal right to *sell* Plaintiffs' personal information.  Defendant Bancaya has simply ignored and violated the law to seize a benefit for himself which is forbidden to all law-abiding persons and businesses, to the detriment of Plaintiffs and the other 30,000+ Californian consumers who have had their personal information improperly accessed, shared, and their peace and privacy violated by marketeers and others who would misuse the identities, locations, and personal information of Californians.

Defendant Bancaya has, at a minimum, profited from his unauthorized use of Plaintiffs' Personal Information in the amount of the sales' price of his marketing lists.  Defendant Sadr alone paid more than $3,100 to $3,600 every month, over the course of seven years, to Bancaya for these lists of personal information obtained from the DMV. (FAC, ¶ 12.)  Taking an average of $3,350 per month for 84 months comes to $281,400 received by Defendant Bancaya for the sale of the information he obtained in contradiction to state and federal law. (Sifers Dec. ¶ 3, Exhibit "7.")  Plaintiff is unable to provide a more precise accounting since Defendant Sadr has testified to a routine practice of deleting and destroying documents, including communications with Defendant Bancaya and represented that such destruction of relevant evidence would continue throughout the pendency of this litigation. (Sifers Dec. ¶ 4, Ex. "8.")  This is sufficient to state a meritorious claim for unjust enrichment.

1
      **i.    Violation of *Cal. Bus. & Prof. Code* § 17500, et seq.**

2
*Cal. Bus. & Prof. Code* § 17500 prohibits the public use of untrue or

3 misleading statements, which are likely to be mislead the public.  To establish a

4 false advertising cause of action under section 17500, a plaintiff must

5 demonstrate the advertisement was likely to deceive or mislead consumers.

6 *Brockey v. Moore* (2003) 107 Cal.App.4th 86, 98-99.

7
      Here, Plaintiffs have alleged that Defendants, by way of the false

8 statements and information provided by Defendant Bancaya in his marketing

9 lists, have made false statements to Plaintiffs and other vehicle owners regarding

10 the condition of each of their vehicles. (FAC ¶ 99.)  Defendants, with no

11 reasonable basis to make such statements, have sent letters to Plaintiffs and

12 other consumers such as: "(1) the vehicle has frame, unibody, structural, or

13 major damage that was not disclosed to Plaintiffs by the seller of their vehicle; (2)

14 the vehicle may be unsafe to drive and/or operate because of this damage; (3)

15 the vehicle may be worth less than its purchase price paid; (4) there would be no

16 cost to any of Plaintiffs as prospective clients to sue the seller of their vehicle to

17 them even though they would be at risk for paying the seller's legal fees and

18 costs as the prevailing party in any unsuccessful lawsuit under a contract to buy

19 the vehicle at issue and/or statute; and (5) Plaintiffs as prospective clients would

20 be entitled to damages or a refund from their vehicle seller." (FAC ¶ 99.)

21
      Sending marketing letters full of false statements in order to entice

22 consumers into paying for Defendants' services is a quintessential violation of

23 Section 17500, which prohibits false advertising.  Defendant Bancaya either

24 directly engaged in this conduct with the remaining Defendants or has liability as

25 a co-conspirator.

26
      **j.    Violation of *Cal. Bus. & Prof. Code* § 17200, et seq.**

27
      To state a claim for unfair competition under *Cal. Bus. & Prof. Code* §

28 17200 et seq., Plaintiff must prove that Defendant Bancaya engaged in unfair

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 .. Fax (949) 756-9060

competition.  Unfair competition is defined to include "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising."  Specifically, Plaintiffs must sufficiently allege that (1) they have lost money or property sufficient to constitute and injury in fact under Article III of the Constitution and (2) there is a causal connection between the Defendant Bancaya's alleged violation and the plaintiff's injury in fact. *Gopar*, 2014 U.S. Dist. 54420 at *17.  Here, Plaintiffs allege that as a result of Defendant Bancaya's violation of the DPPA and CDPPA, as extensively discussed above, Plaintiffs have lost control and dominion over their Personal Information.  Plaintiffs have been harmed by Defendants' wrongful disclosure of their information which resulted in loss of privacy in their Personal Information.  As such, Plaintiffs have a meritorious claim against Defendant Bancaya.

