UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA AKKAWI, an individual; YASMIN AKKAWI, an individual; KATELYN J. BUTTON, an individual; ERIC STELL, an individual; STEVE W. FOX, an individual; EDMOND TARVERDIAN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>KASRA SADR, an individual; CAR LAW FIRM, a business entity; THE SADR LAWFIRM, a Professional Law Corporation; NATIONWIDE VIN MARKETING, a business entity form unknown; CALIFORNIA DEPARTMENTS OF MOTOR VEHICLES, an Agency of the State of California; and DOES 1 through 20, inclusive,<br><br>Defendants. | No.  2:20-cv-1034 DC AC<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

On August 18, 2025, one week before trial was scheduled to begin in this case, the district judge approved the parties' stipulation and granted judgment in favor of plaintiffs and against all defendants except as to the single non-appearing defendant, Ryan Bancaya.  ECF No. 288. Plaintiffs were ordered to file a notice clarifying their intent with respect to their remaining claims against Bancaya.  <u>Id.</u> at 3.  The Clerk of Court had previously entered default against Bancaya on

1

August 21, 2023. ECF No. 291. The case is now before the court on plaintiffs' motion for default judgment against Bancaya. ECF No. 291.

The defendants who are subject to the stipulated judgment oppose a grant of default judgment against Bancaya. ECF No. 294. Plaintiffs replied to their opposition. ECF No. 296. The motion is before the undersigned pursuant to E.D. Cal. R. 302(c)(19). For the reasons set forth below, the undersigned recommends plaintiffs' motion be DENIED, that the case against Bancaya be dismissed, and that this case be closed.

I. Background

Plaintiffs initially filed this case on May 20, 2020. ECF No. 1. After significant litigation and discovery, plaintiffs moved to amend their complaint to add Ryan Bancaya as a defendant. ECF No. 97. The motion was granted, and an amended complaint was filed on September 27, 2022, naming Ryan Bancaya as a defendant. ECF No. 101. In the First Amended Complaint, plaintiffs allege that defendants, including Bancaya, are engaged in a conspiracy to acquire plaintiffs' personal and private records from the Department of Motor Vehicles without plaintiffs' consent for the purpose of sending plaintiffs letters to solicit representation for litigation against the sellers of the vehicles that plaintiffs purchased. ECF No. 101 at 2. Plaintiffs alleged that the transfer of plaintiffs' personal information for use as direct marketing data violated the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §2721 et seq., and the California Vehicle Code § 1808 et seq. (which requires compliance with the DPPA to disclose DMV information), along with multiple other claims based on the same set of facts. ECF No 101 at 2.

Plaintiffs allege that Bancaya, a resident of the Republic of the Philippines, provided the other defendants "with a list of about 30,000 California vehicle owners every three months to use to send marketing letters to solicit California vehicle owners with potential damage to their vehicles that was not disclosed in a sale." Id. at 6. The remaining defendants then allegedly used these lists to prepare letters to solicit business from plaintiffs and other vehicle owners in California. Id. at 3. Plaintiffs first moved for default judgment against Bancaya on February 8, 2024. ECF No. 205. The undersigned recommended that the motion be denied without prejudice because the allegations against Bancaya were too intertwined with the allegations against the

remaining defendants to permit partial default judgment. ECF No. 214. That recommendation was adopted. ECF No. 218.

On August 18, 2025, plaintiffs and all defendants other than Bancaya stipulated to a judgment in which the parties bore their own fees and costs, and defendants were enjoined from obtaining, using, or disclosing personal information sourced from records of the California DMV with certain exceptions enumerated in the vehicle code. ECF No. 287 at 3. In relevant part, the stipulation states that the "Defendants have not conceded that any portion of their conduct, in fact, violated the DPPA or improperly used information from the DMV." Id. at 4.

## II.    Analysis

Default judgment is not appropriate in this case because judgment against Bancaya would undermine the substance of the stipulation upon which judgment has been entered as to the other defendants in this case. "[A] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court will consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

"The leading case on the subject of default judgments in actions involving multiple defendants is Frow v. De La Vega, 82 U.S. 552 (1872)." In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001). Pursuant to Frow, "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting

3

defendant until the matter has been adjudicated with regard to all defendants." Id. at 532.  "It follows that if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants." Id.  The Ninth Circuit observed it would be "incongruous and unfair" to allow a party to prevail against defaulting defendants on a theory that was rejected by the court as to answering defendants.  Id.

The Frow doctrine has been expanded beyond its original context of jointly liable co-defendants to also apply to co-defendants who "are 'similarly situated,' such that the case against each rest on the same legal theory." Garamendi v. Henin, 683 F.3d 1069, 1082 (9th Cir. 2012) (internal citations omitted), see also Moore v. Booth, 122 F.4th 61, 67 (2nd Cir. 2024) ("We, along with the majority of federal appellate courts, have held that the Frow principle is not limited to cases of joint liability but more generally prohibits a default judgment that is inconsistent with a judgment on the merits.") (internal citation and quotation omitted).

In this case, it is clear from the facts alleged by plaintiffs that Bancaya's actions and potential liability are inextricably intertwined with the Sadr defendants' liability; they are alleged to have collaboratively engaged in an illegal scheme.  The Sadr defendants raise the concern in their opposition to plaintiffs' motion that plaintiffs "have already shown a desire to twist an implication of liability upon the Sadr Defendants, despite a clear statement in the Stipulated Judgment (ECF #287) that the Sadr Defendants admit no liability," and that a default judgment against Bancaya on the merits of the claims would support that implication.  ECF No. 294 at 7. Although this case is somewhat more complicated than the typical Frow situation because the stipulated judgment was entered *against* the remaining defendants and not in favor of them, the logic of Frow nonetheless applies because a default judgment against Bancaya would plainly imply violations of the law by the remaining defendants.[1]  Such an implication is materially inconsistent with the judgment on record which was entered based on an acknowledgment that

---

[1] The judgment adopting the stipulation does not include the paragraph in which defendants disclaim liability, and there is appending motion to correct/amend the order for clarity.  ECF No. 293.  The undersigned concludes that the order issuing judgment (ECF No. 287) adopted the stipulation (ECF No. 288), and accordingly the disclaimer of liability is encompassed by the stipulated judgment.

the remaining defendants have not conceded that any portion of their conduct violated the DDPPA or improperly used information from the DMV. ECF No. 287 at 4. Accordingly, the court recommends the motion for default judgment be denied and the case against the final remaining defendant, Ryan Bancaya, be dismissed.

### III. Conclusion

For the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's motion for default judgment (ECF No. 291) be DENIED, that remaining defendant Bancaya be dismissed, and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 23, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5