UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIANA AKKAWI, et al.,

Plaintiffs,

v.

KASRA SADR, et al.,

Defendant.

No. 2:20-cv-01034-DC-AC

ORDER GRANTING DEFENDANTS' MOTION TO CORRECT/AMEND THE JUDGMENT AND AMENDED JUDGMENT

(Doc. No. 293)

This matter is before the court on the motion to correct/amend the judgment filed by Defendants Kasra Sadr, Car Law Firm, Sadr Law Firm, and Nationwide VIN Marketing on September 15, 2025. (Doc. No. 293.) Specifically, the parties filed a stipulated judgment on August 15, 2025, for which the court entered an order on August 18, 2025, albeit with one paragraph of the stipulated judgment omitted. (*Compare* Doc. No. 287 *with* Doc. No. 288.) Defendants request the court correct/amend the judgment to include the omitted paragraph. (Doc. No. 293.) Plaintiffs filed an opposition to Defendants' motion on October 6, 2025, and Defendants filed a reply thereto on October 13, 2025. (Doc. Nos. 298, 299.)

The parties' stipulation began with an introductory paragraph that identified the parties to the stipulation and clarified that the defaulting party, Defendant Ryan Bancaya, is not a party to the stipulated judgment. (*Id.* at 2.) Following that introductory paragraph, the parties stated that they "stipulate that judgment should be entered as follows," and they list three paragraphs

1

numbered 1 through 3. (*Id.* at 2–3.) The paragraph numbered 3 included subparagraphs listed alphabetically "a" through "d." (*Id.* at 3.) After that subparagraph "d," there is a standalone paragraph that does not have a numeric or alphabetical designation, which states:

> The Parties note that they have engaged in significant efforts to reach a negotiated resolution to bring this litigation to a conclusion. Plaintiffs have not conceded that any portion of Defendants' conduct, including any conduct which is included or excluded from the scope of the injunction language above, is permitted by the DPPA or California law. Defendants have not conceded that any portion of their conduct, in fact, violated the DPPA or improperly used information from the DMV.

(*Id.* at 3–4.)

In issuing an order on the parties' stipulated judgment, the court omitted that standalone paragraph from its order. (Doc. No. 288.) That omission was not intentional; the court did not intend to alter the full stipulated judgment as agreed to by the parties. The court will therefore grant Defendants' motion to correct/amend the judgment in order to include the omitted paragraph in the judgment and will enter an amended judgment as to the stipulating parties.

Accordingly,

1. Defendants' motion to correct/amend the judgment entered on August 18, 2025 (Doc. No. 293) is GRANTED;

2. The court hereby enters the following AMENDED JUDGMENT pursuant to the parties' stipulated judgment filed on August 15, 2025 (Doc. No. 287), amending the court's prior order dated August 18, 2025 (Doc. No. 288), as follows:

/////

/////

/////

/////

/////

/////

/////

/////

2

a.    Judgment is hereby entered in favor of each Plaintiff against each Defendant, except as to Defendant Ryan Bancaya[1];

b.    The parties are to bear their own fees and costs, except as to Defendant Ryan Bancaya;

c.    Defendants Kasra Sadr, Car Law Firm, Sadr Law Firm, and Nationwide VIN Marketing are hereby enjoined on the following terms:

i.    Defendants shall not knowingly obtain, use, or disclose Personal Information, as defined in The Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2725(3), or names or residence addresses, as used in California Vehicle Code § 1808.21, from the California Department of Motor Vehicles ("DMV"), or sourced from the records of the California DMV, except if and as permitted under

1.    The exemptions located at 18 U.S.C. § 2721(b)(1), (b)(4) and California Vehicle Code § 1808.22(d);

2.    The "safety" exemption, located at 18 U.S.C. § 2721(b)(2).

ii.    Defendants shall retain a record of all marketing or solicitation (see former Rule 1-400 of the State Bar of California and California Business and Professions Code § 6159.1) lists they use for a period of no less than four (4) years of the date of use by Defendants, with

---

[1] Plaintiffs' motion for default judgment as to Defendant Bancaya (Doc. No. 291) and the findings and recommendations issued by the magistrate judge as to that motion (Doc. No. 300) remain pending before the undersigned and will be resolved by separate order. The court notes that those findings and recommendations are not impacted by this amended judgment because the magistrate judge concluded:

> The judgment adopting the stipulation does not include the paragraph in which defendants disclaim liability, and there is a pending motion to correct/amend the order for clarity. ECF No. 293. The undersigned concludes that the order issuing judgment (ECF No. 287) adopted the stipulation (ECF No. 288), and accordingly the disclaimer of liability is encompassed by the stipulated judgment.

(Doc. No. 300 at 4, n.1.)

each list including the date(s) of its use. If Defendants do not create separate lists, but instead choose to utilize a "live" electronic system or database, then Defendants may satisfy this requirement by preserving a series of backups of the data in that system, sometimes referred to as snapshots, created at least monthly, but operated such as to ensure that each person on a marketing list used by Defendants is captured by at least one instance of backup. It is understood that California DMV regulations mandate a shorter time period for the destruction of certain records containing personal information, including but not limited to California Vehicle Code § 1808.22, California Code of Regulations Title 13, § 350.48, and the California DMV Commercial Requestor Account Handbook. For those records, the shorter time period provided by law shall apply.

iii. Defendants shall not obtain or use marketing data from any source of marketing data without inquiring and obtaining documentation that the data was not sourced from the California DMV. If the source provides a written "FAQ" or other formal documentation identifying its sources or that the source of data does not include a motor vehicle record as defined in the DPPA, Defendants may rely on that writing in lieu of obtaining a further writing. Defendants shall retain a copy of this explanation during any period in which Defendants use that marketing source, and for a period of no less than four (4) years thereafter.

iv. In any proceeding to enforce this injunction, the prevailing party shall recover their reasonable attorney's fees.

d. The Parties note that they have engaged in significant efforts to reach a negotiated resolution to bring this litigation to a conclusion. Plaintiffs have not conceded that any portion of Defendants' conduct, including any

4

conduct which is included or excluded from the scope of the injunction language above, is permitted by the DPPA or California law. Defendants have not conceded that any portion of their conduct, in fact, violated the DPPA or improperly used information from the DMV.

IT IS SO ORDERED.

Dated:   **June 29, 2026**

_____
Dena Coggins
United States District Judge

5