UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIANA AKKAWI, an individual; YASMINAKKAWI, an individual; KATELYN J. BUTTON, an individual; ERIC STELL, an individual; STEVEW FOX, an individual; EDMOND TARVERDIAN, an individual,

Plaintiffs,

v.

KASRA SADR, an individual; CAR LAWFIRM, a business entity; THE SADR LAWFIRM, a Professional Law Corporation; NATIONWIDE VINMARKETING, a business entity form unknown; CALIFORNIA DEPARTMENTS OF MOTOR VEHICLES, an Agency of the State of California; and DOES 1through 20, inclusive,

Defendants.

No.  2:20-cv-01034-DC-AC

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT BANCAYA

(ECF Nos. 291, 300)

On October 24, 2025, the magistrate judge filed findings and recommendations herein, which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within twenty one days.  ECF No. 300. Plaintiffs have filed objections to the findings and recommendations.  ECF No. 301.  Defendants did not file objections, nor a response to Plaintiffs' objections.

1

In their objections, Plaintiffs contend that magistrate judge misapplied the Supreme Court's decision in *Frow v. De La Vega*, 82 U.S. 552, 554 (1872), which Plaintiffs assert has no application in this case. (Doc. No. 301 at 2–3.) However, as the magistrate judge explained in the findings and recommendations, the Ninth Circuit recognizes *Frow* as "[t]he leading case on the subject of default judgments in actions involving multiple defendants." (Doc. No. 300 at 3) (citing *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001)). Moreover, the Ninth Circuit has recognized expansion of the *Frow* doctrine "beyond its original context of jointly liable codefendants to also apply to co-defendants who 'are "similarly situated," such that the case against each rest on the same legal theory.'" (Doc. No. 300 at 4) (quoting *Garamendi v. Henin*, 683 F.3d 1069, 1082 (9th Cir. 2012) (internal citations omitted)). The undersigned agrees with the magistrate judge's analysis that "[a]lthough this case is somewhat more complicated than the typical Frow situation because the stipulated judgment was entered *against* the remaining defendants and not in favor of them, the logic of *Frow* nonetheless applies because a default judgment against Bancaya would plainly imply violations of the law by the remaining defendants." (Doc. No. 300 at 4.) Further, the undersigned agrees with the magistrate judge, particularly in light of the Amended Judgment entered by the court, that "[s]uch an implication is materially inconsistent with the judgment on record which was entered based on an acknowledgment that the remaining defendants have not conceded that any portion of their conduct violated the DDPPA or improperly used information from the DMV." (*Id.* at 4–5.) Thus, the court finds Plaintiffs' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo  review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations filed October 24, 2025 (ECF No. 300) are ADOPTED; and

2. Plaintiff's motion for default judgment (ECF No. 291) be DENIED;

3. Defendant Bancaya is dismissed from this action; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **June 29, 2026**

_____
Dena Coggins
United States District Judge