### k.    Federal Right to Privacy

To state a claim for a violation of the right to privacy, a "plaintiff has the burden to prove three elements: '(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy.'" *Shepherd v. Kohl's Dep't Stores*, 2016 U.S. Dist. LEXIS 101279 at *21 (E.D. Cal. Aug. 2, 2016.)  Here, Plaintiffs have alleged that they had a legally protected privacy right and reasonable expectation that their Personal Information would remain private and not be disclosed to third parties under multiple statutes, including the DPPA and CDPPA. (FAC ¶¶ 110-111.)  Plaintiffs further allege that the Defendants' obtaining and use of Plaintiffs' Personal Information is a serious invasion of Plaintiffs' privacy interest and the invasion is highly offensive since a reasonable person would anticipate that the personal information they provide to the DMV would not be easily accessed by the public and third parties without a right to do so under the DPPA and CDPPA. (FAC ¶ 113.)

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . Fax (949) 756-9060

**I.    Declaratory Relief**

A party seeking declaratory relief must allege (1) an actual controversy (2) regarding a matter within federal subject matter jurisdiction. 28 U.S.C. § 2201(a). Here, Plaintiffs' FAC asserts a genuine controversy regarding a matter within the Court's subject matter jurisdiction.  There is a real legal dispute as to whether Defendant Bancaya intentionally and knowingly and negligently engaged in conduct through a civil conspiracy to acquire Plaintiffs' Personal Information from the DMV and use that information in commerce in violation of Plaintiffs' right to privacy under the DPPA and CDPPA. (FAC ¶ 117.)  More significantly, Defendant Bancaya continued to obtain and sell his marketing lists during the pendency of this action (including to Defendant Sadr) and appears to continue to sell these lists.  Thus, it is appropriate to obtain a declaration that Defendant Bancaya's prior and continued obtaining of private information from the DMV is wrongful, as well as that Defendant Bancaya's prior and continued provision of private information from the DMV to third parties is wrongful.  Such declaration has value in demonstrating to the DMV (and others) that further protected information is not appropriately shared with Bancaya, and value in demonstrating directly to Defendant Bancaya that he may not continue his misconduct.

**3.    The Sum of Money at Stake in the Action is Proportionate**

In considering this factor, the Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 Supp.2d at 1176.  When the amount at stake is substantial or unreasonable in light of the allegations in the complaint, default judgment is disfavored.

Plaintiffs, despite being entitled to disgorgement and other compensatory damages, are not asking for a large sum, as in *Eitel*.  Plaintiffs seek injunctive relief and statutory damages as part of this motion for default judgment. Specifically, Plaintiffs, as discussed in detail below, seek an award of $15,000.00 in statutory damages – an amount proportional to the alleged violations of the

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . Fax (949) 756-9060

DPPA. See 18 U.S.C. § 2724(b)(1).  Further, injunctive relief is an appropriate remedy in a case involving alleged violations of the DPPA, CDPPA, and UCL. See 18 § U.S.C. § 2724(b)(4); *Cal. Veh. Code* § 1808, et seq.; *Cal. Bus. & Prof. Code* § 17203.  In this case, there can be no argument that the amount of money at stake is not tailored to the specific conduct of Defendant Bancaya or is unreasonably large or punitive. Accordingly, this factor weighs heavily in favor of entry of default judgment.

### 4.    Defendant Bancaya has Not Participated or Otherwise Identified Any Dispute of Material Facts

There is no evidence of genuine issues of material fact because the Court accepts the factual allegations in the Complaint as true. *Landstar Ranger, Inc. v. Parth Enters.,* 725 F.Supp.2d 916, 922 (C.D. Cal. 2010); see also *Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("*Elektra Ent.*") [concluding that "because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment [sic], there is no likelihood that any genuine issue of material fact exists"].

Here, Defendant Bancaya failed to file or serve an answer or other responsive pleading and has not otherwise appeared to contest this action. Bancaya has not otherwise communicated any rejection, denial, or countervailing claims or evidence. *Wilson*, 2014 U.S. Dist. 63974 at *5 (noting that by failing to respond, a "defendant is deemed to have admitted all well-pleaded allegations of the complaint" (citing *Cripps v. Life Ins. Co. of North Amer.*, 980 F.2d 1261, 1267 (9th Cir. 1992).)).  Accordingly, there seems to be no dispute by Bancaya as to the material facts of the case at hand, and this factor weighs in favor of the Court granting default judgment.

### 5.    Defendant Bancaya's Default Appears to Be Deliberate

It does not appear that Defendant Bancaya's failure to respond to the FAC is the result of excusable neglect. See *Philip Morris U.S.A., Inc. v. Castworld*

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

*Products, Inc.* 219 F.R.D. 494, 501 (C.D. Cal. 2003) (finding that the possibility of excusable neglect was remote, where Defendant received notice of the complaint and motion for default judgment, but failed to respond to either, and "[i]n light of the multiple notices delivered to Defendant regarding the pending lawsuit, the extended period of time that has elapsed, and Defendant's resistance to Plaintiff's attempts to resolve this matter through settlement the possibility of excusable neglect is remote."); c.f. *Eitel*, [defaulted party had communicated settlement offers and filed an answer and counterclaim shortly after the settlement agreement dissolved; delaying the filing of the response while a settlement appeared to exist did not suggest that the defendant did not intend to participate in the litigation].

Here, unlike *Eitel*, the parties never had any communications because Defendant Bancaya failed to file a responsive pleading or even reach out to Plaintiffs' counsel after being served with the FAC. It is evident that Defendant Bancaya has made a conscious decision not to participate in this litigation as evidenced by the fact that Defendant Bancaya has still not yet appeared in the action, even after having been served with the FAC, Plaintiffs' Requests for Production of Documents, Plaintiff's Notice of Deposition of Defendant Bancaya, and correspondence regarding Defendant Bancaya's deposition and entry of default issued by the Clerk of this Court. As such, there is little possibility of excusable neglect and this factor weighs in favor of granting default judgment in this matter.

### 6. The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

While there is a strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits, when a defendant fails to appear or participate in the proceedings, it is not possible to hold a contested hearing and obtain an decision on the merits. See *Wecosign, Inc. v. IFG Holdings, Inc.*, 845

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 … Fax (949) 756-9060

1   F. Supp. 2d 1072,1083 (C.D. Cal. 2012) (holding that "notwithstanding the strong

2   policy presumption in favor of a decision on the merits, where a defendant fails to

3   appear and respond as occurred here, a decision on the merits is impossible and

4   default judgment is appropriate); see also *Elektra Ent*., 226 F.R.D. at 393

5   (holding that, despite the rules' strong policy favoring decisions on the merits,

6   where a defendant fails to answer the complaint, a decision on the merits is"

7   impractical, if not impossible.")  Defendant Bancaya has made a trial on the

8   merits impossible as Defendant Bancaya has not appeared and is not

9   participating in this action, including failing to provide any of the requested

10  discovery.  Defendant Bancaya is not entitled to benefit from his election to make

11  a merits hearing impossible.

12  ## C.    PLAINTIFFS ARE ENTITLED TO INJUNCTIVE RELIEF

13  Plaintiffs expressly requested injunctive relief – and the proposed scope

14  and language of that relief – in the Amended Complaint. (FAC, prayer, 44:16-

15  45:16.)

16  "[I]t is appropriate to grant an injunction on an application for default

17  judgment" consistent with the demands of the Complaint. *Craigslist, Inc. v.

18  Realworks Grp. LLC*, 2009 U.S. Dist. LEXIS 132432 at *15 (N.D. Cal. Oct. 29,

19  2009). Permanent injunctive relief is appropriate where (1) the plaintiff risks

20  suffering irreparable harm; (2) monetary remedies are inadequate to compensate

21  for plaintiff's injury; (3) the balance of hardships favors the plaintiff; and (4) the

22  public interest would not be disserved by an injunction. See *Sluchevsky*, 2020

23  U.S. Dist. LEXIS 181249, at *27. These factors strongly favor granting Plaintiffs'

24  request for injunctive relief.

25  Plaintiffs have suffered loss of privacy and control over their Personal

26  Information, which is now in the marketplace and is used by third parties to

27  contact them without their consent.  Defendant Bancaya is operating a business

28  that continues to obtain and provide such information. (Sifers Dec. ¶¶ 3-4.)

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

There is an adage about crying over spilled milk.  But, by continuing to prepare these marketing lists and continuing to sell these lists, Defendant Bancaya has – by analogy – not just spilled milk, but is holding the jug and continues to pour. More persons will obtain Plaintiffs' information (and the information of tens of thousands of California residents) so long as Bancaya is permitted to continuing selling this information.  Likewise, as Plaintiffs obtain new vehicles, move, or otherwise update their lives and information that might otherwise mitigate the harms of disclosure, Bancaya's efforts in *updating* the information on those marketing lists ensures that the harm to Plaintiffs (and Californians) will necessarily recur and be repeated by Defendant Bancaya.

Due to the nature of the disclosure of Personal Information, there is no monetary compensation that would remedy this loss.  Should Defendant Bancaya's conduct continue, which is prohibited by the DPPA and CDPPA, vehicle owners, such as Plaintiffs, will continue having their rights violated and their privacy impaired and invaded.

As such, Plaintiffs respectfully request the Court enter a permanent injunction as against Bancaya.  Plaintiffs respectfully request that the terms of that injunction include those terms as stated verbatim in the prayer of the Amended Complaint.  For convenience, Plaintiffs include that language below:

1. Enter a permanent injunction preventing and restraining Defendant Bancaya (and any of his authorized agents and/or anyone acting on his behalf and/or anyone acting in concert with the Defendants) from (a) obtaining Personal Information (as defined in 18 U.S.C. § 2725(3)) from the California Department of Motor Vehicles ("DMV") records about Plaintiffs (and any other persons that provide their Personal Information to the DMV) and (b) disclosing and selling this information to the public unless Defendant Bancaya has obtained the express written consent of Plaintiffs (and any other persons that provide their Personal Information to the DMV)

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

and/or Defendant Bancaya has certified under penalty of perjury to the DMV that the information sought is for a permissible purpose recognized by 18 U.S.C. § 2721(b) and Cal. Veh. Code §§ 1808(e), 1808.21(a), 1808.22, and 1808.23 and expressly identifying and stating this permissible purpose before Defendant Bancaya (and any of his authorized agents and/or anyone acting on his behalf and/or anyone acting in concert with Defendant Bancaya) submit a request for this Personal Information to the DMV.

2. Enter a permanent injunction preventing and restraining Defendant Bancaya (and any of his authorized agents and/or anyone acting on his behalf and/or anyone acting in concert with Defendant Bancaya) from disclosing and using (i.e. such as marketing) and selling the Personal Information of Plaintiffs (and any other such persons that provide their Personal Information to the DMV), and requiring Defendant Bancaya to destroy all Personal Information about Plaintiffs (and any other such persons that provide their Personal Information to the DMV) that Defendant Bancaya has in his possession, custody, or control.

3. Require Defendant Bancaya to identify under penalty of perjury all manners how the Personal Information of Plaintiffs (and any other such persons that provide their Personal Information to the DMV) that was disclosed by the DMV to Defendant Bancaya (and any of his authorized agents and/or anyone acting on his behalf and/or anyone acting in concert with Defendant Bancaya) has been used or disclosed or sold and confirming that all such Personal Information be destroyed.

## D.    PLAINTIFFS REQUEST MONETARY RELIEF

Plaintiffs further request an award of monetary damages.

Plaintiffs pled the existence and requested an award of statutory damages under the DPPA. (18 U.S.C. § 2724(b)(1); FAC 45:23-46:11.) Under the DPPA, the Court may award actual damages, but not less than liquidated damages in

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

the amount of $2,500. See 18 U.S.C. § 2724(b)(1).  Here, these damages are not less than $2,500 for each violation and were specifically alleged to be no less than $37,500 with respect to the actions of all Defendants.  Defendant Bancaya necessarily violated the DPPA once in obtaining the information of each of the Plaintiffs and once for selling and disseminating that information to the remaining Defendants.

In fact, Defendant Sadr testified at his deposition, on February 10, 2022, that Defendants' business practice is to pay $3,400 per month to Defendant Bancaya to provide Defendant Sadr with lists of names, addresses, and vehicles. (Sifers Dec. ¶ 2; Ex. 1, at 35:20-25; 36:19-25; 38:4-17; and 99: 10-15.) Accordingly, Defendant Bancaya has violated the DPPA a total of at least six times, resulting in $15,000.00 in statutory damages. Since the Court has discretion in determining the amount of statutory damages to be awarded, the amount of money sought does not weigh against the entry of default judgment. *Chanel, Inc. v. Stephens* 2018 U.S. Dist. LEXIS 14923 at * 9 (C.D. Cal. Jan. 30, 2018).

## IV.    **CONCLUSION**

Based on the foregoing, it is respectfully requested that the Court enter default judgment against Defendant Bancaya as requested herein.


Respectfully submitted on this 27th day of August, 2025 by:

MADISON LAW, APC


   /s/James S. Sifers
James S. Sifers,
Attorney for Plaintiffs

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

## DECLARATION OF JAMES S. SIFERS

I, James S. Sifers, declare as follows:

1.      I am an attorney duly licensed to practice law in the State of California and before this Court.  I, along with the firm Madison Law, APC, represent Plaintiffs in this lawsuit.  I am also a custodian of records for the file of this action, including the exhibits referenced herein.  I have personal knowledge as to the matters declared herein and can competently testify thereto, if called upon to do so, except as to matters stated on information and belief which I believe to be true.

2.      On or about June 22, 2020, I caused Plaintiffs' ex parte Application for a Temporary Restraining Order and Motion for Preliminary Injunction ("TRO") to be filed with this Court.  In support of the TRO, each of the Plaintiffs submitted a declaration stating that as a result of Defendants' actions in obtaining their Personal Information from the DMV, they have suffered an irreparable injury to their fundamental freedoms, privacy rights, and property rights in their Personal Information.  Attached hereto as Exhibit "1" is a true and correct copy of the Declaration of Diana Akkawi (ECF No. 12-2).  Attached hereto as Exhibit "2" is a true and correct copy of the Declaration of Yasmin Akkawi (ECF No. "12-3").  Attached hereto as Exhibit "3" is a true and correct copy of the Declaration of Katelyn J. Button (ECF No. "12-4").  Attached hereto as Exhibit "4" is a true and correct copy of the Declaration of Eric Stell (ECF No. "12-5").  Attached hereto as Exhibit "5" is a true and correct copy of the Declaration of Steve W. Fox (ECF No. "12-6").  Attached hereto as Exhibit "6" is a true and correct copy of the Declaration of Edmond Tarverdian (ECF No. "12-7").

3.      On or about February 10, 2022, I took Defendant Sadr's first deposition in this case.  During that deposition, Defendant Sadr testified that he routinely

purchases marketing lists from Defendant Bancaya.  Defendant Sadr testified that he has paid Defendant Bancaya $40,000 every year for about seven years or so, dating back to 2015.  In return, every quarter, Defendant Bancaya will produce a marketing list for Defendant Sadr.  Attached hereto as Exhibit "7" is a true and correct copy of the relevant portions of Defendant Sadr's deposition transcript.

4.    On or about November 18, 2022, I took the second session of Defendant Sadr's deposition.  During that deposition, Defendant Sadr testified that he had spoken with Defendant Bancaya a few weeks before his November deposition.  Defendant Sadr also testified that he received a mailing list from Defendant a few months prior to that date and has made roughly eight payments to Defendant Bancaya since his February of 2022 deposition.  Defendant Sadr also informed me that he was deleting marketing lists since his initial deposition in February of 2022.  Attached hereto as Exhibit "8" is a true and correct copy of the relevant portions of Defendant Sadr's November 18, 2022, deposition transcript.

5.    On or about April 28, 2022, I caused my office to file Plaintiffs' Motion for Leave to File a First Amended Complaint, which was set to be heard on June 9, 2022.

6.    On or about September 21, 2022, this Court granted Plaintiffs' Motion to Amend the Complaint, and on or about September 27, 2022, I caused my office to file Plaintiffs' FAC.

7.    On or about October 18, 2022, I caused my office to submit the Summons and FAC, Request for Service Abroad of Judicial or Extrajudicial Documents, and confirmation of the funds being wired to the Service Convention Unit.  Attached hereto as Exhibit "9" is a true and correct copy of the October 18, 2022, e-mail and attachments, sent by my office to the Service Convention Unit.

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 .:. Fax (949) 756-9060

8.    On or about February 8, 2023, I received an e-mail from the Regional Trial Court along with a Return of Service, informing me that service had been effectuated on Defendant Bancaya on February 7, 2023.  Attached hereto as Exhibit "10" is a true and correct copy of the e-mail I received from the Regional Trial Court indicating that service had been effectuated.

9.    On or about February 8, 2023, I caused my office to file the Return of Service with this Court.  Attached hereto as Exhibit "11" is a true and correct copy of the Return of Service that I received from the Regional Trial Court.

10.   I am informed, believe, and based thereon allege that Defendant Bancaya is not an infant, and is not known to be an incompetent person, and is not known to be a United States citizen or member of the military services.  He appears to be an adult resident of the Philippines, actively engaged in operating his own marketing business, and his association with the United States appears limited to the operation of that business.

11.   On or about March 23, 2023, I caused Plaintiffs' Opposition to Defendants' Motion for Summary Judgment to be filed.  In support of that filing, a Declaration was issued by Larry S. Londre, an expert on cases involving marketing, advertising, business, competition, deceptive practices, trademark, Lanham and Robinson-Patman Act violations.  Based on his expertise, Mr. Lanham stated that it is his belief that it is unlikely that there are any other sources for the Defendants to have obtained the Personal Information utilized in their marketing other than ultimately from the DMV. Attached hereto as Exhibit "12" is a true and correct copy of the Declaration of Larry S. Londre (ECF No. "149-2").

///

///

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

1      I declare under the penalty of perjury under the laws of the United States of

2  America that the foregoing is true and correct.

3

4  Executed on this 27th day of August, 2025, at Irvine, California.

5

6                      ___/s/James S. Sifers____
                       James S. Sifers

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28